ORIGINAL

FILED

AUG 2 6 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

RUSSELL MARTIN E-67269
A1-135
MULE CREEK STATE PRISON
P.O. BOX 409099
IONE, CALIFORNIA 95640

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

CV 08 4067 VRW

RUSSELL MARTIN
PLAINTIFF,

VS.

M.S. EVANS, WARDEN et al.,
DEFENDANTS.

CASE NO:
COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES;
DEMAND FOR JURY TRIAL

PREVIOUS LAWSUITS.

HAVE YOU BROUGHT ANY OTHER LAWSUITS WHILE A PRISONER? YES
IF YOUR ANSWER TO A IS YES HOW MANY? TWO
PLAINTIFF RUSSELL MARTIN. DEFENDANT STUART J. RYAN.
SUPERIOR COURT OF CALIFORNIA, COUNTY OF IMPERIAL.
DOCKET NO: BCL 07400. ASSIGNED JUDGE JEFFREY B. JONES
FILING DATE 1/24/06. DISPOSITION DATE. STILL PENDING.

PLAINTIFF RUSSELL MARTIN. DEFENDANTS. UZZLE, AND SHIEFELBIEN
U.S. DISTRICT COURT, FOR THE EASTERN DISTRICT OF CALIFORNIA
DOCKET NO: 1:06-CV-00972 OWW-GSA "PC".
ASSIGNED JUDGE. GARY S. AUSTIN.
FILING DATE 3/27/07   DISPOSITION DATE STILL PENDING



1.

RUSSELL MARTIN E-67269
A-1-135
MULE CREEK STATE PRISON
P.O. BOX 409099
IONE CALIFORNIA 95640

ORIGINAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| RUSSELL MARTIN,<br>    PLAINTIFF,<br><br>VS.<br><br>M.S. EVANS, WARDEN et al.,<br>    DEFENDANTS. | CASE NO.<br><br>COMPLAINT FOR INJUNCTIVE RELIEF<br>AND DAMAGES;<br>DEMAND FOR JURY TRIAL |

## JURISDICTION

1. This COURT has JURISDICTION OVER This COMPLAINT BECAUSE IT ARISES UNDER THE LAWS OF THE UNITED STATES. THEREFORE JURISDICTION IS PROPER UNDER 28 U.S.C §§ 1331 AND 1343.

## VENUE

2. VENUE IS APPROPRIATE IN This COURT BECAUSE ALL The DEFENDANTS RESIDE IN This DISTRICT, AND A SUBSTANTIAL AMOUNT OF The ACTS AND OMISSIONS GIVING RISE TO This LAWSUIT OCCURRED IN This DISTRICT.

## INTRADISTRICT ASSIGNMENT

3. This LAWSUIT SHOULD BE ASSIGNED TO THE SAN FRANCISCO DIVISION OF This COURT BECAUSE A SUBSTANTIAL PART OF THE EVENTS OR OMISSIONS which GIVE RISE TO This LAWSUIT OCCURRED IN MONTEREY COUNTY.

## INTRODUCTION

4. This IS A CLAIM FOR DAMAGES AND INJUNCTIVE RELIEF BROUGHT UNDER 42 U.S.C. § 1983 AGAINST PRISON OFFICIALS FOR VIOLATIONS OF PLAINTIFF EIGHTH AMENDMENT RIGHTS TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT AS

PROTECTED BY THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
SPECIFICALLY AT ISSUE ARE PLAINTIFF'S RIGHTS TO BE FREE FROM THE USE OF
EXCESSIVE FORCE AND TO HAVE PERSONAL SAFETY. PLAINTIFF ALSO COMPLAINS
HEREIN ABOUT UNLAWFUL RETALIATION CONSTITUTING CRUEL AND UNUSUAL
PUNISHMENT. PLAINTIFF PRAYS FOR DAMAGES AND INJUNCTIVE RELIEF, HE HAS
EXHAUSTED THE ADMINISTRATIVE REMEDIES FOR INJUNCTIVE RELIEF AND HAS
NOT UTILIZED THE ADMINISTRATIVE PROCESS FOR DAMAGES, BASED UPON FUTILITY.

## PARTIES

5. PLAINTIFF RUSSELL MARTIN IS A 43 YEAR OLD MALE, AFRICAN AMERICAN
   RESIDENT OF THE STATE OF CALIFORNIA, CURRENTLY INCARCERATED BY THE
   DEPARTMENT OF CORRECTIONS ("CDC") AT SALINAS VALLEY STATE PRIS
   ("SVSP") IN MONTEREY, CALIFORNIA. AT ALL TIMES MENTIONED IN THIS
   COMPLAINT, PLAINTIFF WAS A PRISONER WITHIN THE CDC SYSTEM.

6. PLAINTIFF IS INFORMED AND BELIEVES, AND THEREON ALLEGES, THAT AT
   TIMES MENTIONED IN THIS COMPLAINT DEFENDANT WARDEN M.S. EVAN
   ("M. EVANS") WAS THE WARDEN OF SVSP, AND WAS RESPONSIBLE FOR THE
   SUPERVISION OF SUBORDINATE PERSONNEL, AS WELL AS FOR THE SAFETY
   AND PROTECTION OF ALL INMATES AT THAT INSTITUTION INCLUDING PLAINTIFF.

7. PLAINTIFF IS INFORMED AND BELIEVES, AND THEREON ALLEGES, THAT AT ALL
   TIMES MENTIONED IN THIS COMPLAINT DEFENDANT CHIEF DEPUTY WARDEN
   ("CDW") L. TREXLER, WAS THE CDW OF SVSP, AND WAS RESPONSIBLE FOR
   THE SUPERVISION OF SUBORDINATE PERSONNEL AS WELL AS FOR THE SAFETY.
   AND PROTECTION OF ALL INMATES AT THAT INSTITUTION INCLUDING PLAINTIFF.

8. PLAINTIFF IS INFORMED AND BELIEVES, AND THEREON ALLEGES, THAT AT ALL TIMES
   MENTIONED IN THIS COMPLAINT DEFENDANT CORRECTIONAL OFFICER
   LIEUTENANT ("LT") C.J. WARFIELD ("C. WARFIELD") WAS THE SENIOR
   HEARING OFFICER ("SHO") AND WAS RESPONSIBLE FOR THE ADJUDICATION OF MY
   CDC RULE VIOLATION REPORT ("RVR") AT SVSP. L. WARFIELD IS A PROPERLY
   TRAINED LT WHO IS AND HAS BEEN RESPONSIBLE FOR THE SAFETY, SECURITY,

AND PROTECTION OF ALL INMATES AT THAT INSTITUTION INCLUDING PLAINTIFF.

9. PLAINTIFF IS INFORMED AND BELIEVES, AND THEREON ALLEGES, THAT AT ALL TIMES MENTIONED IN THIS COMPLAINT DEFENDANT CORRECTIONAL OFFICER LIEUTENANT ("LT") R.A. BOCCELLA ("R. BOCCELLA") WAS THE SUPERVISING LT FOR FACILITY D-2 HOUSING UNIT AT SVSP. LT R. BOCCELLA IS A PROPERLY TRAINED LT WHO WAS POSITIONED AS FACILITY D-2 HOUSING UNIT LT WHO IS AND HAS BEEN RESPONSIBLE FOR THE SAFETY, SECURITY, AND PROTECTION OF ALL INMATES AT THAT INSTITUTION INCLUDING PLAINTIFF.

10. PLAINTIFF IS INFORMED AND BELIEVES, AND THEREON ALLEGES, THAT AT ALL TIMES MENTIONED IN THIS COMPLAINT DEFENDANT CORRECTIONAL OFFICER SERGEANT ("SGT") D. WILLIAMS WAS THE SUPERVISING SGT FOR FACILITY D-2 HOUSING UNIT AT SVSP. SGT D. WILLIAMS IS A PROPERLY TRAINED SGT WHO WAS POSITIONED AS FIRST WATCH SUPERVISING SGT ON 6/28/2007 WHO IS AND HAS BEEN RESPONSIBLE FOR THE SAFETY, SECURITY, AND PROTECTION OF ALL INMATES AT THAT INSTITUTION INCLUDING PLAINTIFF.

11. PLAINTIFF IS INFORMED AND BELIEVES, AND THEREON ALLEGES, THAT AT ALL TIMES MENTIONED IN THIS COMPLAINT DEFENDANT CORRECTIONAL OFFICER ("C/O") D. BEATTY WAS THE C/O FOR FACILITY D-2 HOUSING UNIT AT SVSP. C/O D. BEATTY IS A PROPERLY TRAINED C/O WHO WAS POSITIONED AS A FIRST WATCH SECURITY CHECK OFFICER ON 6/28/2007 WHO IS AND HAS BEEN RESPONSIBLE FOR THE SAFETY, SECURITY, AND PROTECTION OF ALL INMATES AT THAT INSTITUTION INCLUDING PLAINTIFF.

12. PLAINTIFF IS INFORMED AND BELIEVES, AND THEREON ALLEGES, THAT AT ALL TIMES MENTIONED IN THIS COMPLAINT DEFENDANT CORRECTIONAL OFFICER ("C/O") D. CRAWFORD WAS THE C/O FOR FACILITY D-2 HOUSING UNIT AT SVSP. C/O D. CRAWFORD IS A PROPERLY TRAINED C/O WHO WAS POSITIONED AS A FIRST WATCH CONTROL BOOTH OFFICER ON 6/28/2007 WHO IS AND HAS BEEN RESPONSIBLE FOR THE SAFETY, SECURITY, AND PROTECTION OF ALL INMATES AT THAT INSTITUTION INCLUDING PLAINTIFF.

13. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned in this complaint defendant HEALTH CARE MANAGER ("HCM") CHARLES D. LEE M.D. ("D. LEE") was the HCM at SVSP. D. LEE is a properly trained and licensed medical doctor who was responsible for the medical care of all inmates at SVSP. This included but not limited to the supervision, direction, and/or proper training of the medical staff at SVSP in the delivery of health care services and the management of health care programs; involvement in the determination of proper medical care for all inmates at that institution including plaintiff.

14. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned in this complaint defendants DOES 1 through 6 is employed at SVSP. DOES 1 through 6 is responsible in some manner for the injuries alleged in this complaint. The true names and capacities of said DOES 1 through 6 are presently unknown to plaintiff who therefore sues said DOES 1 through 6 by such fictitious names and will seek leave to amend this complaint to add their true names and capacities when the same have been ascertained.

## GENERAL ALLEGATIONS

15. On June 28/2007 at approximately 10:30 PM during count time plaintiff had his cell door windows covered up blocking access into the cell trying to get the Lieutenant or First Watch Commander over to my cell because I was being denied access to the courts and my legal materials. Defendant D. BEATTY knocked on my cell door. I didn't respond he proceeded to finish count. About three minutes later C/O D. BEATTY returned to my cell door and opened the food/cuff port in the door in direct violation of departmental policys and operational manual procedures 29 section 29.5.8.1. he had something in his hand and tried to

THROW it into my cell through the food/port. I blocked it with my hands but couldn't tell what the item was. I asked him what was he doing? At that point I had my hands on the food/port. C/O D. Beatty removes his O.C. pepper spray off his belt. I told him if he spray me its assault he takes two or three steps backwards and then kicked the food/port smashing my fingers and busting open my finger on my right hand which started to bleed immediately all over plaintiff and the cell floor. he then spray me with a whole can of O.C. pepper spray and slammed the food/port closed and left. About a minute or two later C/O D. Beatty returns to the cell opens the food/port again drops a piece of torn sheet on the cell floor and starts yelling stop trying to kill yourself and tells defendant C/O D. Crawford control booth officer to push his alarm when responding staff arrived C/O D. Beatty stated plaintiff tried to hang himself pointing at the ceiling light but theres nothing hanging from the ceiling light to support D. Beatty false allegations. Plaintiff repeatedly asked defendant Sgt D. Williams to investigate the incident because my two issued state sheets was not torn. That plaintiff was deliberately, maliciously and sadistically assaulted by C/O D. Beatty who used unnecessary excessive force violating C.C.R. Title 15. Section 3268.(a)(2). I was ordered to place my hands behind my back and cuff up plaintiff complied. I was then transported to the institutions infirmary by ambulatory and treated for my injuries and placed on suicide watch for approximately eight hours I was examined by psychiatrist on June 29/2007 it was determined plaintiff was not suicidal see exhibit "A" psychiatrist report. Plaintiff received x-rays per doctor orders after he seen the damage to plaintiff hands before plaintiff was returned back to his housing unit. Officers moved

PLAINTIFF FROM D-2 B-SECTION TO D-2 C-SECTION TO AVOID PLAINTIFF FROM GETTING STATEMENTS FROM WITNESSES. C/O D. BEATTY SUPERVISOR SGT D. WILLIAMS DID NOT CONDUCT AN ON CAMERA INTERVIEW WITH PLAINTIFF PER CDC ADMINISTRATIVE BULLETIN ("AB") 05-03 SEE EXHIBIT "B" AB 05-03 DESPITE PLAINTIFF INFORMING DEFENDANT D.WILLIAMS THAT PLAINTIFF WAS DELIBERATELY ASSAULTED.

16. ON 6/27/07 ONE DAY PRIOR TO THIS INCIDENT PLAINTIFF FILED A COMPLAINT AGAINST D-2 SECOND WATCH SGT L.LOCKE NOT A PARTY TO THIS COMPLAINT BUT TO SHOW PLAINTIFF WAS BEING DELIBERATELY DEPRIVED ASCESS TO HIS LEGAL MATERIALS AND THE COURTS. AND SHOW THE CONDUCT OF D-2 OFFICERS SEE EXHIBIT "C".

17. ON 7/3/2007 PLAINTIFF WAS INTERVIEWED BY PSYCH TECH PAULI NOT A PARTY TO THIS COMPLAINT. DURING THE INTERVIEW SHE WAS TAKING NOTES. PLAINTIFF INFORMED HER HE WAS ASSAULTED BY D. BEATTY AND WAS HAVING PROBLEMS TRYING TO SPEAK WITH SECOND WATCH D-2 FACILITY DEFENDANT LT R.BOCCELLA TO GET MY INJURIES DOCUMENTED ON CAMERA. HOWEVER, PAULI REMEMBERS THE INTERVIEW BUT THE RECORDS WAS LOST WHEN PLAINTIFF TRIED TO RETRIEVE THEM PLAINTIFF FILED SEVERAL COMPLAINTS DIRECTLY TO PAULI SUPERVISOR TO NO AVAIL. THE INMATE APPEALS COORDINATOR REFUSED TO PROCESS PLAINTIFF'S GRIEVANCE REGARDING THIS MATTER SEE EXHIBIT "D"

18. ON 7/9/2007 PLAINTIFF WAS INTERVIEWED BY PSYCHIATRIST DR. TORREZ NOT A PARTY TO THIS COMPLAINT. DURING THIS INTERVIEW PLAINTIFF INFORMED DR.TORREZ THAT HE WAS ASSAULTED BY C/O D. BEATTY AND THAT D-2 OFFICERS WAS THROWING AWAY PLAINTIFF 602 COMPLAINT AND REQUEST FOR INTERVIEW FORMS I SPEAK WITH D-2 HOUSING UNIT SECOND WATCH LT R.BOCCELLA. PLAINTIFF WAS INFORMED BY DR.TORREZ TO RE-WRITE MY GRIEVANCE FOR EXCESSIVE FORCE

AGAINST C/O D. BEATTY AND GIVE THE COMPLAINT TO HER AND SHE WILL TURN IT IN ON PLAINTIFF BEHALF. OR GIVE IT TO HER SUPERVISOR TO TURN IN FOR ME. PLAINTIFF ALSO REQUESTED SHE NOTIFY LT R. BOCCELLA I PLAINTIFF WAS INJURED AND WAS TRYING TO GET AN ON CAMERA INTERVIEW OF MY INJURIES DOCUMENTED WHILE MY HANDS WAS STILL BLACK AND BLUE. SEE EXHIBIT "E" DR. TORREZ NOTES TAKEN ON 7/9/2007.

19. ON 7/10/2007 PLAINTIFF HANDED DR. TORREZ HIS GRIEVANCE AGAINST C/O D. BEATTY FOR UNNECESSARY EXCESSIVE FORCE. SEE EXHIBIT "F"

20. ON 7/10/2007 PLAINTIFF RECEIVED A ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE CDC 114-D AUTHORIZED BY DEFENDANT LT R. BOCCELLA APPROXIMATELY EIGHT HOURS AFTER PLAINTIFF TURNED IN HIS GRIEVANCE AGAINST C/O D. BEATTY. IT SHOULD BE NOTED 114-D LOCK UP ORDERS IS ISSUED WITHIN 72 HOURS OF THE DISCOVERY OF A INCIDENT. PLAINTIFF DIDN'T RECEIVE HIS 114-D LOCK UP ORDER UNTIL 12 DAYS AFTER HE WAS ASSAULTED. SEE ATTACHED 114-D EXHIBIT ("G") ACCUSING PLAINTIFF OF "ATTEMPT BATTERY ON A PEACE OFFICER WITH USE OF FORCE O.C. PEPPER SPRAY. IN RETALIATION FOR FILING A GRIEVANCE.

21. ON 7/16/2007 PLAINTIFF RECEIVED A CDC RULE VIOLATION REPORT ("RVR") FOR "ATTEMPTED BATTERY ON A PEACE OFFICER W/USE OF O.C." BY D. BEATTY 19 DAYS AFTER PLAINTIFF FILED HIS GRIEVANCE IN AN TO COVER UP THE STAFF MISCONDUCT COMPLAINT FILED BY PLAINTIFF. IT SHOULD BE NOTED PLAINTIFF WAS ILLEGALLY FOUND GUILTY OF THE RVR BUT COULD NOT BE ASSESSED ANY DAYS FORFEITURE OF CREDITS DUE TO LOSS OF TIME CONSTRAINTS BECAUSE THE RVR WAS ISSUED 15 DAYS AFTER DISCOVERY OF THE INCIDENT. PLAINTIFF PLACED ALL DEFENDANTS ON ACTUAL NOTICE THE CHARGES AGAINST HIM WAS FALSE AND THEY WILL BE COMMITTING A FELONY IF THEY CONSPIRE WITH C/O D. BEATTY AND COVER UP HIS MISCONDUCT WHICH ALL DEFENDANTS DID DESPITE BEING PLACED ON NOTICE. SEE EXHIBIT "H" RVR, AND CRIME/INCIDENT REPORT CDCR 837-A

22. ON 8/21/2007 PLAINTIFF FILED A COMPLAINT DIRECTLY TO THE WARDEN M. EVANS COMPLAINING PLAINTIFF WAS NOT RECEIVING ADEQUATE MEDICAL TREATMENT SEE ATTACHED LETTER AND WARDENS CORRESPONDENCE DATED 9/7/2007 BY DEFENDANT D. LEE ADMITTING PLAINTIFF HANDS WAS STILL SWOLLEN "TWO" MONTHS AFTER THE INCIDENT HAPPENED SEE EXHIBIT "I"

23. ON 10/8/2007 PLAINTIFF FILED A COMPLAINT TO MR. VINCENT SCHUMACKER OF THE OFFICE OF INTERNAL AFFAIRS. COMPLAINING DEFENDANT C. WARFIELD VIOLATED PLAINTIFF DUE PROCESS RIGHTS BY NOT ALLOWING PLAINTIFF TO QUESTION STAFF WITNESSES. SEE EXHIBIT "J"

24. ON 11/28/2007 PLAINTIFF RVR WAS ORDERED REISSUED REHEARD BY DEFENDANT L. TREXLER CLAIMING PLAINTIFF MENTAL HEALTH ASSESSMENT WAS INCOMPLETE BY CLINICIAN. SEE EXHIBIT "K" INITIAL MENTAL HEALTH CLINICIAN DATED 7/24/2007 AND SECOND REPORT DATED 12/17/2007.

25. ON 9/6/2007 PLAINTIFF WAS ABLE TO RETRIEVE DECLARATIONS FROM TWO OF HIS INMATE WITNESSES AND NAME OF A THIRD WITNESS INMATE "MARIO MONTEMAYOR E-52282 HOUSED IN D-2-214 AT THE TIME OF THE INCIDENT. SEE EXHIBIT "L" DECLARATIONS.

26. ON 12/27/07 PLAINTIFF RVR WAS REISSUED AND HEARD ON 2/12/2008 PLAINTIFF WAS ONCE AGAIN DENIED THE RIGHT TO QUESTION STAFF WITNESSES. HOWEVER, PLAINTIFF WAS ALLOWED TO QUESTION DEFENDANT D. BEATTY. PLAINTIFF WAS DENIED THE RIGHT TO HAVE THE EVIDENCE PRESENT AT THE RVR HEARING. IT SHOULD BE NOTED PLAINTIFF DID NOT RECEIVE THE PHOTOCOPY OF THE NOOSE GATHERED AS EVIDENCE AND PLACED IN LOCKER #9. UNTIL 1/8/2008 UPON EXAMINING THE PHOTOCOPY AND MEASUREMENTS OF THE TORN SHEET ON THE RULER IN THE PHOTOCOPY IT WAS CLEAR TO PLAINTIFF THE TORN SHEET "MIGHT NOT FIT OVER PLAINTIFF HEAD TO PROVE IT WAS PLANTED BY D. BEATTY" SEE EXHIBIT "M" THE THE RVR LOG NO: SO7-11-0022 AND PHOTOCOPY OF THE NOOSE.

## FIRST CLAIM FOR RELIEF

### VIOLATION OF PLAINTIFF'S FIRST AMENDMENT RIGHTS TO BE FREE FROM RETALIATION WITH A CHILLING EFFECT, AND DOES NOT ADVANCE LEGITIMATE PENOLOGICAL GOALS

27. PLAINTIFF HEREBY INCORPORATES BY REFERENCE ALL OF THE PARAGRAPHS OF THE GENERAL ALLEGATIONS AND MAKES THEM A PART OF THIS FIRST CAUSE OF ACTION AS THOUGH FULLY SET FORTH HEREAT.

28. DEFENDANTS, AND EACH OF THEM DEPRIVED PLAINTIFF OF HIS FIRST AMENDMENT RIGHTS TO BE FREE FROM RETALIATION FOR EXERCISING HIS RIGHTS TO FILE GRIEVANCES. DEFENDANTS, KNEW OR SHOULD HAVE KNOWN THEIR CONDUCT WOULD CAUSE A CHILLING EFFECT ON PLAINTIFF. THEIR ACTIONS DOES NOT ADVANCE LEGITIMATE PENOLOGICAL GOALS, SUCH AS PRESERVING INSTITUTIONAL ORDER AND DISCIPLINE.

29. DEFENDANTS, AND EACH OF THEIR ACTIONS, AS HEREIN ALLEGED, WERE DONE MALICIOUSLY, SADISTICALLY, AND INTENTIONALLY, AND DONE FOR THE SOLE PURPOSE TO RETALIATE AGAINST PLAINTIFF FOR FILING GRIEVANCES. DEFENDANTS, AND EACH OF THEIR CONDUCT IN ASSAULTING PLAINTIFF, FALSIFYING REPORTS IN THE COURSE OF THEIR DUTY, CAUSING PLAINTIFF TO BE HELD IN ADMINISTRATIVE SEGREGATION (AD-SEG). CONSTITUTES CONDUCT WHICH WAS HARMFUL WITH A CHILLING EFFECT, AND DOES NOT ADVANCE LEGITIMATE PENOLOGICAL GOALS SUCH AS PERSERVING INSTITUTIONAL ORDER AND DISCIPLINE.

30. AS A PROXIMATE RESULT OF DEFENDANTS, AND EACH OF THEIR, CONSPIRACY AND THE FACTS HEREIN ALLEGED, PLAINTIFF HAS GENUINE ISSUES AND MATERIAL FACTS DO EXIST AS TO WHETHER STATE PRISON OFFICIALS ABUSED THEIR AUTHORITY AND PRISON PROCEDURES AS A COVER OR A RUSE TO SILENCE AND PUNISH PLAINTIFF BECAUSE HE FILED GRIEVANCES PRECLUDING SUMMARY JUDGMENT FOR THE PRISON OFFICIALS ON PLAINTIFF'S FIRST AMENDMEND RETALIATION CLAIM AGAINST THE DEFENDANTS UNDER 42 U.S.C. § 1983.

31. SPECIFICALLY, DEFENDANTS, KNOWINGLY, MALICIOUSLY, AND SADISTICALLY INFLICTED PHYSICAL, EMOTIONAL, AND MENTAL ABUSE UPON PLAINTIFF IN VIOLATION OF HIS FIRST AMENDMENT RIGHT FOR FILING GRIEVANCES. DEFENDANTS, AND EACH OF THEIR CONDUCT WAS CARRIED OUT WITH A WANTON AND RECKLESS DISREGARDS FOR PLAINTIFF'S FEDERALLY PROTECTED RIGHTS.

32. IN DOING THE ACTS AS HEREIN ABOVE ALLEGED, DEFENDANTS, AND EACH OF THEM KNEW OR SHOULD HAVE KNOWN THEIR ACTIONS WOULD AND DID OFFEND CONTEMPORARY STANDARDS OF DECENCY.

## SECOND CLAIM FOR RELIEF
### VIOLATION OF PLAINTIFF'S EIGHTH AMENDMENT RIGHT TO BE FREE FROM THE USE OF EXCESSIVE FORCE.

33. PLAINTIFF HEREBY INCORPORATES BY REFERENCE ALL OF THE PARAGRAPHS OF THE GENERAL ALLEGATIONS AND PARAGRAPHS 27 THROUGH 32 OF THE FIRST CAUSE OF ACTION OF THIS COMPLAINT AND MAKES THEM A PART OF THIS SECOND CAUSE OF ACTION AS THOUGH FULLY SET FORTH HEREAT.

34. DEFENDANT, D. BEATTY, VIOLATED PLAINTIFF'S EIGHTH AMENDMENT RIGHT TO BE PROTECTED FROM CRUEL AND UNUSUAL PUNISHMENT IN THE FORM OF EXCESSIVE FORCE. BY HIS UNNECESSARY AND WANTON INFLICTION OF PAIN. INCLUDING PHYSICAL INJURY, AND PERMANENT DAMAGE TO PLAINTIFF HANDS, AND PERMANENT PSYCHOLOGICAL, AND EMOTIONAL DISTRESS AS HEREIN ALLEGED.

35. PLAINTIFF IS INFORMED AND BELIEVES AND BASED THEREON ALLEGES THAT ON JUNE 28/2007 DEFENDANT D. BEATTY MALICIOUSLY AND SADISTICALLY ASSAULTED PLAINTIFF AGAINST HIS WILL WITHOUT HIS CONSENT BY KICKING THE FOOD/PORT DOOR SMASHING PLAINTIFF'S HANDS AND CAUSING THEM TO BLEED, AND SPRAYING PLAINTIFF WITH A CHEMICAL AGENT (PEPPER SPRAY) AND CAUSING PERMANENT DAMAGE TO PLAINTIFF'S HANDS.

36. IN DOING THE ACTS AS HEREIN ABOVE ALLEGED DEFENDANT D. BEATTY INTENDED TO CAUSE OR PLACE PLAINTIFF IN APPREHENSION OF HARMFUL AND OFFENSIVE CONTACT WITH PLAINTIFF PERSON. FURTHER DEFENDANT, AT ALL TIMES ACTED WITH THE INTENT TO MAKE CONTACT WITH PLAINTIFF PERSON.

DEFENDANT D. BEATTY KNEW OR SHOULD HAVE KNOWN HIS ACTIONS WOULD AND DID OFFEND CONTEMPORARY STANDARDS OF DECENCY.

37. DEFENDANT, D. BEATTY SUBJUCTED PLAINTIFF TO THIS PHYSICAL, EMOTIONAL, AND MENTAL ABUSE UNDER CIRCUMSTANCES WHICH DID NOT REQUIRE THE USE OF ANY PHYSICAL FORCE WHATSOEVER.

38. DEFENDANT, AS HEREIN ALLEGED, ACTIONS WERE DESPICABLE, MALICIOUSLY, AND SADISTICALLY, AND WAS CARRIED OUT WANTON AND RECKLESS DISREGARDS FOR PLAINTIFF'S FEDERALLY PROTECTED RIGHTS.

39. AS A PROXIMATE RESULT OF DEFENDANTS, AND EACH OF THEIR CONSPIRACY AND THE FACTS HEREIN ALLEGED, PLAINTIFF WAS INJURED IN HIS HEALTH, STRENGTH AND ACTIVITY, SUSTAINING INJURY TO HIS BODY AND MIND, SHOCK AND INJURY TO HIS NERVOUS SYSTEM AND PERSON, ALL OF WHICH INJURIES HAVE CAUSED PLAINTIFF TO SUFFER EXTREME AND SEVERE PHYSICAL AND MENTAL PAIN AND ANGUISH. THESE INJURIES INCLUDE, BUT NOT LIMITED TO, PERMANENT DAMAGE TO PLAINTIFF HANDS, MEMORY LOSS, AND POST TRAUMATIC STREE DISORDER WHICH HAVE RESULTED IN PERMANENT PSYCHOLOGICAL DISABILITY TO PLAINTIFF, ALL TO HIS GENERAL DAMAGES IN A SUM ACCORDING TO PROOF.

40. DEFENDANTS, AND EACH OF THEIR CONDUCT, AS HEREIN ABOVE ALLEGED, WAS DESPICABLE AND INTENTED BY DEFENDANTS, AND EACH OF THEM, TO CAUSE INJURY TO PLAINTIFF, AND WAS DONE BY DEFENDANTS, AND EACH OF THEM, WITH A WILLFUL AND CONSCIOUS DISREGARD OF PLAINTIFF'S RIGHTS AND SUBJECTED PLAINTIFF TO CRUEL AND UNJUST HARDSHIP IN CONSCIOUS DISREGARDS OF PLAINTIFF'S FEDERAL RIGHTS AND WAS COMPRISED OF, IN PART, INTENTIONAL, MISREPRESENTATIONS, FALSEHOOD AND/OR CONCEALMENT OF MATERIAL FACTS BY DEFENDANTS CALCULATED TO DEPRIVE PLAINTIFF OF PROPERTY, LEGAL AND PRIVACY RIGHTS, OR TO OTHERWISE CAUSE INJURY, SUCH AS TO CONSTITUTE MALICE, FRAUD, AND/OR OPPRESSION ENTITLING PLAINTIFF TO PUNITIVE DAMAGES IN AN AMOUNT APPROPRATE TO PUNISH AND SET AN EXAMPLE OF DEFENDANTS.

### Third Claim For Relief

VIOLATION OF PLAINTIFF'S EIGHTH AMENDMENT RIGHT
TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT IN
THE FORM OF DEPRIVATION OF PERSONAL SAFETY.

41. PLAINTIFF HEREBY INCORPORATES BY REFERENCE ALL OF THE PARAGRAPHS OF
THE GENERAL ALLEGATIONS PARAGRAPHS 27 THROUGH 32 OF THE FIRST CAUSE OF
ACTION OF THIS COMPLAINT AND PARAGRAPHS 33 THROUGH 40 OF THE SECOND
CAUSE OF ACTION OF THIS COMPLAINT AND MAKES THEM A PART OF THIS THIRD
CAUSE OF ACTION AS THOUGH FULLY SET FORTH HEREAT.

42. IN DOING THE ACTS HEREIN ABOVE ALLEGED, DEFENDANTS, ACTED WITH
DELIBERATE INDIFFERENCE TO PLAINTIFF'S PERSONAL SAFETY, AND SUBJECTED
HIM TO UNNECESSARY AND WANTON INFLICTION OF PAIN INCLUDING PHYSICAL
INJURY AND PERMANENT DAMAGE TO PLAINTIFF HANDS AND PERMANENT
PSYCHOLOGICAL, AND EMOTIONAL DISTRESS, IN VIOLATION OF HIS RIGHTS UNDER
THE EIGHTH AMENDMENT. SPECIFICALLY, DEFENDANTS, WERE DELIBERATELY
INDIFFERENT TO PLAINTIFF'S RIGHTS TO HAVE PERSONAL SAFETY WHEN THEY
INTENTIONALLY, KNOWINGLY, MALICIOUSLY, AND SADISTICALLY INFLICTED PHYSICAL
ABUSE AND HUMILIATION ON PLAINTIFF BY KICKING THE FOOD/PORT DOOR
SMASHING PLAINTIFF HANDS CAUSING THEM TO BLEED AND SPRAYING PLAINTIFF
WITH A CHEMICAL AGENT (PEPPER SPRAY) AND DEPRIVING PLAINTIFF OF
ADEQUATE MEDICAL TREATMENT. FALSIFYING REPORTS IN THE COURSE OF
THEIR DUTY CAUSING PLAINTIFF TO BE HELD IN AD-SEG ILLEGALLY. DEFENDANTS
KNEW THEIR ACTIONS WOULD AND DID OFFEND CONTEMPORARY
STANDARDS OF DECENCY.

43. DEFENDANTS, AND EACH OF THEM, SUBJECTED PLAINTIFF TO THIS PHYSICAL,
EMOTIONAL, AND MENTAL ABUSE, UNDER CIRCUMSTANCES WHICH DID NOT
ADVANCE LEGITIMATE PENOLOGICAL GOALS SUCH AS PRESERVING
INSTITUTIONAL ORDER AND DISCIPLINE.

44. DEFENDANTS AND EACH OF THEM AS HEREIN ALLEGED ACTIONS WERE
DESPICABLE MALICIOUSLY AND SADISTICALLY AND CARRIED OUT WITH A

WANTON AND RECKLESS DISREGARDS FOR PLAINTIFF FEDERALLY PROTECTED RIGHTS.

45. AS A PROXIMATE RESULT OF DEFENDANTS, AND EACH OF THEIR, CONSPIRACY AND THE FACTS HEREIN ALLEGED, PLAINTIFF WAS INJURED IN HIS HEALTH, STRENGTH AND ACTIVITY SUSTAINING INJURY TO HIS BODY AND MIND, SHOCK AND INJURY TO HIS NERVOUS SYSTEM AND PERSON ALL OF WHICH INJURIES HAVE CAUSED PLAINTIFF TO SUFFER EXTREME AND SEVERE PHYSICAL AND MENTAL PAIN AND ANGUISH. THESE INJURIES INCLUDE BUT NOT LIMITED TO, PERMANENT DAMAGE TO PLAINTIFF HANDS, MEMORY LOSS, AND POST TRAUMATIC STRESS DISORDER WHICH HAVE RESULTED IN PERMANENT PSYCHOLOGICAL DISABILITY TO PLAINTIFF ALL TO HIS GENERAL DAMAGES IN A SUM ACCORDING TO PROOF.

46. DEFENDANTS, AND EACH OF THEIR CONDUCT, AS HEREIN ABOVE ALLEGED, WAS DESPICABLE AND INTENTED BY DEFENDANTS, AND EACH OF THEM, TO CAUSE INJURY TO PLAINTIFF AND WAS DONE BY DEFENDANTS, AND EACH OF THEM, WITH A WILLFUL AND CONSCIOUS DISREGARDS OF PLAINTIFF RIGHTS AND SUBJECTED PLAINTIFF TO CRUEL AND UNJUST HARDSHIP IN CONSCIOUS DISREGARDS OF PLAINTIFF FEDERAL RIGHTS AND WAS COMPRISED OF, IN PART, INTENTIONAL, MISREPRESENTATIONS, FALSEHOOD AND/OR CONCEALMENT OF MATERIAL FACTS BY DEFENDANTS CALCULATED TO DEPRIVE PLAINTIFF OF PROPERTY, LEGAL AND PRIVACY RIGHTS OR TO OTHERWISE CAUSE INJURY, SUCH AS TO CONSTITUTE MALICE, FRAUD, AND/OR OPPRESSION ENTITLING PLAINTIFF TO PUNITIVE DAMAGES IN AN AMOUNT APPROPRATE TO PUNISH AND SET AN EXAMPLE OF DEFENDANTS.

47. AT ALL TIMES MENTIONED IN THIS COMPLAINT, EACH INDIVIDUAL DEFENDANT WAS ACTING UNDER COLOR OF STATE LAW.

48. AT ALL TIMES MENTIONED IN THIS COMPLAINT, EACH INDIVIDUAL DEFENDANT WAS ACTING IN THEIR OFFICIAL CAPACITY AND IN THE SCOPE AND COURSE OF THEIR EMPLOYMENT.

49. ALL OF THE DEFENDANTS, AND EACH OF THEM, ARE ALSO SUED IN THEIR INDIVIDUAL CAPACITIES FOR THE CLAIMS ALLEGED IN THIS COMPLAINT.

50. AS A FURTHER DIRECT AND APPROXIMATE RESULT OF ALL OF THE DEFENDANTS ACTIONS HEREIN ALLEGED, PLAINTIFF SUFFERED, AND CONTINUES TO SUFFER, SEVERE EMOTIONAL AND PSYCHOLOGICAL DISTRESS. PLAINTIFF IS ENTITLED TO AN AWARD OF COMPENSATORY AND PUNITIVE DAMAGES FOR INJURIES SUFFERED.

51. PLAINTIFF IS ENTITLED TO INJUNCTIVE RELIEF, INCLUDING, BUT NOT LIMITED TO AN ORDER REQUIRING HIS TRANSFER AWAY FROM SVSP, WHERE HE WILL NOT BE SUBJECTED TO RETALIATION INSTIGATED AND/OR RATIFIED BY ANY OF THE DEFENDANTS. THERE IS NO ADEQUATE REMEDY AT LAW TO PROTECT PLAINTIFF FROM SAID RETALIATION, AND WITHOUT THE EQUITABLE RELIEF SOUGHT HE IS SUSCEPTIBLE TO GREAT AND IRREPARABLE INJURY. THE BALANCE OF HARDSHIP TIPS MARKEDLY TOWARD PLAINTIFF IN THAT THERE WOULD BE LITTLE OR NO PREJUDICE OR HARM TO THE DEFENDANTS SHOULD PLAINTIFF BE TRANSFERRED AWAY FROM SVSP BUT GREAT HARM TO PLAINTIFF SHOULD HE BE REQUIRED TO STAY AT THIS INSTITUTION.

### PRAYER FOR RELIEF

1. INJUNCTIVE RELIEF;
2. COMPENSATORY DAMAGES ACCORDING TO PROOF, $150.000.00 PER DEFENDANT
3. PUNITIVE DAMAGES ACCORDING TO PROOF, $20.000.00 PER DEFENDANT
4. ADDITIONAL DAMAGES $150.00.00 A DAY FOR EVERY DAY PLAINTIFF DID IN AD-SEG ILLEGALLY FOR THE FALSE RVR IN RETALIATION FOR PLAINTIFF FILING GRIEVANCE,
5. REASONABLE ATTORNEY'S FEE'S PURSUANT TO 42 U.S.C. § 1988,
6. COSTS OF SUIT, AND
7. SUCH FURTHER RELIEF AS THE COURT DEEMS JUST AND PROPER.

### DEMAND FOR JURY TRIAL

PLAINTIFF RUSSELL MARTIN RESPECTFULLY HEREBY DEMANDS A TRIAL BY JURY

DATED: 8/19/2008

RESPECTFULLY SUBMITTED

*Russell Martin*
PLAINTIFF IN PRO SE

EACH EXHIBIT A-THROUGH M IS MARKED IN THE UPPER RIGHT
HAND CORNER

EXHIBIT A 1 THRO 6

EXHIBIT: 

A-1

**NOTE:  SEND COPY OF PHYSICIAN'S ORDER FOR MEDICATION**
**TO PHARMACY AFTER EACH ORDER IS SIGNED.**

| Order Date | Time | Problem # | Physician's Order & Medication    ( Orders must be dated, timed & signed) |
|---|---|---|---|
| | | | **Triage & Treatment Area (TTA) Orders:** |
| 6/28/07 | | | **1.  Refer to Mental Health Crisis Bed for Admission Evaluation** Time/Date HCPU called: _Kirby_ 6/28/07 @ 2315 |
| | | | **2.  Diagnosis:** Adjustment Disorder |
| | | | **3.  Suicide Watch  or Suicide Precaution (circle one)** |
| | | | **4.  Safety Smock:**  Yes / No |
| | | | **Safety Blanket:**  Yes / No |
| | | | **Safety Mattress:**  Yes / No |
| | | | **(Justify denial of any of the above in your MH3 note)** |
| | | | **5.  Shorts:** Yes / No    **Socks:** Yes / No    **T-Shirt:** Yes / No  Other: |
| | | | **6.  Medications (with #days, dose, route, frequency):** No Psych Meds |
| | | | |
| | | | |
| | | | **7.  LABS:** Ø |
| | | | **8.  Drug/Blood levels:** Ø |
| | | | **9.  Diet:** Reg |
| | | | **10.  Vital Signs:** On Admission |
| | | | **11.  Activities:** AD UD    D2 112 |

| ALLERGIES NKDA | INSTITUTION SVSP | ROOM/WING CTC HC 115 |
|---|---|---|

CDC NUMBER, NAME                              (Last, First, MI)
MARTIN, RUSSELL
E 47749
3/6/65

Confidential
Client information
See W & I code, Sections 4514 and
5328

PHYSICIAN'S ORDERS

State of California, Department of Corrections -- Institution: _____    Prior Page Number : ___

CHRONOLOGICAL INTERDISCIPLINARY PROGRESS NOTES:    All Staff, Clinicians, Treatment Teams.

| Date/Time: | Yra    Use Name & Title Stamp. |
|---|---|
| 6/27/07 750am | HPI: 42 y/o Af Am male, h/o Anxiety / Vistaril in the past, no Ψmeds or contacts recently. Pt was seen by Custody & something in his cell that suggested he might be trying to hurt himself. I/M indicates no suicidality; states he has been trying to get to see Watch Commander b/c he has no property and it is obstructing his court process. He stated that Custody, rather than notify Watch Commander when he/Inmate had obstructed his cell and not responded during cell count. He states they tried to throw something in his cell, and to cover that accused him of SI. Pt denies SHI/AVH / Yra. |
| | PΨHx: h/o anxiety. Ø h/o CCCMS. Ø SA. Ø hospitalizations Ø Ψmeds ≠ Vistaril once for a small period of time. |
| | PMHx: HTN; s/p GSW to his stomach / int organs |
| | Meds: Norvasc / HTCZ / Prilosec    All- NKDA |
| | SocHx: From LA. 4 sist /3 brothers. 8th grade educ. Single. 2 children. Has worked in plumbing/ construction. SNY status. recent transfer from SHU MSE- Ato.wao. Braided hair. Good eye contact. Affect- full pleasant; at times slightly insistent / entitled on needs being met. Mood- frustrated, but stable, good "hopeful" TP- linear / topical   Tc- ØSHI ØAVH Ø Psis ØPI ØTSEXXO |
| | J- fair |
| | Dxes: Axis I:- Ønoted; h/o Anxiety   Axis II: Cluster B traits   III- HTN |
| | IV: legal   V: GAF 65-75 |
| | └ cont'd - |

Schener md

| MENTAL HEALTH INTERDISCIPLINARY PROGRESS NOTES  MH 3 [3/21/96]  Confidential Client/Patient Information See W & I Code, Section 5328 | LEVEL OF CARE  Inpatient  Outpatient | Last Name: Martin    First Name: Russell    MI:  CDC # C-67269   DOB 3/6/1965 |
|---|---|---|

State of California, Department of Corrections -- Institution: _____    Prior Page Number : __

CHRONOLOGICAL INTERDISCIPLINARY PROGRESS NOTES:    All Staff, Clinicians, Treatment Teams.

| Date/Time: | Use Name & Title Stamp. |
|---|---|
| 6/29/07 7:30am | A/P: 42 y/o male. Bright, engaged, pleasant, interactive affect. Adamantly denies SI; certainly no objective signs of depression (Ø withdrawal, Ø flat effect, etc.) and denies all others (sleep fair, Ø depressed mood, eating well, concentration good). Eye contact - good. At this time, given that he has no objective or subjective signs of depression, that he denies SI, that he has no worsened social stressors, I do not feel this pt. is at elevated risk of suicide and can clearly be safely managed back to his cell level. Alt with 5 5 day F/U will be initiated. Pt contracts for safety and will return or notify staff if any suicidality. Scherer MD Scherer |

Page #

| MENTAL HEALTH INTERDISCIPLINARY PROGRESS NOTES MH 3 [3/21/96] Confidential Client/Patient Information See W & I Code, Section 5328 | LEVEL OF CARE Inpatient Outpatient | Last Name: Martin    First Name: Russell    MI: CDC # E-67269  DOB 3/6/1965 |

STATE OF CALIFORNIA   _Side 1 OF 2 (OVER)_   DEPARTMENT OF CORRECTIONS

# EMERGENCY CARE FLOW SHEET

DATE: _____

| | TIME IN | TIME OUT |
|---|---|---|
| | | |

| PATIENT NAME (LAST, FIRST) | CDC NUMBER | HOUSING | DOB 3/6/65 |
|---|---|---|---|

| TIME OF INCIDENT | LOCATION OF INCIDENT | | MODE OF ARRIVAL |
|---|---|---|---|

| STAFF NAME (LAST, FIRST) | OCCUPATION | SEX | AGE | DOB |
|---|---|---|---|---|

| CHIEF COMPLAINT: | TB CODE 22 | DATE OF LAST TETANUS |
|---|---|---|

## MECHANISM OF INJURY
- [ ] STABBING
- [ ] PHYSICAL ALTERCATION
- [ ] GUNSHOT WOUND
- [ ] BURN
- [ ] SPORTS INJURY
- [ ] ON THE JOB INJURY
- [x] OTHER _HAND CAUGHT IN FOOD PORT_

## SKIN COLOR
- [ ] NORMAL
- [ ] PALE
- [ ] ASHEN
- [ ] CYANOTIC
- [ ] FLUSHED

## SKIN TEMP
- [ ] HOT
- [ ] WARM
- [ ] COOL
- [ ] COLD

## SKIN MOISTURE
- [ ] NORMAL
- [ ] DRY
- [ ] MOIST
- [ ] PROFUSE

## CAPILLARY REFILL
- [ ] < 2 SECONDS
- [ ] > 2 SECONDS
- [ ] NONE

## GLASGOW COMA SCALE

| EYE OPENING RESPONSE | SPONTANEOUS | 4 4 4 4 |
| | TO VOICE | 3 3 3 3 |
| | TO PAIN | 2 2 2 2 |
| | NONE | 1 1 1 1 |
| BEST VERBAL RESPONSE | ORIENTED | 5 5 5 5 |
| | CONFUSED | 4 4 4 4 |
| | INAPPROPRIATE WORDS | 3 3 3 3 |
| | INCOMPREHENSIBLE SOUNDS | 2 2 2 2 |
| | NONE | 1 1 1 1 |
| BEST MOTOR RESPONSE | OBEYS COMMAND | 6 6 6 6 |
| | LOCALIZES PN | 5 5 5 5 |
| | WITHDRAWS PN | 4 4 4 4 |
| | FLEXION PN | 3 3 3 3 |
| | EXTENSION PN | 2 2 2 2 |
| | NONE | 1 1 1 1 |

## LUNG SOUNDS
| RT | | LT |
|---|---|---|
| [x] CLEAR | | [ ] |
| [ ] WHEEZES | | [ ] |
| [ ] RALES | | [ ] |
| [ ] RHONCHI | | [ ] |
| [ ] DIMINISHED | | [ ] |
| [ ] ABSENT | | [ ] |

## RESP. CHARACTER
- [ ] LABORED
- [ ] UNLABORED
- [ ] PAINFUL
- [ ] SHALLOW
- [ ] DEEP
- [ ] RETRACTION
- [ ] NASAL FLARING

## EVIDENCE OF TRAUMA
- [ ] CHEST   [ ] HEAD
- [ ] ABDOMEN   [ ] NECK
- [ ] G/U   [ ] EXTREMITIES
- [ ] PELVIS   [ ] OTHER
- [ ] BACK SPINE

| | TIME | TEMP | PULSE | RESP | BP | SaO2 | CURRENT MEDICATION |
|---|---|---|---|---|---|---|---|
| V I T A L S | 2200 | 98.5 | 109 | 18 | 163/119 | 99 | Prilosec, HCTZ, VASETEC, Amlodipine, ASA, NTG SL |
| | 6-29-07 @ 1000 | | | | 126/88 - 88-16 | | |

| TIME | PUPIL RESPONSE | 4 |
| | PUPIL SIZE | 4 |

KEY C=CLOSED   B=BRISK   SL=SLUGGISH   F=FIXED

3   4   5   6   7   8

| | TIME | SOL | SITE | GAUGE | RATE | MEDICATION ALLERGIES |
|---|---|---|---|---|---|---|
| I V | | | | | | NKDA |

| | | TIME | ROUTE | RATE | SaO2 | MEDICATION GIVEN IN ER |
|---|---|---|---|---|---|---|
| O 2 | A D M I N | | | | | Tetanus Toxoid Adsorbed  (IL) U1715AB |

## ABBREVIATION CODE
| Ab | - | Abrasion | | E | - | Edema |
| Amp | - | Amputation | | F | - | Closed Susp. Fracture |
| Av | - | Avulsion | | H | - | Hematoma |
| B | - | Burn | | L | - | Laceration |
| % | - | Percent | | P | - | Petechiae |
| CP | - | Compound Frac | | R | - | Rash |
| EC | - | Ecchymosis | | S | - | Scar |
| ENT | - | Entrance Wound | | Ex | - | Exit Wound |
| SI | - | Surgical Incision | | | | |

**S O A P**

SUBJECTIVE: (PATIENT'S STATEMENTS, HISTORY) _____

OBJECTIVE: (PHYSICAL EVALUATION) _____

ASSESSMENT: (NURSING DIAGNOSIS) _____

PLAN: (PT EDUCATION, FOLLOWUP, MD ORDERS, ETC.) _Suicide Ideation_

**N O T A T I O N S**

| PRINT NAME | SIGNATURE | | PATIENT DISPOSITION |
|---|---|---|---|
| | | RN/MTA/MD | [ ] RETURN TO CUSTODY |
| | | RN/MTA/MD | [x] ADMIT TO INFIRMARY / HOSPITAL |
| | | RN/MTA/MD | [ ] TRANSPORT TO COMM HOSPITAL VIA: |
| | | | [ ] AMBULANCE |
| | | | [ ] STATE VEHICLE |
| SUPERVISOR REVIEW | | | [ ] RELEASED TO CORONER |

PATIENT CONDITION ON DISCHARGE
- [ ] STABLE   [ ] UNSTABLE
- [ ] DECEASED   TIME

CDC 7403 (04/03)  EMERGENCY CARE FLOW SHEET

| DATE | TIME | NOTES |
|------|------|-------|
| 6/28/07 | 2330 | Inmate brought to ER in Emergency Response Vehicle. IM had been seen tying a sheet together and ignored attempts by CO's to stop the behavior as it was seen as SI. IM was OC sprayed. On exam (R) 3rd finger had 3 superficial lass on dorsal side of finger and one at the bend of the finger where it meets the hand. Areas cleaned c S/S, ABX ointment applied & bandages placed. Inmate placed in CTC 115 on Suicide Precautions. Vu |
| | 0210 | IM asking for pain medication. Rt hand appears slightly swollen. IM smiling, pulling at bandaids. Wielzenbach RN |
| | 0300 | Motrin 400mg given PO for pain & swelling. IM awake, standing in cell smiling & talking. Wielzenbach RN |
| | 0500 | Laying on mat, resting quietly. Wielzenbach RN |
| | 0200 | awake, C/O that the med's his bandages — Vu |
| | 0800 | here + interviewed. IM florid: PTz IM has - sm. amt. Wed's (saturated) bandage (?) electrobod c H₂O₂ + NS pressure dsg. applied. IM reports "No sure regarding Tetanus status." BSN cms |
| 0845 | | - Dr. Nguyen here — X Rays BSN cms |
| 6/29/07 | 0850 | ordered |
| | 1000 | xray one - eff's - bandaic to IM c binder lac. on top of hand. Recheck BIP. Dr. Nguyen Re-eval |
| 10 20 | | IM cla'd to custody - instructions given to watch for signs of infection. Request new bandages from yard medical. Will fu in yard medical + Mental. IM is du'd. IM is aware + agreeable. J Abrams |

| CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
|---|
| Martin, Russell |
| E67269 |
| 03/06/65 |

| DATE | TIME | |
|------|------|---|
| 6/29/8 | | E.R. *[note]* |
| 1000 | 5 | 47 y/o I'm *g̅* *[illegible]* hand caught in joint *[illegible]* yesterday. |
| | | c/o Ⓑ hand pain |
| | 0 | 160/114  R18  O139  T98° |
| | | EXT Ⓑ hands → Ⓛ hand *c̄* edema, tenderness, superficial laceration over 3rd MCP joint. Ⓛ hand edema over the thumb. limited flexion Ⓑ 3rd finger. |
| | | X-ray Ⓑ hand *[illegible]* ∅ dislocation |
| | A/P | 1) Soft tissue swelling Ⓑ hand 2° injury. X-ray negative. *[illegible]* D/C to *[illegible]* *[illegible]* *[illegible]* |
| | | 2) HTN → on *[illegible]* HTN med's *[illegible]* Recheck B/P today *[signature]* |
| 6/29/8 | | Addendum |
| | | Recheck B/P 122/48 |
| 1030 | | *[signature]* Nown |

INSTITUTION | HOUSING UNIT

CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH

E 67269

Grantham, Russell

3/6/65

**INTERDISCIPLINARY PROGRESS NOTES**

CDC 7230 (Rev 04/03)
STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

| DATE | TIME | |
|------|------|---|
| 6/29/08 | | E.C. notes |
| | 900 | I'm E clo push gram.
Glum: NSAIs cond |
| | | Nougev |

INSTITUTION | HOUSING UNIT

CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH

E 67269

Martin, Russell

**INTERDISCIPLINARY PROGRESS NOTES**

CDC 7230 (Rev 04/03)
STATE OF CALIFORNIA                    DEPARTMENT OF CORRECTIONS

EXHIBIT B 1 THRO 4

EXHIBIT: 



| Department of Corrections and Rehabilitation<br><br>**ADMINISTRATIVE BULLETIN**<br><br>Subject:   PROCESSING OF ADULT<br>INMATE/PAROLEE APPEALS,<br>CDC FORM 602, WHICH<br>ALLEGE STAFF MISCONDUCT | **Number:**<br><br>05-03 |
|---|---|
| | **Date:**<br><br>November 22, 2005 |
| | |

The purpose of this Administrative Bulletin (AB) is to announce changes in how Adult Inmate/Parolee Appeals, California Department of Corrections (CDC) Form 602, specifically those identified as Staff Complaints, will be handled. All inmate complaints which allege any misconduct by a staff member will continue to be logged by the Appeals Coordinator (AC) as a Staff Complaint, Category 7. Procedures for processing staff complaint appeals shall be as follows:

1. The AC will ensure that all appeals alleging staff misconduct are logged as Staff Complaints.

2. If an appeal alleges staff misconduct involving excessive or inappropriate use of force, the allegation will be addressed pursuant to the procedures prescribed in the Use of Force Policy (including an immediate videotaped interview, if one has not already been completed).

3. When an appeal is received which alleges staff misconduct and also includes issues such as property complaints, disciplinary actions, etc., the AC will inform the inmate/parolee in writing that the appeal will be addressed as a Staff Complaint and that the other appeal issues must be appealed separately. **Appeals alleging staff misconduct will be addressed separately and will not be combined with other appeal issues.**

4. All staff complaint appeals shall be presented by the AC to the Hiring Authority or designee, no less than weekly. The Hiring Authority designee shall not be below the level of Chief Deputy Warden, Deputy Regional Administrator (Parole), or comparable level.

5. The Hiring Authority will review the complaint and make the appropriate determination as outlined in item Number 7 of this AB. The Hiring Authority will then make the appropriate notation on the Determination of Staff Complaint form (Attachment A). When an inmate/parolee files a complaint that is determined by the Hiring Authority to be a staff complaint, the employee shall be notified of the filing as soon as possible, pursuant to Department Operations Manual (DOM), Section 54100.25.2 and any applicable Bargaining Unit agreements. A Chronological Tracking Worksheet (Attachment B) will be prepared and attached as a cover to each Determination of Staff Complaint form.

6. The California Code of Regulations (CCR), Title 15, Section 3084.1 (e) states in part "......An appeal alleging misconduct by a departmental peace officer as defined in Section 3291(b) shall be accompanied by a Rights and Responsibility Statement as shown in Section 3391(d). Failure to submit this form will be cause for rejecting the appeal in accordance with Section 3084.3(c)(5) "......If an appeal alleging misconduct by a departmental Peace Officer is received without the Rights and Responsibilities Statement, it shall be processed as indicated above and the Rights and

*[handwritten left margin, bottom to top:] Note: "There are four (4) page's total... See Case law governing (602) appeals) on the backside of page # 4..."*



| | Number: |
| Department of Corrections and Rehabilitation | 05-03 |
| **ADMINISTRATIVE BULLETIN** | Date: |
| Subject: **PROCESSING OF ADULT INMATE/PAROLEE APPEALS, CDC FORM 602, WHICH ALLEGE STAFF MISCONDUCT** | November 22, 2005 |
| | |

- 2 -

Responsibilities Statement shall be obtained from the inmate/parolee at the time of his/her appeal interview. If the inmate/parolee refuses to sign the Rights and Responsibilities Statement, the appeal shall be canceled pursuant to CCR Section 3084.4, Lack of Cooperation. A cancellation of an appeal for this reason shall not preclude the initiation or continuation of any other inquiry or investigation of the matter. If cancelled, the AC shall forward a copy of the appeal to the Hiring Authority, or designee, for determination and possible referral for further inquiry or to request investigation by the Office of Internal Affairs.

7. The Hiring Authority, or designee, shall review all staff complaint allegations and determine if:

   a. **The allegation warrants a request for Internal Affairs investigation**. When an allegation warrants a request for an Internal Affairs investigation, the AC shall bypass the First Level of Review, respond at the Second Level of Review, and note that the appeal was granted or partially granted consistent with the requested action of the appellant (generic language sample provided below). The AC will then refer the case for an Internal Affairs investigation as instructed by the Hiring Authority. When a determination is made by the Hiring Authority to refer an inmate staff complaint for an Internal Affairs investigation, an Internal Affairs Investigation Request (CDC Form 989) will be completed and forwarded to the Office of Internal Affairs, Central Intake Unit, with all accompanying information and documentation related to the allegation. The following is suggested appeal response language:

      *"Your allegation(s) of staff misconduct has been referred for investigation. Pursuant to state law, the results of any investigation of staff misconduct shall not be released to the public, inmates/parolees, or other staff. You will be notified only of the conclusion of the investigation."*

   b. **The allegation does not warrant a request for Internal Affairs investigation**. The AC shall be instructed to assign the appeal for a First Level Response. Appeals alleging staff misconduct that do not warrant an Internal Affairs investigation as determined by the Hiring Authority or designee, will be handled in the following manner:

      • If the Appeal Inquiry is to be completed without an Internal Affairs referral, a Confidential Supplement to Appeal, Appeal Inquiry (Attachment C), will be completed by the reviewer in addition to the First Level Review Response to the inmate/parolee. This



| Department of Corrections and Rehabilitation | Number: 05-03 |
|---|---|
| **ADMINISTRATIVE BULLETIN** | **Date:** November 22, 2005 |
| Subject:    PROCESSING OF ADULT INMATE/PAROLEE APPEALS, CDC FORM 602, WHICH ALLEGE STAFF MISCONDUCT | |

- 3 -

confidential report is in a standardized format that summarizes the review and includes a determination of the findings concerning the allegation.

The confidential report will be maintained with the First Level Appeal Response by the AC pursuant to DOM, Section 54100.25.3. A standardized format has been developed for documenting staff complaint appeals, and will be used for all confidential supplements. **Inmates/Parolees will not be provided a copy of this confidential supplement.**

- The assigned reviewer will read the allegation and interview the appellant. After interviewing the appellant, any other pertinent staff or inmate/parolee witnesses will be interviewed.

- After completing the interviews with all pertinent witnesses, and if necessary to reach a determination, the subject(s) of the staff complaint may be interviewed by a person trained to conduct administrative interviews. The subject of the alleged complaint will be served with a Notice of Interview (see sample Attachment D) at least 24 hours prior to the interview. The Notice of Interview is to be signed by the subject, and if the subject chooses to waive the 24-hour requirement, he/she must indicate this wish on the notice. If waived, the subject may be interviewed immediately.

*If at any time during the course of the appeal inquiry the reviewer discovers information indicating that serious misconduct (conduct that would likely lead to adverse personnel action) may have taken place, the reviewer will refrain from further interviewing of any staff or inmates/parolees regarding the matter. The reviewer will immediately bring this information to the Hiring Authority for further review. The Hiring Authority will then determine if the reviewer will continue the inquiry or if the matter will be referred for consideration of an Internal Affairs investigation.*

8. The Hiring Authority shall ensure the total number of staff complaints received, the number referred for Internal Affairs investigation, and the number that were not referred for Internal Affairs investigation are included in the quarterly report required by DOM, Section 54100.27.

| | Number: |
|---|---|
| **Department of Corrections and Rehabilitation** | **05-03** |
| **ADMINISTRATIVE BULLETIN** | Date: |
| **Subject:** PROCESSING OF ADULT INMATE/PAROLEE APPEALS, CDC FORM 602, WHICH ALLEGE STAFF MISCONDUCT | November 22, 2005 |
| | |

- 4 -

Please inform all persons concerned that this bulletin supersedes AB 98/10. This bulletin will serve as interim policy until incorporated into DOM, Section 54100. Please direct any inquires regarding the Staff Complaint process to Chief, Inmate Appeals Branch, at (916) 358-2418. Please direct any inquiries regarding Internal Affairs investigations to Chief, Office of Investigative Services, at (916) 323-5769.

*Original signed by:*

JOE MCGRATH
Chief Deputy Secretary
California Department of Corrections and Rehabilitation

EXHIBIT C 1 THRO B

EXHIBIT: _____ **C** _____

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:      MAY 0 2 2008

In re:     Russell Martin, E67269
           Salinas Valley State Prison
           P.O. Box 1020
           Soledad, CA 93960-1020

           IAB Case No.: 0716762         Local Log No.: SVSP-07-03489

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner L. Warren, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I  APPELLANT'S ARGUMENT:** It is the appellant's position that on June 26, 2007, he asked Correctional Sergeant (Sgt.) Locke for his legal property because he has two active legal cases. According to the appellant, Sgt. Locke stated, "I don't give a (expletive deleted) who you had a phone call scheduled with, you are not getting any property." He states that Sgt. Locke knowingly abused his authority and deprived the appellant of his access to the courts. He is requesting that this complaint be placed in Sgt. Locke's personnel file for five years; that he be counseled about his job performance and/or removed from his position in the Administrative Segregation Unit; that the appellant's property be issued to him immediately; and that he suffer no reprisals as a result of this appeal.

**II  SECOND LEVEL'S DECISION:** The reviewer found that this appeal was processed as staff complaint and appropriate supervisory staff conducted a confidential appeal inquiry into this matter. The inquiry determined that all allowable property including legal work was issued to the appellant on July 15, 2007 and the appellant withdrew this appeal at that time. However, at the second level, the appellant stated that he was not withdrawing the staff complaint portion of the appeal, therefore the submitted material was reviewed and the involved parties were interviewed. The reviewer determined that the appellant failed to provide any evidence of staff misconduct.

**III  DIRECTOR'S LEVEL DECISION:** Appeal is denied.

   **A.  FINDINGS:** The Director's Level of Review (DLR) has reviewed the appellant's issues and reaffirms the institution's examination and conclusions as addressed within the Second Level of Review. Upon review of the documentation submitted, it is determined that the appellant's allegations have been reviewed and evaluated by administrative staff, and a confidential appeals inquiry has been completed. On April 15, 2008, the written report of appeal inquiry was obtained and examined at the DLR. The inquiry was found to be consistent with Administrative Bulletin (AB) 05/03 and CDCR policy. The finding of the inquiry determined that staff did not violate departmental policy. Although the appellant has the right to submit an appeal as a staff complaint, the request for administrative action regarding staff, or the placement of documentation in a staff member's personnel file, or that the staff members be reprimanded is beyond the scope of the appeals process. Therefore no relief is provided at the Director's Level of Review.

   **B.  BASIS FOR THE DECISION:**
   California Code of Regulations, Title 15, Section: 3004, 3005, 3190, 3391
   CDC Operations Manual Section: 54030.1, 54030.13.2, 54030.17
   AB 05/03: PROCESSING OF ADULT INMATE/PAROLEE APPEALS, CDC FORM 602, WHICH ALLEGE STAFF MISCONDUCT

   **C.  ORDER:** No changes or modifications are required by the Institution.

C-2

RUSSELL MARTIN, E67269
CASE NO. 0716762
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, SVSP
        Appeals Coordinator, SVSP

EMERGENCY

C-3

CITIZEN COMPLAINT    REC'D AUG 07.

PROPERTY ISSUE BEING DEPRIVED ACCESS TO COURTS. CCR-TITLE 15. 3160 (B)

INMATE/PAROLEE
APPEAL FORM
CDC 602 (12/87)

Location Institution/Parole Region: SVSP  Log No. 12-07-03489  Category

1. CDC/FORM-2

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.  *unprot bch*  *legal work issuance Sgt Locke*

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUM. |
|------|--------|------------|----------------|
| RUSSELL MARTIN | E-67269 | | D-2-124 |

A. Describe Problem: ON 6/26/2007 AT APPROXIMATELY 9:40 AM I SPOKE TO SERGEANT (SGT) LOCKE REGARDING MY LEGAL PROPERTY BECAUSE I HAVE TWO ACTIVE CASES (S) PENDING IN STATE AND FEDERAL COURTS. I EXPLAINED TO SGT LOCKE, THAT I HAD A COURT CALL APPEARANCE SCHEDULED WITH THE JUDGE ON 6/25/2007 I WAS CLEARLY DEPRIVED OF THAT RIGHT, AND WITHOUT MY LEGAL MATERIAL I AM UNABLE TO COMPLY WITH COURT ORDERS, AND FILE MOTIONS WITH THE COURT BASED ON THE FACT I DO NOT HAVE ANY OF THE COURTS ADDRESSES OR CASE NUMBERS NOR CAN I NOTIFY THE COURTS OF MY CHANGE OF ADDRESS "WHICH IS THE LAW" I ALSO

If you need more space, attach one additional sheet.    SEE ATTACH SHEET

B. Action Requested: THAT MY PROPERTY BE ISSUED TO ME IMMEDIATELY. 2) THAT SGT LOCKE BE COUNSELED ON HIS JOB PERFORMANCE, CONDUCT, BEHAVIOR, AND OR REMOVED FROM D-1 Ad-SEG. 3) THAT I DON'T RECEIVE ANY RETALIATION IN ANY MANNE WHATSOEVER. 4) THAT THIS COMPLAIN BE PLACED IN SGT LOCKE FILE FOR FIVE YEARS

Inmate/Parolee Signature: REC'D JUL 0 2 2007 *R. Martin*    Date Submitted: 6/27/07

C. INFORMAL LEVEL (Date Received: 7.5.07 )

Staff Response: INMATE HAS BEEN ISSUED All ALLOWABLE AD-SEG PROPERTY INCLUDING LEGAL WORK. INMATE REQUESTS TO WITHDRAW THIS APPEAL *Martin* E-67269

Staff Signature: X GO S YOUNCE 87    Date Returned to Inmate: 7-15-07

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

I AM TOTALLY DISSATISFIED. I MADE IT ABSOLUTELY CLEAR THAT I'LL SIGN OFF ON THE COMPLAINT REGARDING RECEIVING MY LEGAL MATERIAL "THE ISSUE REGARDING SGT LOCK, IS STILL UNRESOLVED" I AM REQUESTING FURTHER PROCESSING OF THIS COMPLAINT

R. Mart

Date Submitted: 8/6/07

RECEIVED
JAN 30 2008
INMATE APPEALS
BRANCH

RECEIVED
DEC 17 2007

REC'D AUG 07 2007

750743

JED hit + 1   NATE REQUEST FORM, FROM THE LITIGATION COORDINATOR CONFIR-
MING. I WAS SCHEDULED WITH (SVSP) FOR 6/25/2007 AT 8:30 AM TO APPEAR BY
PHONE WITH THE JUDGE. SGT LOCKE, [STATED VERBATIM] ["I don't GIVE A FUCK WHO YOU
HAD A PHONE CALL SCHEDULED WITH"] YOU is NOT GETTING ANY PROPERTY. I AM TURNING OFF
YOUR WATER FOR TEN DAYS." SGT LOCKE, KNOWINGLY, MALICIOUSLY, AND SADISTICALLY,
ABUSING his AUTHORITY AS A SUPERVISOR IN D-2 Ad-SEG UNIT BY VIOLATING THE POLI-
CIES AND PROCEDURES OF CCR. TITLE 15. SEC. 3160. (a) BY DELIBERATELY VIOLATING
MY STATE AND FEDERAL RIGHT BY OBSTRUCTING MY ACCESS TO THE COURTS. AS WELL
AS CCR. TITLE 15. SEC. 3164. (C) which [STATES VERBATIM]. INMATES who ARE
HOUSED IN ANY RESTRICTED UNIT AND who ARE NOT SERVING A PERIOD OF DISCIPLINARY
DETENTION MAY POSSESS AND hAVE ACCESS TO ANY AND ALL LEGAL RESOURCE MATE-
RIAL AVAILABLE TO THE GENERAL POPULATION. SGT LOCKE'S, UNNECESSARY BEHAVIOR
AND CONDUCT is DISRUPTING ORDERLY OPERATIONS WITHIN THE INSTITUTION OR TO INCITE
AND PROVOKE VIOLENCE. VIOLATING CCR. TITLE 15. SEC. 3004. (a) (b) & (C). I hAVE
REPEATEDLY REQUESTED TO SPEAK TO SGT LOCKE'S, SUPERVISOR. PER CCR. TITLE 15.
SEC. 3332. (d) AND hAVE BEEN DENIED. SGT LOCKE hAS A PROFESSIONAL RESPONSIBILITY
TO DEAL WITH INMATES ON A DAILY BASIS BASED ON THE FACT he is A SUPERVISOR OF A
Ad-SEG UNIT, AND hAS SUPERVISION OVER CORRECTIONAL OFFICERS. SGT LOCKE,
BEHAVIOR AND CONDUCT is SITTING A BAD EXAMPLE FOR STAFF UNDER his SUPERVISION.
IN DOING. THE ACTS COMPLAINT OF. SGT LOCKE, hAS IMPLEMENTED A POLICY THE REPUDIATED
APPELLANTS CONSTITUTIONAL RIGHTS AND WAS UNCONSCIONABLE UNDER DOCTRINE OF
SUPERVISORY LIABILITY / FAILURE TO TRAIN AND SUPERVISE) SGT LOCKE, BEHAVIOR AND
CONDUCT MUST BE DEEMED INAPPROPRATE BY This ADMINISTRATION.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING is TRUE. AND CORRECT
DATE 6/27/2007                                        RESPECTFULLY SUBMITTED
                                                      Russell mart
                                                      APPELLANT.

``State of California

# Memorandum

Date    :    09/11/07

To    :    Martin, E67269
        D2-124L, Salinas Valley State Prison

Subject:    **STAFF COMPLAINT RESPONSE - APPEAL # SVSP-D-07-03489**

**APPEAL ISSUE:** The appellant states that Correctional Sergeant L. Locke refused to issue him his ASU property and his legal paper work. Appellant states that Sgt. Locke's unnecessary behavior and conduct is disrupting the orderly operations within the institution or to incite and provoke violence.

**DETERMINATION OF ISSUE:** A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review your appeal has been handled as follows:

☒    PROCESSED AS A STAFF COMPLAINT APPEAL INQUIRY
☐    REFERRED TO THE OFFICE OF INTERNAL AFFAIRS (Note: You will be notified of the conclusion of any internal affairs investigation)

**SUMMARY FOR APPEAL INQUIRY:**
You were interviewed on September 11, 2007 by Correctional Lieutenant R. Boccella. The appellant provided no new statements in regards to this appeal.

The following witness was questioned: Correctional Sergeant L. Locke.

The following information was reviewed as a result of your allegations of staff misconduct: The 602 appeal itself were the appellant had stated the appeal was resolved (verified by his signature).

**FINDINGS FOR AN APPEAL INQUIRY:**
Your appeal is PARTIALLY GRANTED at the ☒ First level, as an inquiry into your allegation has been conducted. ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE. As such, results of any inquiry/investigation will not be shared with staff, members of the public, or inmates. Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process.

Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process. If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Director's Level of Review. Once a decision has been rendered at the Director's Level of Review, your administrative remedies will be considered exhausted.

Please print and sign below:

_____/_____.    9|19|07
Warden/CDW/HCM (Second Level) AW/Med. Mgr. (First Level)    Date

State of California

# Memorandum

Date : November 19, 2007

To : Inmate MARTIN, CDCR # E67269
Facility-D D2-124
Salinas Valley State Prison

Subject: **STAFF COMPLAINT RESPONSE - APPEAL # SVSP-D-07-03489**

**APPEAL ISSUE:** Appellant alleged he spoke with Correctional Sergeant Locke regarding his request to access his legal property stored in the Administrative Segregation Unit (ASU). Appellant said he told the sergeant that he had two active court cases pending in State and Federal Court and that he had a scheduled "court call." Appellant claims the sergeant told him, "I don't give a [expletive deleted] who you had a phone call scheduled with." Appellant claimed the sergeant impeded his access to the courts by refusing to assist him. At the Second level of review the appellant stated his disagreement with the timeliness of the First level review. Appellant alleged the sergeant falsified a report against appellant out of retaliation. The appellant did not attach anything to this appeal.

**DETERMINATION OF ISSUE:** A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review your appeal has been handled as follows:

☒ PROCESSED AS A STAFF COMPLAINT APPEAL INQUIRY
☐ REFERRED TO THE OFFICE OF INTERNAL AFFAIRS (Note: You will be notified of the conclusion of any internal affairs investigation)

**SUMMARY FOR APPEAL INQUIRY:**
You were interviewed on 09/11/07 by Lieutenant Bocella and provided no statement. The following witness(es) was/were questioned: Sergeant Locke. The following information was reviewed as a result of your allegations of staff misconduct: instant appeal.

**FINDINGS FOR AN APPEAL INQUIRY:**
Your appeal is PARTIALLY GRANTED at the ☐ First level ☒ Second level, as an inquiry into your allegation has been conducted. ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE. As such, results of any inquiry/investigation will not be shared with staff, members of the public, or inmates. Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process.

Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process. If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Director's Level of Review. Once a decision has been rendered at the Director's Level of Review, your administrative remedies will be considered exhausted.

G.A. NEOTTI
Chief Deputy Warden
Salinas Valley State Prison

C-7

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

CDC 1858 (2/97)

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

**Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:**

YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER [this includes a departmental peace officer]  FOR ANY IMPROPER POLICE [or peace] OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS' [or inmates'/parolees'] COMPLAINTS.  YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE.  THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY.  CITIZEN [or inmate/parolee] COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.

IT IS AGAINST THE LAW TO MAKE A COMPLAINT THAT YOU KNOW TO BE FALSE.  IF YOU MAKE A COMPLAINT AGAINST AN OFFICER KNOWING IT IS FALSE, YOU CAN BE PROSECUTED ON A MISDEMEANOR CHARGE.  [An inmate/parolee who makes a complaint against a departmental peace officer, knowing it is false, may be issued a serious disiplinary rule violation, in addition to being prosecuted on a misdemeanor charge.]

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| INMATE/PAROLEE PRINTED NAME *RUSSELL MARTIN* | INMATE/PAROLEE'S SIGNATURE *R. Martin* | CDC NUMBER *E-67269* | DATE SIGNED *1/27/08* |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |

DISTRIBUTION:
ORIGINAL
PUBLIC - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

*STAFF REFUSED TO SIGN*

*C-8*

Sgt. Locke

RECEIVED

AUG 2 2 2007

AW COMPLEX H

# INMATE APPEAL ROUTE SLIP

## To: CA2

Date: August 20, 2007

From: INMATE APPEALS OFFICE

Re: Appeal Log Number **SVSP-D-07-03489** By Inmate **MARTIN**, **E67269**    AUG 2 3 2007

Please assign this appeal to appropriate staff for **FIRST** level response.

Appeal Issue: STAFF COMPLAINTS

DUE 9/6/07

Due Date: ~~09/19/2007~~

Special Needs:

STAFF INSTRUCTIONS: **Per Director's Rule 3084.5(f) (2) first level appeal review requires a personal interview with the inmate unless the appeal is granted.** This policy is not within the institution's jurisdiction and cannot be waived. Director's Rule 3084.5(f) (3) provides that a telephonic interview may be conducted if the inmate is not available in person.

Begin response with GRANTED, DENIED, PARTIALLY GRANTED or WITHDRAWN. When complete, return appeal to the Appeals Office. All first level appeals require signature of the Division Head. Appeals that are incomplete will be returned for appropriate completion.

Refer to D.O.M. 54100 for instructions.

T. VARIZ, CC-II / E. MEDINA CC-II
Appeals Coordinators
Salinas Valley State Prison

THIS APPEAL IS A COMPLAINT
AGAINST SGT. LOCKE

EXHIBIT D 1 THRO 2

EXHIBIT: 

COMPLAINT FOR CONSPIRACY AGAINST
PSYCH TECH PAULI, AND SUPERVISOR ROBERTS

D-1

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

| Location | Institution/Parole Region | Log No | Category |
|---|---|---|---|
| 1. | | 1. | |
| 2. | | 2. | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| RUSSELL MARTIN | E-67269 | | D-8-115 |

A. Describe Problem ON 7/3/07 I WAS INTERVIEWED BY PSYCH TECH PAULI, DURING THIS INTERVIEW SHE WAS TAKING NOTES. I TOLD HER I WAS ASSAULTED BY CORRECTIONAL OFFICER ("Co") D. BEATTY. I ALSO TOLD HER I WAS HAVING PROBLEMS TRYING TO SPEAK TO THE UNIT LIEUTENANT ("LT") TRYING TO GET MY INJURIES DOCUMENTED ON CAMERA BECAUSE STAFF IS DELIBERATELY THROWING AWAY MY 602'S AND REQU-EST FOR INTERVIEW FORMS TO THE APPEALS COORDINATOR, AND UNIT LT. I ASKED HER TO NOTIFY THE LT ON MY BEHALF TO NO AVAIL. IN OCT 2007 I FILED FOR A OLSEN REVIEW OF MY MEDICAL RECORDS TO GET A COPY IF THIS INTERVIEW

If you need more space, attach one additional sheet.                    SEE ATTACHED

B. Action Requested WAS PSYCH TECH PAULI, OBLIGATED TO NOTIFY HER SUPERVISOR AND OR CUSTODY. (2) THAT THE SUPPRESSED DOCUMENTS BE LOCATED AND A COPY FOR-WARDED TO ME. (3) AND/OR AN AFFIDAVIT STATING THE DOCUMENTS IS LOST.

Inmate/Parolee Signature: _Russell Martin_     Date Submitted: 12/31/07

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

_____

Staff Signature: _____     Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

Signature: _____     Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed     CDC Appeal Number: _____

CONTINUED SHEET LEVEL A. COMPLAINT FOR CONSPIRACY

WITH PSYCH TECH PAULI, THERE WAS NO RECORD OF IT ON FILE WHICH WAS ODD BECAUSE SHE HAD TO MAKE A RECOMMENDATION FOR ME TO BE SEEN BY A PSYCHIATRIST. I SPOKE WITH MS. PAULI EARLY NOV 2007 AND ASKED HER WHERE CAN I LOCATE THIS INFORMATION BECAUSE IT'S NOT IN MY MEDICAL FILES SHE BECAME DEFENSIVE, AND SMARTALEC AND STATED I DID WHAT MY SUPERVISOR TOLD ME TO DO WITH IT. "I COULDN'T BELIEVE THIS STATEMENT." I ASKED HER A COUPLE DAYS LATER TO MAKE SURE HER STATEMENT WAS ACCURATE. I ASKED HER AGAIN IF THAT WAS HER STATEMENT, AND SHE RECITED IT "VERBATIM": "I DID WHAT MY SUPERVISOR TOLD ME TO DO WITH IT." I ASKED HER WHAT WAS HER SUPERVISOR NAME, AND SHE SAID ROBERTS, SHE ALSO STATED SHE IS WAITING ON YOUR COMPLAINT. BASED ON THESE FACTS IT IS ABSOLUTELY CLEAR PAULI, AND HER SUPERVISOR MS. ROBERTS, HAVE CONSPIRED TO AND DID DESTROYED VALUABLE PERTINENT EVIDENCE IN AN ATTEMPT TO COVER UP THEIR PERSONAL KNOWLEDGE OF EXCESSIVE FORCE BY C/O D. BEATY IN VIOLATION OF PENAL CODE § 132.5. (a) & (b) SEE PEOPLE V. PEREIRA 255 CAL. RPTR 285, 207 CAL. APP. 3d 1057.

PLEASE TAKE NOTICE:

THIS IS MY SECOND COMPLAINT REGARDING THIS MATTER. PAULI REFUSED TO EXCEPT MY INITIAL COMPLAINT AGAINST HER AND HER SUPERVISOR I FORWARDED IT DIRECTLY TO THE APPEALS COORDINATOR REQUESTING A LOG NO * PER DOM 54100.9 TO NO AVAIL. NOW THIS ONE IS BEING SENT TO SUPERVISOR PSYCHIATRIST MS. ROBERTS. CONFIDENTIAL MAIL FOR RESPONSE. "A COPY NOT THE ORIGINAL."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE 12/31/07

RESPECTFULLY SUBMITTED

Russell Martin

EXHIBIT E - 1 PAGE

EXHIBIT: ___**E**___

| | |
|---|---|
| **State of California** | **Department of Corrections and Rehabilitation**    **Salinas Valley State Prison** |

**CHRONOLOGICAL INTERDISCIPLINARY PROGRESS NOTES**    **All Staff, Clinicians**

CELL: *was been trying to speak w/Lt. but Sgt. has told him that she's to busy*

Date: 7/9/07
Time:

Sleep: Good Fair ~~Poor~~    Appetite: Good Fair Poor    Energy Level: Good Fair Poor

Taking Medications: Yes No (No Rx) NA    Disciplinary Problems: Yes No    Homicidal Ideation: None noted or stated

Medication Problem: Yes   No   Not getting   I/M requesting change   Intermittent Compliance

Out of Cell
Refusal f/u
Cell Front

**S** Issues Discussed: Reports that staff has been belittling him w/c in false paperwork on them. "They must (unclear) a problem w/ crocks." Reports that CDS circled food slot & bust my friend." Reported that he also has (unclear) legal paperwork problems Previously took

Problem 1:    Progress: Meds for depression

**O** Mental Status:
General Appearance: WNL   Poorly Groomed   Odor Apparent   Disheveled   Bizarre   Effeminate
Eye Contact: Appropriate   Averts gaze   Minimal   None   Glaring/Intense
Speech: WNL   Excessive   Incoherent   Mute   Rapid   Slow   Stammer   Slurred   Disorganized   Poverty
Behavior: Cooperative   Dismissive   Evasive   Guarded   Menacing   Withdrawn   Enraged   Restless   Silliness
Agitated   Argumentative   Passive   Resistant   Suspicious   Intimidating
Mood: Euthymic   Dysphoric   Irritable   Anxious   Angry   Elevated   Expansive        Stated:
Affect: Appropriate   Inappropriate   Flat   Blunted   Constricted   Labile   Sad   Angry   Anxious   Elated
Thought Process: WNL   Circumstantial   Tangential   Flight of Ideas   Word Salad   Slowed   Blocking
Loosening
Thought Content: WNL   Compulsions   Obsessions   Ruminations   Phobias   Anxieties   Distortions   Exaggerations
Delusions: WNL   Withdrawal Insertion   Outside Control   Paranoid   Grandiose   Erotic   Religious
Perceptual Disturbance: Denied   AH   VH
Suicidal Ideation:   Absent / Present But No Plan / Has Current Plan / Recent Attempt / History of Attempt

**A** Assessment: Stable — ☺ MH

**P** Plan: SEE WEEKLY AND PRN I/M REQUEST

**E** Education of the Patient:

Signature:    S. Torrez, Psy.D.

| INTERDISCIPLINARY PROGRESS NOTES | LEVEL OF CARE: | |
|---|---|---|
| CDCR 7230-MH (Rev. 06/06) Confidential Client/Patient Information See W & I Code, Section 5328 | ADSEG CCCMS GP | Last Name: Martin First Name: Russell CDC #: E07269 DOB: 3/4/65 |

JUL 19 2007

*Reports that he left PSU @SVSP tent he could not program on CYA - Self exp. safety concerns.*

EXHIBIT F 1 THRO 10

EXHIBIT: 

INMATE/PAROLEE
APPEAL FORM
CDC 602 (12/87)

D2

Location: Institution/Parole Region    5VSP-2    Log No. 07-03143    Category  7
1.                                                2.                        3.        CAH=1ST

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

C/o Beatty

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NO. |
|------|--------|------------|---------------|
| RUSSELL MARTIN | E-67269 | | D-2-124 |

A. Describe Problem: ON 6/28/2007 AT APPROXIMATELY 10:30 PM DURNING COUNT TIME I HAD MY CELL DOOR BLOCK/WINDOWS TRYING TO GET THE LIEUTENANT (LT.) OR WHAT COMMANDER OVER TO MY CELL BECAUSE, I AM BEING DENIED ACCESS TO THE COURTS AND LEGAL MATERIALS, C/O BEATTY KNOCKED ON MY CELL DOOR. I DIDN'T ANSWER. HE PROCEEDED TO FINISH COUNT. ABOUT THREE MINUTES LATER C/O BEATTY CAME BACK TO MY CELL DOOR AND OPENED THE FOOD/CUFF PORT IN THE DOOR. IN DIRECT VIOLATION OF DEPARTMENTAL POLICY'S AND OPERATIONAL MANUL PECCEDURES 29 SECTION 29.5.8.1 [STATES VERBATIM] NOTE: FOR STAFF SAFETY, ANY TIME IT BECOMES NECESSARY TO OPEN

If you need more space, attach one additional sheet.    SEE ATTACH

B. Action Requested: AN IMMEDIATE INVESTIGATION BY AN OUTSIDE ORGANIZATION PER DOM 31140.6.1 & 2. (2) AN ON CAMERA INTERVIEW TO DOCUMENT MY INJURIES

REC'D JUL 16 2007

Inmate/Parolee Signature: R. Martin    Date Submitted: 7/9/2007

C. INFORMAL LEVEL (Date Received: _____)

Staff Response: _____

BYPASS

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

Signature: _____    Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed    CDC Appeal Number
Board of Control form BC-1E, Inmate Claim

TINUED SHEET OF CITIZEN COMPLAINT - EXCESSIVE USE OF FORCE #2

od /cuff port to handcuff an inmate, deliver food, medication, or other services, inmate will be instructed to turn on the bright cell light prior to opening the /cuff port. All cell windows should be clear of any coverings. Staff should be able e the inmates hands and determine that the food/cuff port can be safely opened. The inmate refuses to turn on the cell light or refuses to remove any coverings he as over the cell lights the food/cuff port "will not be opened.").

he had something in his hand and tried to throw it into the cell through the food/cuff port. I blocked it with my hands, but couldn't tell what the item was. I asked him man what are you doing? At that point, I have my hands on the food/cuff port. C/o Beatty, takes his O.C. spray off his side . I tell him if he spray me thats assault, he takes two or three steps backwards, and then kicked the food/cuff port with so much force it bust my fingers open which started to bleed immediately all over the cell, he then spray me with a whole can of O.C. spray and slammed the food/cuff port closed, and left. About a minute or two later he returns to my cell open the food/cuff port again and drops a piece of tore sheet on the floor and start yelling stop trying to kill your - self and tell the control officer to push the alarm. When responding staff arrived C/o Beatty, stated I tried to hang myself, pointing at the light in the ceiling. But theres nothing hanging from the ceiling to support his false allegations. I repeatedly tell the two sergeants ("sgt") who's names is unknown at this point. I was deliberately, maliliously and sadistically assaulted by C/o Beatty, who used unnecessary use of exclessive force violating CCR. Title 15. Sec. 3268. (a)(2). I pleaded with them to investigate the crime scene because my two state issued sheets was not tore. I was ordered to handcuff up which I complied. I was then transported to the infirmary by ambulatory and treated for my injuries and placed on suicide watch for approximately eight hours, and it was determined by psychiatrist I was not suicidal, I relieved x-rays per doctor's orders after he seen the damage to my hands before I was returned back to my cell . which the officers moved me from B-section to C-section to avoid me from getting statements from witnesses. C/o Beatty, supervisor nor the watch commander conducted an on camera interview with me, when they knew or should have known C/o Beatty, had absolutely NO AUTHORIZATION to open the food/cuff port. This was a clear cover up by Salinas valley officials. I do have witnesses to the facts of this complaint.

DATE  7/9/2007

RESPECTFULLY SUBMITTED

Russell Mart

F-3

STATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS
CDC 1858 (2/97)

## RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

**Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:**

YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER [this includes a departmental peace officer] FOR ANY IMPROPER POLICE [or peace] OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS' [or inmates'/parolees'] COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN [or inmate/parolee] COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.

IT IS AGAINST THE LAW TO MAKE A COMPLAINT THAT YOU KNOW TO BE FALSE. IF YOU MAKE A COMPLAINT AGAINST AN OFFICER KNOWING IT IS FALSE, YOU CAN BE PROSECUTED ON A MISDEMEANOR CHARGE. [An inmate/parolee who makes a complaint against a departmental peace officer, knowing it is false, may be issued a serious disiplinary rule violation, in addition to being prosecuted on a misdemeanor charge.]

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| INMATE/PAROLEE PRINTED NAME  *RUSSEll MARTIN* | INMATE/PAROLEE'S SIGNATURE  *Russell Martin* | CDC NUMBER  *E-67269* | DATE SIGNED  *9/10/07* |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |

DISTRIBUTION:
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

State of California

9-10-07

**emorandum**

REC'D SEP 18 2007

ate   :   8/14/2007

To   :   Inmate Martin, CDCR # E-67269
          D2-124L

Subject:   **STAFF COMPLAINT RESPONSE - APPEAL # SVSP-D-07-03143**

**APPEAL ISSUE:**
Inmate Martin claims that Correctional Officer Beatty used OC pepper spray, spraying him because he had covered his cell windows during count. Inmate Martin stated that he had covered his cell windows in an attempt to talk to the Lieutenant, because he was having trouble getting to the Law Library. Inmate Martin stated that as Officer Beatty was conducting his count, he (inmate martin) had covered his cell windows and was refusing to respond to Officer Beatty as he knocked on the cell door. Later after count inmate Martin claims that Officer Beatty opened the food port and attempted to throw something inside the cell, but he (inmate Martin) blocked it with his hands and then as he was talking to Officer Beatty through the open food port, Officer Beatty kicked the food port in an attempt to close it, smashing inmate Martin's fingers in the process. Then when the food port fell open, Officer Beatty sprayed him with OC Pepper Spray and made it appear as if inmate Martin was attempting to commit Suicide.

**DETERMINATION OF ISSUE:** A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review your appeal has been handled as follows:

☒  PROCESSED AS A STAFF COMPLAINT APPEAL INQUIRY
☐  REFERRED TO THE OFFICE OF INTERNAL AFFAIRS (Note: You will be notified of the
    conclusion of any internal affairs investigation)

**SUMMARY FOR APPEAL INQUIRY:**

REC'D SEP 26 2007

On August 14, 2007, a video interview was conducted by Lieutenant J. Stevenson. During this Video Interview inmate Martin stated that officer Beatty assaulted him by spraying him with OC Pepper Spray and by kicking the food port closed smashing his fingers. Inmate Martin stated that the inmates in cells D2-112, 114, 115 and 214 witnessed the incident, but he were unable to give Lieutenant Stevenson their names or identify them. As a result, no witnesses were available for questioning.   The following information was reviewed as a result of inmate Martin's allegations of staff misconduct: Staffs report in Incident SVSP-CEN-07-06-0428, the Medical Report of Injury (7219) conducted after the incident, photo copies (four pictures) on the noose that was placed into evidence and inmate Martin's written statement submitted to Lieutenant Stevenson on 8/15/2007.

Correctional Officer D. Beatty was interviewed on 8/23/2007.

Inmate Martin, E-67269, (D2-124)
Staff Complaint # SVSP-D-07-03143

## FINDINGS FOR AN APPEAL INQUIRY:

Your appeal is PARTIALLY GRANTED at the ☒ First level as an investigation is being conducted by the Office of Internal Affairs. ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE. As such, results of any inquiry/investigation will not be shared with staff, members of the public, or inmates. Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process.

Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process. If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Director's Level of Review. Once a decision has been rendered at the Director's Level of Review, your administrative remedies will be considered exhausted.

Please print and sign below:

_____/_____          5/27/07
G. Lewis                                                  Date
Correctional Administrator Complex II
Salinas Valley State Prison

, dissatisfied with this decision. C/O D. Beatty, falsified his entire report in the course of his duty, under color of state law, and filed it out of retaliation because he knew I was going to file a grievance against him for berately assaulting me. This was a criminal act I was subjected to with killing effect. Under circumstances which did not advance legitimate nological goals such as preserving institutional order and discipline, his conduct voilated contemporary standards of decency. C/o Beatty, alleged to Sgt D. Williams, that he assaulted me in self defense once he made these false allegations the whole situation became a crime scene. The whole situation was suppressed and covered up from the beginning. I had my hands slammed in the food/cuff port door busting my fingers open, pepper sprayed. Sgt Williams, never took control of the crime scene. There was "NO" photographs, or video taping of my injuries nor the cell, had photographs been taken of the cell they would have corroborated my statement of the incident which took place, they would have showed I had paper all over the cell floor with tape on it I used to cover up the cell windows. I had a mattress rolled up on the top bunk at the end as you enter the cell. I had blood all over me and the floor my clothing was not taken into evidence or my bed sheets. ["There was no strings hanging from the ceiling light nor ventilation. C/o Beatty, never mentioned in his report how or what I was utilizing to allegedly hang myself it had to be something for him to open up the food/cuff port in an attempt to pepper spray me as he alleged in his report" (his report do not show probable <u>cause</u>") "I was not given a 114-D lock up order until 12 days later." I didn't receive the C.D.C 115 until 19 days later.) "There was never any documentation of any photographs being taken in any of the officers reports. Now I get a response on my excessive force complaint and there is mention of photographs taken of the noose C/o Beatty droped on my cell floor.) This is circumstantial evidence in any court of law SVSP is tampering with evidence.

Based on the above I am respectfully requesting that this complaint be granted in full & the false CDC 115 be dismissed.

Date 9/11/2007                      Respectfully submitted
                                    Russell Martin

F-7

State of California

# Memorandum

Date : October 5, 2007

To : Inmate MARTIN, CDCR # E67269
Facility-D D2-124
Salinas Valley State Prison

Subject: **STAFF COMPLAINT RESPONSE - APPEAL # SVSP-D-07-03143**

**APPEAL ISSUE:** Appellant stated on June 28, 2007, Officer Beatty used OC Pepper Spray, spraying him because he had covered his cell window during count. Appellant stated he had covered his cell windows because he wanted to talk to a Lieutenant about access to the law library and to obtain legal material. Appellant stated the officer was conducting count and had refused to respond to the officer as the officer knocked on his cell door. After count, the appellant alleged the officer returned to his cell and opened the food port to attempt to throw something inside of his cell, which appellant claims he blocked with his hands over the food port. Appellant stated as he was blocking the officer's attempt to throw something in his cell, the officer kicked the food port door to close it and smashed appellant's fingers. Appellant stated the officer then used OC Pepper Spray on him and attempted to make is appear as though the appellant was attempting to commit suicide.

**DETERMINATION OF ISSUE:** A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review your appeal has been handled as follows:

☒ PROCESSED AS A STAFF COMPLAINT APPEAL INQUIRY
☐ REFERRED TO THE OFFICE OF INTERNAL AFFAIRS (Note: You will be notified of the conclusion of any internal affairs investigation)

**SUMMARY FOR APPEAL INQUIRY:**
You were interviewed on August 14, 2007 via video tape by Correctional Lieutenant Stevenson and stated that officer Beatty had assaulted you by spraying you with OC Pepper Spray and by kicking the food port door closed, smashing your fingers. Appellant stated the inmates in cells D2-112 D2-114 D2-115 and D2-214 witnessed the incident. The Lieutenant did not interview the occupants of those cells because the Lieutenant said the appellant did not provide the names of any witnesses.     (The following witness(es) was/were questioned: NONE. The following information was reviewed as a result of your allegations of staff misconduct: Incident Report SVP-CEN-07-06-0428, 7219, four pictures of a noose, appellant's written statement.

**FINDINGS FOR AN APPEAL INQUIRY:**
Your appeal is PARTIALLY GRANTED at the ☐ First level ☒ Second level, as an inquiry into your allegation has been conducted. ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE. As such, results of any inquiry/investigation will not be shared with staff, members of the public, or inmates. Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process.

Inmate MARTIN, E67269
Case No. SVSP-D-07-03143
Page 2

Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process. If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Director's Level of Review. Once a decision has been rendered at the Director's Level of Review, your administrative remedies will be considered exhausted.

G.A. NEOTTI
Chief Deputy Warden
Salinas Valley State Prison

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:   **JAN 1 4** 2008

In re:   Russell Martin, E67269
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020

IAB Case No.: 0712069          Local Log No.: SVSP-07-03143

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner A. A. Read. All submitted documentation and supporting arguments of the parties have been considered.

I   **APPELLANT'S ARGUMENT:** It is the appellant's position that on June 28, 2007, Salinas Valley State Prison (SVSP) Correctional Officer (CO) D. Beatty used Oleoresin Capsicum (OC) Pepper Spray on the appellant due to the appellant covering his cell windows during the count. The appellant states that he covered his cell windows because he wanted to speak with a lieutenant about the appellant's access to the law library and to obtain legal material. It is contended that the officer was conducting the count and had refused to respond to the officer as the officer knocked on the appellant's cell door. After count, the appellant alleges that CO Beatty returned to the appellant's cell door and opened the food port to attempt to throw something inside of the appellant's cell, which the appellant claims that he blocked with his hands over the food port. The appellant claims that as he was blocking the officer's attempt to throw something into the appellant's cell, CO Beatty kicked the food port door to close it and smashed the appellant's fingers. The appellant claims that CO Beatty then used OC Pepper Spray on him and attempted to make it appear as though the appellant was attempting to commit suicide. The appellant requests that an immediate investigation is conducted by an outside organization pursuant to CDC Operations Manual Section (DOM) 31140.6 and that an on camera interview is conducted to document the appellant's injuries.

II   **SECOND LEVEL'S DECISION:** The reviewer found that the appellant's concerns have been properly addressed by involved and/or assigned SVSP staff. The Second Level of Review (SLR) states that the appellant was interviewed on August 14, 2007, by Correctional Lieutenant J. Stevenson regarding the appellant's appeal issues. The reviewer states that the appellant's appeal was granted in part at the First Level of Review (FLR), in that a thorough confidential appeal inquiry into the appellant's allegations was conducted by administrative staff. The appellant was advised that the appeal inquiry was completed; however, the appellant was not advised of the specific finding, as all staff complaint findings are confidential and would not be released to the appellant. On September 11, 2007, the appellant requested a SLR and reiterated his position that he was not satisfied with the FLR response. The appellant did not provide any additional compelling information or facts to warrant modification of the FLR response. The appellant's appeal is granted in part at the SLR, as an inquiry into his allegations has been conducted. All staff personnel matters are confidential in nature and as such, results of any inquiry will not be shared with staff, members of the public or inmates. Although, the appellant has the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process. Based upon the aforementioned information, the SLR granted in part the appeal.

III   **DIRECTOR'S LEVEL DECISION:** Appeal is denied.

  **A. FINDINGS:** The documentation and presented arguments are persuasive that the appellant has failed to support his appeal issue with sufficient evidence or facts to warrant a modification of the SLR. The examiner reviewed California Code of Regulations, Title 15, Section (CCR) 3004, Rights and Respect of Others, CCR 3268, Use of Force, CCR 3271, Responsibility of Employees, and CCR 3391, Employee Conduct. Upon review of the documentation submitted, it is determined that the appellant's allegations have been reviewed and evaluated by administrative staff and an inquiry has been completed at the SLR.

*F-10*

RUSSELL MARTIN, E67269
CASE NO. 0712069
PAGE 2

The examiner contacted Correctional Counselor II T. Variz, Appeals Coordinator, in the SVSP Appeals Office on December 10, 2007, to request and obtain a copy of the finalized inquiry report. On December 10, 2007, the examiner received a faxed copy of the inquiry report containing the institution's decision and/or action taken regarding the appellant's complaint. In the event that staff misconduct was substantiated, the institution would take the appropriate course of action. All staff personnel matters are confidential in nature and not privy to the inquiries of other staff, the general public or the inmate population, and would not be released to the appellant. Although the appellant has the right to submit an appeal as a staff complaint, the request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the appeals process. The appellant has not shown any documentation or other verified evidence that would lend credence to his appeal issues and requests. The appellant has been duly informed regarding his appeal issues and responding institutional staff has addressed all pertinent areas of the appellant's complaint. The examiner finds that the appellant has failed to present any new documentation and/or evidence that would substantiate his claim; therefore, justification for intervention at the Director's Level of Review is not warranted.

**B. BASIS FOR THE DECISION:**
California Penal Code Section: 832.5, 832.7, 832.8, 5058
CCR: 3001, 3004, 3084.1, 3268, 3268.1, 3268.2, 3270, 3271, 3278, 3391
DOM: 13030.10, 31140.14
Administrative Bulletin (AB) 98/10: PROCESSING OF INMATE/PAROLEE APPEALS, CDC FORMS 602, WHICH ALLEGE STAFF MISCONDUCT
AB 05/03: PROCESSING OF ADULT INMATE/PAROLEE APPEALS, CDC FORM 602, WHICH ALLEGE STAFF MISCONDUCT

**C. ORDER:** No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, SVSP
        Appeals Coordinator, SVSP

EXHIBIT G-1 PAGE

EXHIBIT: **6**

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE
CDC 114-D (Rev 10/98)

DISTRIBUTION:
WHITE - CENTRAL FILE          CANARY - WARDEN
BLUE - INMATE (2ND COPY)      PINK - HEALTH CARE MGR
GREEN - ASU                   GOLDENROD - INMATE (1ST COPY)

| INMATE'S NAME MARTIN | CDC NUMBER E-67269 |
|---|---|

## REASON(S) FOR PLACEMENT (PART A)

[X] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

[ ] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

[X] ENDANGERS INSTITUTION SECURITY    [ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:

You, Inmate MARTIN (E-67269), were originally placed in AD-Seg on 06/13/07 due to "Self Expressed Safety Concerns". On 06/28/07, while housed in ASU, You attempted to grab Officer Beatty. Due to this incident you are deemed a threat to the Safety and Security of the Institution, Staff and Inmate Population. Therefore, on 07/13/07, you are being retained in ASU pending the completion to the RVR/D.A. process for "Attempted Battery On A Peace Officer", ICC review, appropriate Housing and Program needs. Additionally your Credit earning, Custody level and Visiting status are subject to change. Your retention in AD-Seg is being ordered per Lieutenant R.A. Boccella. Inmate MARTIN is not a participant in the Mental Health Service Delivery System.

[ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL)    [ ] IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE:    / /

| DATE OF ASU PLACEMENT 07/10/07 | SEGREGATION AUTHORITY'S PRINTED NAME R.A. BOCCELLA | SIGNATURE | TITLE LIEUTENANT |
|---|---|---|---|
| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |

[ ] INMATE REFUSED TO SIGN    INMATE SIGNATURE    CDC NUMBER

## ADMINISTRATIVE REVIEW (PART B)
**The following to be completed during the initial administrative review by Captain or higher by the first working day following placement**

| STAFF ASSISTANT (SA) | INVESTIGATIVE EMPLOYEE (IE) |
|---|---|
| STAFF ASSISTANT'S NAME    TITLE | INVESTIGATIVE EMPLOYEE'S NAME    TITLE |

### IS THIS INMATE:

| | | | | | |
|---|---|---|---|---|---|
| LITERATE? | [ ] YES [ ] NO | EVIDENCE COLLECTION BY IE UNNECESSARY | [ ] YES [ ] NO |
| FLUENT IN ENGLISH? | [ ] YES [ ] NO | DECLINED ANY INVESTIGATIVE EMPLOYEE | [ ] YES [ ] NO |
| ABLE TO COMPREHEND ISSUES? | [ ] YES [ ] NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS | [ ] YES [ ] NO |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | [ ] YES [ ] NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED | [ ] YES |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | [ ] YES | | |

Any "NO" requires SA assignment    Any "NO" may require IE assignment

[ ] NOT ASSIGNED    [ ] NOT ASSIGNED

## INMATE WAIVERS

[ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER    [ ] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

[ ] NO WITNESSES REQUESTED BY INMATE    INMATE SIGNATURE    DATE

## WITNESSES REQUESTED FOR HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |

**DECISION:** [ ] RELEASE TO UNIT/FACILITY_____    [ ] RETAIN PENDING ICC REVIEW    [ ] DOUBLE CELL    [ ] SINGLE CELL PENDING ICC

REASON FOR DECISION:

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | | DATE OF REVIEW |

**57**

See Chronological Classification Review document (CDC 128-G) for specific hearing information

EXhiBiT H 1 ThRc 24

EXHIBIT: 

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| C-57259 | MARTIN | | 2/27/2044 | SVSP | D2-214 | S07-06-003 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS RESISTING STAFF/SPIT IN A | | LOCATION | DATE | TIME |
|---|---|---|---|---|---|
| CCR 3005(c) | PEACE OFFICER WHOSE OF P.C. | | D2-112 | 06/28/07 | 2236 HRS |

**CIRCUMSTANCES**

On Thursday, June 28, 2007, I was working D2 Floor #1, at about 2236 hours, I performed a security check. During the security check I approached cell 112, which is solely occupied by inmate MARTIN, C-57259, when I looked through the cell window, I observed inmate MARTIN place a piece of torn bed sheet around his neck. I gave orders to inmate MARTIN to remove the noose. The inmate did not comply and climbed up to the top bunk and sat on the top bunk, facing the adjacent wall. I continued to give orders to stop and remove the noose, but the inmate did not comply, due to the threat of the inmate haming himself. I activated my personal alarm, and opened the foodport in an attempt to spray the inmate with my Shure 5.0. As soon as the foodport was opened the inmate lunged towards the foodport and reached both arms out in an attempt to grab my belt. I quickly jumped back and slammed the foodport closed by kicking it with my foot. As the foodport was closing, the door slammed on the inmate's arm before he could retrieve it back from the cell. The inmate's hand obstructed the foodport door from closing and the door remained open, and the inmate was still bleeding the foodport. I sprayed my O.C around the face area and ordered the inmate to back away. The inmate complied and I was able to secure the foodport. Upon responding, staff arrived I escorted the inmate to backup to the foodport and submit to handcuffs. Inmate MARTIN complied. Sergeant Williams instructed the control room officer to open the door. When the cell door was opened the inmate was escorted out of his cell by Officer Shaffer and Officer Archer. The inmate was evaluated by medical staff without further incident. The noose was gathered as evidence and placed in locker #5.

Inmate MARTIN is not a participant in the Mental Health Services Delivery System.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ D. Beatty, Correctional Officer | 7- - 7 | D2 Flr. Gar.S1 | S/S |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| ▶ | 7/18/07 | DATE _____ LOC. _____ |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE | A/ | | ▶ | ☐ HO  ☐ SHO  ☐ SC  ☐ FC |
| ☒ SERIOUS | | | | |

## COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| S07-06-0033 | ▶ | 7/10/07 | AM | |

| ☒ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| | ▶ | | | ▶ | | |

**HEARING**

REFERRED TO  ☐ CLASSIFICATION  ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | | SIGNATURE | | DATE | TIME |
|---|---|---|---|---|---|
| | | ▶ | | | |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | | DATE |
|---|---|---|---|---|
| ▶ | | ▶ | | |

| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | | DATE | TIME |
|---|---|---|---|---|
| | ▶ | | | |

CDC 115 (7/88)

804 Sent To Records On 7/6/07 By _____

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| E-67269 | MARTIN | 2/27/2044 | SVSP | D2-214 | S07-06-003 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR §3005(c) | ATTEMPTED BATTERY ON A PEACE OFFICER W/USE OF O.C. | D2-112 | 06/28/07 | 2236 HRS. |

**CIRCUMSTANCES**

On Thursday, June 28, 2007, I was working D2 Floor #1, at about 2236 hours, I conducted a security check. During the security check I approached cell 112, which is solely occupied by Inmate MARTIN, E-67269, when I looked through the cell window, I observed Inmate MARTIN place a piece of torn bed sheet around his neck. I gave orders to Inmate MARTIN to remove the noose. The inmate did not comply and climbed up to the top bunk and sat on the top bunk, facing the adjacent wall. I continued to give orders to stop and remove the noose, but the inmate did not comply. Due to the threat of the inmate hanging himself, I activated my personal alarm, and opened the foodport in an attempt to spray the inmate with my Sabre 5.0. As soon as the foodport was opened the inmate jumped towards the foodport and reached both arms out in an attempt to grab my belt. I quickly jumped back and slammed the foodport closed by kicking it with my foot. As the foodport was closing, the door slammed on the inmate's hand before he could retrieve it back into the cell. The inmate's hand obstructed the foodport door from closing and the door remained open, and the I/M was still blocking the foodport. I sprayed my 5.0 around the face area and ordered the inmate to back away. The inmate complied and I was able to secure the foodport. When responding staff arrived I ordered the inmate to back-up to the foodport and submit to handcuffs. Inmate MARTIN complied. Sergeant Williams instructed the control booth officer to open the door. When the cell door was opened the inmate was escorted out of his cell by Officer Shaffer and Officer Sanchez. The inmate was evaluated by medical staff without further incident. The noose was gathered as evidence and placed in locker #9.

Inmate MARTIN is not a participant in the Mental Health Services Delivery System.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ► D. Beatty, Correctional Officer | 7/6/07 | D2 Flr. Ofcr. #1 | S/M |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| ► (signature) Sgt | 7/14/07 | DATE | LOC. |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☑ SERIOUS | A1 | 7/14/07 | ► (signature) D. CAPCAN | ☐ HO ☑ SHO ☐ SC ☐ FC |

**COPIES GIVEN INMATE BEFORE HEARING**

| ☑ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| S07-06-0033 | ► (signature) | 7-14-07 | 0956 | ☐ 115X ☑ I.E. |

| ☑ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| VSP-CEN-07-06-042 | ► (signature) | 7/16/07 | 1920 | ► (signature) | ① 9/4/07 ① 9/10/07 | ① 1530 ① 2017 |

**HEARING**

**Plea:** NOT GUILTY

**Findings:** Inmate MARTIN was found GUILTY of CCR §3005(c), specifically "Attempted Battery on a Peace Officer W/Use of O.C." a Division "A1" offense. This finding is based on the preponderance of evidence presented at the hearing which does substantiate the charge. The evidence presented at the hearing included: SEE CDC-115-C.

**Disposition:** Inmate MARTIN assessed 00 days forfeiture of credits in accordance with a Division "A1" due to loss of time constraints.

**Additional Disposition:** Inmate MARTIN was counseled and reprimanded.

**Additional Disposition Mitigation:** Recommended by Clinician, Dr. D. Hamlin      Yes [ ]  No [X]
SHO Agrees                                                         Yes [X]  No [ ]

**Classification Referral:** Refer to ICC for program review.

| REFERRED TO ☐ CLASSIFICATION   ☐ BPT/NAEA | | | | |
|---|---|---|---|---|
| ACTION BY: (TYPED NAME) | | SIGNATURE | DATE | TIME |
| C. J. Warfield, Correctional Lieutenant | | ► (signature) | 9/14/07 | 1500 |
| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | | DATE |
| ► K. Jones, Captain | 11-7-07 | ► L. Trexler, C.D.O. | | 11/28/07 |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) ► | | DATE | TIME |

CDC 115 (7/88)

STATE OF CALIFORNIA                                                          DEPARTMENT OF CORRECTIONS

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| E-67269 | MARTIN | CCR §3005 (c) | 06/28/07 | S.V.S.P. | S07-06-0033 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT    [x] YES    [ ] NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| [ ] I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ | |
| [x] I REQUEST my hearing be postponed pending outcome of referral for prosecution. | X *Russell Martin* | X 7/16/07 |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|
| | |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| [ ] I REVOKE my request for postponement. | ▶ | |

## STAFF ASSISTANT

| STAFF ASSISTANT | INMATE'S SIGNATURE | DATE |
|---|---|---|
| [x] REQUESTED    [ ] WAIVED BY INMATE | X *Russell Mart* | X 7/16/07 |

| [ ] ASSIGNED | DATE | NAME OF STAFF |
|---|---|---|

| [ ] NOT ASSIGNED | REASON |
|---|---|

NO HSD/orGED

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | INMATE'S SIGNATURE | DATE |
|---|---|---|
| [ ] REQUESTED    [ ] WAIVED BY INMATE | X *Russell Mart* | X 7/16/07 |

| [x] ASSIGNED | DATE 9/4/07 | NAME OF STAFF C/O J. RUELAS |
|---|---|---|

| [ ] NOT ASSIGNED | REASON |
|---|---|

EVIDENCE / INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)    Staff    (See page 2 of 2)

[x] REPORTING EMPLOYEE    [ ] STAFF ASSISTANT    [ ] INVESTIGATIVE EMPLOYEE    [x] OTHER WITNESSES    [ ] NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | [ ] | [ ] | | [ ] | [ ] |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

On 09/04/07, I was assigned as Investigative Employee for CDC-115 Log #S07-06-0033. I informed Inmate MARTIN of my assignment "SVSP" product my constitutional rights under Eighth and Fourteenth Amendment. I am MARTIN stated that he had no objection to my serving in this capacity.

DEFENDANT'S STATEMENT: On 09/04/07 I interviewed Inmate MARTIN and he made the following statement: "I am respectfully requesting this institution "SVSP" product my constitutional rights under Eighth and Fourteenth Amendment.   I am absolutely innocent of the charge I am accused of.  Officer D. Beatty's acts and conduct was maliciously, wantonly, and oppressively done, and accompanied by ill will and spite for the sole purpose to injure another person.  He then violated penal code(s) 118.1, 132, and 134 in an attempt to cover up the deliberate unnecessary excessive force by "Falsifying an entire report in the course of his duty as a correctional officer."  An act or omission is oppressive, however, if done in a manner which injures or damages or otherwise violates the rights of another person with unnecessary harshness or severity as by misuse or abuse of authority or power or by taking advantage of some weakness or disability or the misfortunes of another person.  [Officer Beatty acted with such malice as implies a spirit of mischief or criminal indifference to civil obligations]  This administration shall deem Officer Beatty's conduct to be worse than unreasonable and he indeed abused his power and authority as a correctional officer under the color of state and federal law.  Officer Beatty's conduct was harmful with a chilling effect and does not advance legitimate penological goals, such as preserving institutional order and discipline.  For the reasons stated above.  I am respectfully requesting

**(Continued On Part C)**

J. Ruelas, Correctional Officer

| | INVESTIGATOR'S SIGNATURE | DATE |
|---|---|---|
| | ▶ *J. Ruelas* | 9/10/07 |

| [x] COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ *J. Ruelas* | TIME 1920 | DATE 7/16/07 |
|---|---|---|---|

CDC 115-A (7/88)    — *If additional space is required use supplemental pages* —    OSP 03 74845

STATE OF CALIFORNIA
**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTIONS
PAGE _2_ OF _2_

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| E-67269 | MARTIN | S07-06-0033 | S.V.S.P. | 09/07/07 |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☐ HEARING  ☒ IE REPORT  ☐ OTHER_____

**(Defendant's Statement Continued)**

that my CDC 115 hearing be tape recorded so my questions and answers will be on record. I truly believe that's the only way I'll receive a fair and impartial hearing at SVSP. If my request is denied, I am requesting the appointment of counsel since I am charged with a false crime. Please take notice: This also places all SVSP top officials on notice the charge against me is false and you will be committing a felony if you conspire with C/O D. Beatty and cover up "his misconduct." I declare under penalty of perjury the foregoing is true and correct.

I Russell Martin, E-67269, housed at Salinas Valley State Prison on 6/28/2007 I was deliberately assaulted by Officer D. Beatty who used unnecessary excessive force. Officer Beatty then falsified an entire CDC 115 in the course of his duty accusing me of "attempted on a peace officer with the use of force O.C. spray." The entire incident was covered up by responding staff who did not collect or photograph valuable pertinent evidence. The following evidence was suppressed. (1.) The crime scene was never photographed or processed. (2.) Officer D. Beatty kicked the food/cuff port door and busted my right hand open. The food/cuff port was not swabbed for blood or photographed. (3.) No photograph was taken of the alleged crime scene. Had photographs been taken they would have corroborated my statement of the incident which took place. The photographs would have showed I had a mattress rolled up on the top bunk at the end as you enter the cell. They would have shown I had paper on the floor with tape on it, I used to board up all my cell windows. (4.) Staff knew I was injured and never photographed my injuries nor took a statement from me. (5.) I had blood all over me and the blood none of my clothing was taken as evidence "nor" bed sheets. (6.) I didn't receive a 114D lock-up order until 12 days after the alleged incident happened. (7.) I received the CDC 115 until 17 days after the alleged incident violating CCR Title 15 sec. 3320.(2) & (C)(1) & (f)(1). I declare under penalty of perjury the foregoing is true and correct."

**REPORTING EMPLOYEE'S STATEMENT:** On 09/06/07, I interviewed Correctional Officer D. Beatty and he made the following statement: "I approached Inmate Martin's cell, he was sitting on the top bunk, I saw Inmate Martin placing a noose around his neck. I gave him orders to stop and he did not. I pressed my alarm and opened the food port, inmate then jumped off his bunk and reached with both arms out through the food port and tried to grab my belt. I backed up and kicked the food port closed and caught Inmate Martin's fingers, I then sprayed him and he complied to orders, I was able to secure the foodport."

**STAFF WITNESS' STATEMENT:** On 09/07/07, I interviewed Correctional Sergeant Williams and he made the following statement: "I responded to an alarm in D2 and was informed by C/O Beatty that Inmate Martin attempted to commit suicide by an inmate hanging device. C/O Beatty stated Inmate Martin would not comply to orders and he opened the foodport to spray Inmate Martin. C/O Beatty stated that when the foodport was opened, Inmate Martin tried to grab his duty belt, then he closed the foodport. While this took place Inmate Martin's right hand was caught on the foodport. I saw what appeared to be blood on his hand. CTC was called and Inmate Martin was evaluated by the RN."

Reporting Employee requested at the hearing:  **Yes.**
Investigative Employee requested at the hearing:  **No.**
Staff / Inmate witnesses requested at the hearing:  **Yes, Lieutenant Roque**
**Sergeant Battles**
**Sergeant Williams**
**Officer Sheffer**
**Officer Crawford**
**Officer Sanchez**
**RN V. Welzenbach**

Additional information in Confidential Reports:  **No.**

J. Ruelas, Correctional Officer

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| | | 9/10/07 |
| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |

☐ COPY OF CDC 115-C GIVEN TO INMATE

CDC 115-C (5/95)

OSP 99 25082

STATE OF CALIFORNIA 4

**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTIONS

PAGE 2 OF 4

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| E-67269 | MARTIN | S07-06-0033 | S.V.S.P. | 09/24/07 |

☐ SUPPLEMENTAL.  ☒ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☒ HEARING  ☐ IE REPORT  ☐ OTHER_____

**Hearing:** 09/24/07.    **Time:** 1500 hours.

**Any Postponement Explained:** The hearing was convened on 09/20/07. However, the hearing was positioned pending the availability of evidence (Noose). On 09/24/07, the hearing was reconvened and ISU Officer Salao was present with the noose, which was brought from Evidence Locker #9.

**Inmate's Health:** Inmate MARTIN stated his health was good. **MHSDS:** Inmate MARTIN **is not** a participant in the Mental Health Services Delivery System. However, the circumstances of the RVR do indicate that Inmate MARTIN exhibited bizarre behavior that raised concerns about his mental health. Based on this a Mental Health assessment was completed by Dr. D. Hamlin, on 07/24/07, and revealed the following:

1) Are there any mental health factors that would cause the inmate to experience difficulty in understanding the disciplinary process and representing his interest in the hearing that would indicate the need for the assignment of a Staff Assistant?

**A:** No. Inmate recalled the event and denied being suicidal or having a fabricated noose. Inmate reported that this incident report was fabricated to cover C/O's Misconduct.

2) In your opinion, did the inmate's mental disorder appear to contribute to the behavior that led to the RVR?

**A:** DID NOT ANSWER

3) If the inmate is found GUILTY of the offense, are there any mental health factors that the Hearing Officer should consider in assessing the penalty?

**A:** DID NOT ANSWER

Based on the Mental Health assessment, the SHO feels that the inmate's behavior did not contribute to the RVR.

Date of Discovery: 06/28/07.                    Initial RVR copy issued on: 07/14/07.
Hearing started on: 09/24/07.                   **Hearing reconvened on: 09/24/07.**
Last document issued to inmate on: 09/10/07.    D.A. postponed date: 07/16/07.
D.A. results issued date: Pending.              **D.A. postponement revoked: 08/31/07.**

**Time Constraints:** The RVR **was not** issued within fifteen (15) days of the date of discovery. Therefore, time constraints have not been met.

**Staff Assistant:** A Staff Assistant was not assigned per CCR §3315(d)(2).

**Investigative Employee:** On 09/04/07, Correctional Officer J. Ruelas was assigned as the Investigative Employee.

**D.A. Referral:** This matter was referred to the District Attorney for possible felony prosecution. Inmate MARTIN **did** originally request his hearing be postponed, pending the outcome of the D.A. referral, as documented by his signature on the CDC-115A, dated 07/16/07. However, via an Inmate Request For Interview, addressed to Counselor Mensing and dated 08/31/07, Inmate MARTIN requested this RVR be heard and revoked his postponement. Inmate MARTIN was advised by this SHO at the time of the hearing that any information developed through the disciplinary process can be used against him as evidence in the prosecution pursuant to CCR §3318(b)(2)(B). Inmate MARTIN stated he understood and was willing to proceed with the hearing. The outcome of the referral is still pending.

| **(Continued On Part C)** | SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|---|
| | C.J. Warfield, Correctional Lieutenant | | 9/24/07 |
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |

CDC 115-C (5/95)

OSP 99 25082

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS
**RULES VIOLATION REPORT - PART C**                                   PAGE 3 OF 4

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|------------|---------------|------------|-------------|--------------|
| E-67269 | MARTIN | S07-06-0033 | S.V.S.P. | 09/24/07 |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☒ HEARING  ☐ IE REPORT  ☐ OTHER_____

**Evidence Requested:** None.

**External/Outside Evidence:** During the hearing the noose was introduced as evidence from Evidence Locker #9. SHO upon inspection of the noose noted that no OC 5.0 Spray odor was present on the noose neither was any blood found on it which would have resulted from a right hand laceration to Inmate MARTIN.

**Video Tape Evidence:** N/A.

**Inmate Plea and Statement:** Inmate MARTIN entered a plea of **NOT GUILTY** and stated, "I did not have a noose around my neck."

**Witnesses Requested:** Inmate MARTIN requested the following witnesses:
Reporting Employee Officer Beatty was Granted.
Staff Witnesses Lieutenant Rogue, Sergeant Battles, Sergeant Williams, Officer Sheffer, Officer Sanchez, RN Welzenbach were Denied.

SHO granted the Reporting Employee as a witness, however, Inmate MARTIN did not have any questions to ask of Officer Beatty. SHO denied Staff Witnesses due to the staff requested being responding staff and did not see what conspired prior to their arrival, the responding staff can only speak to the incident upon what they saw when responding.

**Witness Testimony at Hearing:** None.  **Confidential Information:** None.

**Findings:** Inmate MARTIN is found **GUILTY** of "Attempted Battery on a Peace Officer W/Use of O.C.." This finding is based upon the following preponderance of evidence:

**A:** RVR Log #S07-06-0033 authored by Correctional Officer D. Beatty, which states in part, "On Thursday, June 28, 2007, I was working D2 Floor #1, at about 2236 hours, I conducted a security check. During the security check I approached cell 112, which is solely occupied by Inmate MARTIN, E-67269, when I looked through the cell window, I observed Inmate MARTIN place a piece of torn bed sheet around his neck. I gave orders to Inmate MARTIN to remove the noose. The inmate did not comply and climbed up to the top bunk and sat on the top bunk, facing the adjacent wall. I continued to give orders to stop and remove the noose, but the inmate did not comply. Due to the threat of the inmate hanging himself, I activated my personal alarm, and opened the foodport in an attempt to spray the inmate with my Sabre 5.0. As soon as the foodport was opened the inmate jumped towards the foodport and reached both arms out in an attempt to grab my belt. I quickly jumped back and slammed the foodport closed by kicking it with my foot. As the foodport was closing, the door slammed on the inmate's hand before he could retrieve it back into the cell. The inmate's hand obstructed the foodport door from closing and the door remained open, and the I/M was still blocking the foodport. I sprayed my 5.0 around the face area and ordered the inmate to back away. The inmate complied and I was able to secure the foodport. When responding staff arrived I ordered the inmate to back-up to the foodport and submit to handcuffs. Inmate MARTIN complied. Sergeant Williams instructed the control booth officer to open the door. When the cell door was opened the inmate was escorted out of his cell by Officer Shaffer and Officer Sanchez. The inmate was evaluated by medical staff without further incident. The noose was gathered as evidence and placed in locker #9."

**(Continued on Part C)**

C.J. Warfield, Correctional Lieutenant

| SIGNATURE OF WRITER | | DATE SIGNED |
|---------------------|---|-------------|
| _[signature]_ | | 9/24/07 |
| | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | | | |

CDC 115-C (5/95)                                                      OSP 99 25082

STATE OF CALIFORNIA                                                                DEPARTMENT OF CORRECTIONS
**RULES VIOLATION REPORT - PART C**                                                PAGE 4 OF 4

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|------------|---------------|------------|-------------|--------------|
| E-67269 | MARTIN | S07-06-0033 | S.V.S.P. | 09/24/07 |

| ☐ SUPPLEMENTAL | ☒ CONTINUATION OF: | ☐ 115 CIRCUMSTANCES | ☒ HEARING | ☐ IE REPORT | ☐ OTHER_____ |

**(Finding Continued)**

**B:** CDCR 837-C Staff Report Log# SVSP-CEN-07-06-0428 authored by Correctional Sergeant D. Williams, which states in part, "Upon my arrival to the unit I was informed by Correctional Officer D. Beatty that Inmate MARTIN E-67269, (D-2-112) had attempted to commit suicide by utilizing an inmate manufactured hanging device (ligature) in Cell #112 solely occupied by him. Officer Beatty further stated that Inmate MARTIN's failure to comply with his lawful order to surrender the inmate manufactured hanging device (ligature) caused him to take immediate action by activating his alarm, opening the foodport and spraying Inmate MARTIN with his Sabre 5.0 (O.C.). I was further informed by Officer Beatty that upon opening the food port, Inmate MARTIN attempted to grab his duty belt which led him to close the food port, during the process Inmate MARTIN received an injury to his right hand as the food port shut on it. I observed Inmate MARTIN in his cell holding his right hand with his left had, his right hand appeared to have blood on it. I called for the CTC-Nurse V. Welzenbach and the ERV via the Institutional Radio. Upon the arrival of the CTC-Staff I instructed Officer Beatty to have Inmate MARTIN back up to the food port and be placed in restraints (Hand Cuffs) I then instructed Correctional Officer D. Crawford to open Cell #112, upon opening the cell CTC -Correctional Officer R. Sanchez had Inmate MARTIN kneel down on his knees so that he could be placed in leg restraints by Correctional Officer R. Sanchez of CTC. Inmate MARTIN was then escorted from his cell by Correctional Officer S. Sheffer and C/O R. Sanchez outside for "Decon". A CDC 7219 was performed per direction of the Emergency Room Nurse V. Welzenbach, ID 2864645. Inmate was transported to CTC via ERV for treatment and further evaluation. Upon arrival to CTC Inmate MARTIN was provided with additional "Decon" by escorting staff."

**Conclusion:** Inmate MARTIN was found guilty, but no time was taken due to the fact the fifteen (15) day time for issuance of the RVR was past the fifteenth day. Therefore his rights were violated.

**Enemy Concerns:** None.

**Appeal Rights:** Inmate MARTIN was advised of his appeal rights per CCR §3084.1(a). Inmate MARTIN was advised he will receive a completed copy of the RVR upon final audit by the Chief Disciplinary Officer.

C.J. Warfield, Correctional Lieutenant

| SIGNATURE OF WRITER | | DATE SIGNED 9/24/07 |
|---------------------|--|---------------------|
| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |

| ☐ COPY OF CDC 115-C GIVEN TO INMATE | | |

CDC 115-C (5/95)                                                                    OSP 99 25082

Case 3:08-cv-04067-VRW    Document 1-3    Filed 08/26/2008    Page 16 of 21

# CRIME / INCIDENT REPORT
## PART A - COVER SHEET
CDCR 837-A (REV. 10/06)

| | | Page 1 of 2 | INCIDENT LOG NUMBER | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|---|
| | | | SVSP-CEN-07-06-0428 | 06/28/2007 | 22:36 |

| INSTITUTION | FACILITY | FACILITY LEVEL | INCIDENT SITE | LOCATION | PROGRAM | AD/SEG YARD | USE OF FORCE: |
|---|---|---|---|---|---|---|---|
| SVSP | CEN - Facility D | ☐ I ☐ II ☐ RC<br>☐ III ☑ IV | BUILDING 2 | CELL 112 | ASU | N/A | Yes |

| SPECIFIC CRIME / INCIDENT | | |
|---|---|---|
| Attempted Battery on a Peace Officer | ☑ CCR ☐ PC ☐ N/A NUMBER / SUBSECTION | |

| D.A. REFERRAL ELIGIBLE | CRISIS RESPONSE TEAM ACTIVATED | MUTUAL AID | PIO/AA NOTIFIED |
|---|---|---|---|
| ☑ Yes ☐ No | ☐ Yes ☑ No | ☐ Yes ☑ No | ☑ Yes ☐ No |

### RELATED INFORMATION (CHECK ALL THAT APPLY OR N/A)

| DEATH AND CAUSE OF DEATH | ASSAULT / BATTERY | TYPE OF ASSAULT / BATTERY |
|---|---|---|
| ☑ N/A | ☑ N/A | ☑ N/A<br><br>Other Desc: |

| SERIOUS INJURY | INMATE WEAPONS | TYPE OF WEAPON / SHOTS FIRED / FORCE |
|---|---|---|
| ☑ N/A | ☑ N/A | ☐ N/A<br>1. OC - MK-9<br>#Warning: 0 #Effect: 0 #Chemical: 1 |

| ESCAPES | | |
|---|---|---|
| ☑ N/A | | |

| CONTROLLED SUBSTANCE | WEIGHT/ In Grams | PROGRAM STATUS | EXCEPTIONAL ACTIVITY |
|---|---|---|---|
| ☑ N/A | | ☑ N/A | ☑ N/A |
| | | | EXTRACTION:<br>☑ N/A |

BRIEF DESCRIPTION OF INCIDENT (ONE OR TWO SENTENCES)

On June 28, 2007, at approximately 2236 hours, Inmate Martin E67269(D2-112) committed the act of "Attempted Battery on a Peace Officer" while attempting to hang himself, causing staff to use OC spray.

COMPLETE SYNOPSIS / SUMMARY ON PART A1

| NAME OF REPORTING STAFF (PRINT/TYPE) | TITLE | ID# | BADGE # |
|---|---|---|---|
| P. ROQUE | CORRECTIONAL LIEUTENANT | | 50751 |
| SIGNATURE OF REPORTING STAFF | | PHONE EXT. INCIDENT SITE | DATE<br>6/28/2007 |
| NAME OF WARDEN / AOD (PRINT/ SIGN) | | TITLE | DATE |
| K. JONES | | CUSTODY CAPTAIN | 6/29/2007 |

**CRIME / INCIDENT REPORT**
**PARTC1 - SUPPLEMENT**
· · CDCR 837-C1 (REV. 10/06)

Page 2 of 2

INCIDENT LOG NUMBER
SVSP-CEN-07-06-0428

| NAME  LAST | FIRST | | MI |
|---|---|---|---|
| ROQUE | P. | | NMI |

TYPE OF INFORMATION
☐ CONTINUATION OF REPORT      ☐ CLARIFICATION OF REPORT      ☐ ADDITIONAL INFORMATION

On June 29, 2007, Your Office was faxed incident SVSP-CEN-07-06-0428(Attempted Battery on a Peace Officer). Written in the body of the A1 under "Conclusion" it reads that a CDCR 115 will be issued for the specific act of "Battery on a Peace Officer". This information was listed in error and should read, a CDCR 115 will be issued for the specific act of "Attempted Battery on a Peace Officer" .

All appropriate administrative staff were notified of this incident.  You will be apprised of any further developments in this matter via supplemental reports.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL C1

| SIGNATURE OF REPORTING STAFF | TITLE | | BADGE # | Staff ID # | DATE |
|---|---|---|---|---|---|
| | CORRECTIONAL LIEUTENANT | | | | 5/2007 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| N. WALKER | 7/5/2007 | ☒ Yes  ☐ No | ☐ Yes  ☒ No | 7/5/2007 |
| Facility Captain (A) | | | | |

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART A1 - SUPPLEMENT**
.•CDCR 837-A1 (REV. 10/06)

| | | Page 2 of 2 | INCIDENT LOG NUMBER SVSP-CEN-07-06-0428 |
|---|---|---|---|

| INSTITUTION | FACILITY | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|
| SVSP | CEN - FACILITY D | 06/28/2007 | 22:36 |

TYPE OF INFORMATION:

☑ SYNOPSIS/SUMMARY OF INCIDENT   ☐ SUPPLEMENTAL INFORMATION   ☐ AMENDED INFORMATION   ☐ CLOSURE REPORT

On June 28, 2007, at approximately 2236 hours, Officer D. Beatty was performing a security check of building D2 A pod (Administrative Segregation) when he approached cell 112, (solely occupied by Inmate Martin E67269) and observed Inmate Martin place a noose made from a state sheet around his neck. Officer Beatty gave Inmate Martin verbal orders to remove the noose with negative results. Using the lower bunk Inmate Martin jumped onto the top bunk ignoring the Officers order to stop. Officer Beatty activated his personal alarm device and opened the food port to administer OC spray when Inmate Martin quickly jumped down from the top bunk to the door and stuck both arms out of the food port and attempted to grab Officer Beatty by his duty belt. Officer Beatty stepped away from the food port and attempted to kick the food port closed, however Inmate Martin had his hand in the food port keeping it from closing. Officer Beatty then discharged his OC spray, spraying Inmate Martin in the facial area. Inmate Martin then stepped away from the door and Officer Beatty closed the food port to the cell.

Sergeant D. Williams arrived to the cell door and Officer Beatty ordered Inmate Martin to submit to handcuffs with positive results. Inmate Martin was placed into handcuffs by Officer Beatty and escorted out of the cell By Officer Sanchez and Officer Scheffer without further incident.

Inmate Martin was escorted from the cell and decontaminated from the effects of OC Pepper Spray outside the building with cool air. Inmate Martin was transported to the Correctional Treatment Center for medical evaluation.


SUSPECT(S): Martin E67269

VICTIM(S): N/A

ESCORT(S): Sergeant D. Williams and Officer Scheffer escorted Inmate Martin out of the cell.

EVIDENCE: Officer Beatty collected the noose and placed it into evidence locker #9

USE OF FORCE: Officer Beatty used OC pepper spray in this incident.

MEDICAL/MENTAL HEALTH EVAULATION: RN V. Weizenbach completed a medical evaluation (7219) on Inmate Martin and noted Cut/Laceration to the knuckle area of the right hand. Inmate Martin is not a participant in the Mental Health System at the at any level of care at this time.

CONCLUSION: A CDCR Inmate Martin will receive a CDCR 115 for the specific act of "Battery on a Peace Officer". Inmate Martin will remain on suicide precaution at CTC pending a mental health evaluation.

NOTIFICATION: This case will be referred to the Monterey County District Attorney's Office for prosecution. All appropriate administrative staff were notified of this incident. You will be apprised of any further developments in this matter via supplemental reports.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL A1

| NAME OF REPORTING STAFF (PRINT/TYPE) P. ROQUE | TITLE: CORRECTIONAL LIEUTENANT | ID# | BADGE # 50751 |
|---|---|---|---|
| SIGNATURE OF REPORTING STAFF | | PHONE EXT. INCIDENT SITE | DATE 6/28/2007 |
| NAME OF WARDEN/AOD (PRINT/ SIGN) K. JONES | | TITLE CUSTODY CAPTAIN | DATE 6/29/2007 |

CRIME / INCIDENT REPORT
PART B1 - INMATE
CDCR 837-B1 (REV. 10/06)

Page 3 of 6

| INSTIUTTION | FACILITY | | INCIDENT LOG NUMBER |
|---|---|---|---|
| SVSP | CEN | | SVSP-CEN-07-06-0428 |

### INMATE (ENTIRE SHEET)

| NAME:  LAST | | FIRST | | MI | CDC # | SEX | ETHNICITY | | CII # |
|---|---|---|---|---|---|---|---|---|---|
| MARTIN | | RUSSELL | | NMI | E-67269 | M | BLA | | |

| PARTICIPANT | CLASS SCORE | PVRTC | DATE RECD BY CDC | DATE RECD BY INST | ANTICIPATED RELEASE DATE | RELEASE Date Type | EXTRACTION | DOB | HOUSING |
|---|---|---|---|---|---|---|---|---|---|
| SUSPECT | 229 | YES | | | | MEPD | NO | | |

| CURRENT INMATE LEVEL | ☑ N/A | ☐ CCCMS | ☐ EOP | ☐ DMH | COMMITMENT OFFENSE | COUNTY OF COMMITMENT |
|---|---|---|---|---|---|---|
| IV | ☐ MHCB | ☐ DDP | ☐ DPP | | | |

☐ N/A    DESCRIPTION OF INJURIES, LOCATIONS AND CAUSE

CUT/LACERATION/SLASH TO THE INMATES RIGHT HAND (DIGITS). (INJURY LOCATIONS: 1. RIGHT HAND CAUSE: INMATE - 2. - - 3. - -)

| ☐ N/A    ☑ TREATED AND RELEASED | ☐ HOSPITALIZED | NAME/ LOCATION OF HOSP/ TREATMENT FACILITY |
|---|---|---|
| ☐ DECEASED DATE | ☐ REFUSED TREATMENT    ☐ N/A | CORRECTIONAL TREATMENT CENTER |

| Reason For Death: | Is There ASCA Seious Injur ☑ N/A  PRISON GANG / DISRUPTIVE GROUP    VALIDATED / ASSOCIATED |
|---|---|
| | ⦿ No    ○ Yes |

CRIME / INCIDENT REPORT
PART B2 - STAFF
CDCR 837-B2 (REV. 10/06)

Page 4 of 6

| INSTITUTION | FACILITY | | INCIDENT LOG NUMBER |
|---|---|---|---|
| SVSP | CEN | | SVSP-CEN-07-06-0428 |

### STAFF (ENTIRE SHEET)

| NAME: LAST | FIRST | | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|---|
| ROQUE | P | | | CORRECTIONAL LIEUTENANT | M | HIS | |

| PARTICIPANT | BADGE # | ID # | POST ASSIGN # | POSITION |
|---|---|---|---|---|
| INCIDENT COMMANDER | ▓▓▓▓ | 2860130 | 150100 | WATCH COMMANDER |

☑ N/A    DESCRIPTION OF INJURIES, LOCATION AND CAUSE:

☑ N/A    NAME/ LOCATION OF HOSP/ FACILITY

☑ N/A   ☐ TREATED AND RELEASED
☐ REFUSED TREATMENT   ☐ HOSPITALIZED
☐ DECEASED DATE

Reason For Death

Is There ASCA Serious Injury   ⦿ No  ○ Yes

USED FORCE   ☐ Yes  ☑ No
TYPE OF FORCE:

PROCESSED EVIDENCE   ☐ Yes  ☑ No

| NAME: LAST | FIRST | | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|---|
| WILLIAMS | D. | | | CORRECTIONAL SERGEANT | M | BLA | S/M |

| PARTICIPANT | BADGE # | ID # | POST ASSIGN # | POSITION |
|---|---|---|---|---|
| RESPONDER | ▓▓▓▓ | 2861588 | 140338 | FAC D SGT |

☑ N/A    DESCRIPTION OF INJURIES, LOCATION AND CAUSE:

☑ N/A    NAME/ LOCATION OF HOSP/ FACILITY

☑ N/A   ☐ TREATED AND RELEASED
☐ REFUSED TREATMENT   ☐ HOSPITALIZED
☐ DECEASED DATE

Reason For Death

Is There ASCA Serious Injury   ⦿ No  ○ Yes

USED FORCE   ☐ Yes  ☑ No
TYPE OF FORCE:

PROCESSED EVIDENCE   ☐ Yes  ☑ No

| NAME: LAST | FIRST | | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|---|
| BEATTY | D. | | | CORRECTIONAL OFFICER | M | WHI | S/M |

| PARTICIPANT | BADGE # | ID # | POST ASSIGN # | POSITION |
|---|---|---|---|---|
| VICTIM | ▓▓▓▓ | 2861498 | 141427 | D2 FLOOR ASU |

☑ N/A    DESCRIPTION OF INJURIES, LOCATION AND CAUSE:

☑ N/A    NAME/ LOCATION OF HOSP/ FACILITY

☑ N/A   ☐ TREATED AND RELEASED
☐ REFUSED TREATMENT   ☐ HOSPITALIZED
☐ DECEASED DATE

Reason For Death

Is There ASCA Serious Injury   ⦿ No  ○ Yes

USED FORCE   ☑ Yes  ☐ No
TYPE OF FORCE:
OC

PROCESSED EVIDENCE   ☑ Yes  ☐ No

PART B2 - STAFF
CDCR 837-B2 (REV. 10/06)

Page 5 of 6

| INSTITUTION | FACILITY | | | | | INCIDENT LOG NUMBER | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| SVSP | CEN | | | | | SVSP-CEN-07-06-0428 | | | | |

### STAFF (ENTIRE SHEET)

| NAME: LAST | | FIRST | | MI | TITLE | | | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|---|---|---|---|
| CRAWFORD | | D. | | | CORRECTIONAL OFFICER | | | M | WHI | F/S |
| PARTICIPANT | BADGE # | | ID # | | | POST ASSIGN # | | POSITION | | |
| WITNESS | | | 2862962 | | | 141403 | | D2 CONTROL | | |

☑ N/A   DESCRIPTION OF INJURIES, LOCATION AND CAUSE:

| ☑ N/A   NAME/ LOCATION OF HOSP/ FACILITY | ☑ N/A | ☐ TREATED AND RELEASED | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|---|
| | ☐ REFUSED TREATMENT  ☐ HOSPITALIZED | | ☐ Yes  ☑ No | ☐ Yes  ☑ No |
| Reason For Death | ☐ DECEASED DATE | | TYPE OF FORCE: | |
| | Is There ASCA Serious Injury | ⦿ No  ◯ Yes | | |

| NAME: LAST | | FIRST | | MI | TITLE | | | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|---|---|---|---|
| SANCHEZ | | R | | NM | CORRECTIONAL OFFICER | | | M | OTH | S/SU |
| PARTICIPANT | BADGE # | | ID # | | | POST ASSIGN # | | POSITION | | |
| RESPONDER | | | 2863781 | | | CTC OFFICER | | | | |

☑ N/A   DESCRIPTION OF INJURIES, LOCATION AND CAUSE:

| ☑ N/A   NAME/ LOCATION OF HOSP/ FACILITY | ☑ N/A | ☐ TREATED AND RELEASED | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|---|
| | ☐ REFUSED TREATMENT  ☐ HOSPITALIZED | | ☐ Yes  ☑ No | ☐ Yes  ☑ No |
| Reason For Death | ☐ DECEASED DATE | | TYPE OF FORCE: | |
| | Is There ASCA Serious Injury | ⦿ No  ◯ Yes | | |

| NAME: LAST | | FIRST | | MI | TITLE | | | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|---|---|---|---|
| SHEFFER | | S. | | | CORRECTIONAL OFFICER | | | M | | S/M |
| PARTICIPANT | BADGE # | | ID # | | | POST ASSIGN # | | POSITION | | |
| RESPONDER | | | 2864432 | | | 141454 | | FAC D I/P | | |

☑ N/A   DESCRIPTION OF INJURIES, LOCATION AND CAUSE:

| ☑ N/A   NAME/ LOCATION OF HOSP/ FACILITY | ☑ N/A | ☐ TREATED AND RELEASED | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|---|
| | ☐ REFUSED TREATMENT  ☐ HOSPITALIZED | | ☐ Yes  ☑ No | ☐ Yes  ☑ No |
| Reason For Death | ☐ DECEASED DATE | | TYPE OF FORCE: | |
| | Is There ASCA Serious Injury | ⦿ No  ◯ Yes | | |

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION

DV-1.5.1  *H-14*

CRIME / INCIDENT REPORT
PART B2 - STAFF
CDCR 837-B2 (REV. 10/06)

Page 6 of 6

| INSTITUTION | FACILITY | | | | INCIDENT LOG NUMBER | | | |
|---|---|---|---|---|---|---|---|---|
| SVSP | CEN | | | | SVSP-CEN-07-06-0428 | | | |

### STAFF (ENTIRE SHEET)

| NAME: LAST | | FIRST | | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|---|---|
| WELZENBACH | | VIRGINIA | | | REGISTERED NURSE | F | WHI | M/TUES |

| PARTICIPANT | BADGE # | ID # | | POST ASSIGN # | POSITION |
|---|---|---|---|---|---|
| RESPONDER | | 2864645 | | | ER-NURSE-RN |

☑ N/A    DESCRIPTION OF INJURIES, LOCATION AND CAUSE:

☑ N/A    NAME/ LOCATION OF HOSP/ FACILITY

Reason For Death

☑ N/A

☐ REFUSED TREATMENT

☐ DECEASED DATE

Is There ASCA Serious Injury    ⊙ No ○ Yes

☐ TREATED AND RELEASED

☐ HOSPITALIZED

USED FORCE    ☐ Yes ☑ No

TYPE OF FORCE:

PROCESSED EVIDENCE    ☐ Yes ☑ No

# CRIME / INCIDENT REPORT
## PART C - STAFF REPORT

CDCR 837-C (REV. 10/06)

| Page 1 of 2 | INCIDENT LOG NUMBER |
|---|---|
| | SVSP-CEN-07-06-0428 |

| NAME: LAST | | FIRST | | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|---|---|
| WILLIAMS | | D. | | NMI | 6/29/2007 | 22:36 |

| POST # | POSITION | YEARS OF SERVICE | | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|---|
| 140338 | FACILITY D SERGEANT | 6 YR. | 30 MO. | 6/29/2007 | FACILITY D BDG#2 B-112 |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE |
|---|---|---|---|
| S/M | 22:00-06:00 | Force or Violence - Attempted Battery - attempted battery on a Peace Office | 3005-c1 Force or Violence |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESSES |
|---|---|---|
| | (S) BEATTY | |

| FORCE OBSERVED BY YOU | FORCE USED BY YOU - TYPE OF WEAPON / SHOTS FIRED / FORCE | | | | CHEMICAL AGENTS USED |
|---|---|---|---|---|---|
| NONE | ☑ N/A | WEAPON: | WARNING EFFECT: | LAUNCHER: | EFFECT#: | CHEMICAL/ TYPE: |

| FORCE: | ☐ MINI 14 | | ☐ 37MM | | ☑ N/A |
| ☐ EXPANDABLE BATON | ☐ .38 CAL | | ☐ L8 | | ☐ OC |
| ☐ PHYSICAL FORCE | ☐ 9MM | | ☐ 40MM | | ☐ CN |
| ☐ X10 | ☐ SHOTGUN | | ☐ 40 MM MULTI | | ☐ CS |
| | | | ☐ HFWRS | | ☐ OTHER |

| EVIDENCE COLLECTED BY | EVIDENCE DESCRIPTION | EVIDENCE DESCRIPTION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ Yes | | | ☐ Yes | ☐ Yes |
| ☑ No | | | ☑ No | ☑ No |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301/3067 COMPLETED |
|---|---|---|---|---|
| ☐ Yes | | | DESC: | ☐ Yes |
| ☑ No | | | | ☑ No |

NARRATIVE:

On 06/28/07,at approximately 2236 hours,while performing my duties as the Facility "D" Sergeant, I responded to an audible alarm in Delta-2. Upon my arrival to the unit I was informed by Correctional Officer D. Beatty that Inmate Martin E-67269, (D-2-112) had attempted to commit suicide by untilizing an inmate manufactured hanging device (ligature) in cell#112 soley occupied by him. Officer Beatty further stated that Inmate Martin's failure to comply with his lawful order to surrender the inmate manufactured hanging device (ligature) caused him to take immediate action by activating his alarm, opening the food port and spraying Inmate Martin with his Sabre 5.0 (OC). I was further informed by Officer Beatty that upon opening the food port, Inmate Martin Attempted to grab his duty belt which led him to close the food port, during this process Inmate Martin received an injury to his right hand as the food port shut on it. I observed Inmate Martin in his cell holding his right hand with his left hand, his right hand appeared to have blood on it. I called for the CTC-Nurse V. Welzenbach and the ERV via the Institutional Radio. Upon the arrival of the CTC- Staff I instructed Officer Beatty to have Inmate Martin back up to the food port and be placed in restraints (Hand Cuffs) I then instructed Correctional Officer D. Crawford to open cell #112, upon opening the cell CTC- Correctional Officer R. Sanchez had Inmate Martin

☑ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID# | DATE |
|---|---|---|---|---|
| | Correctional Sergeant | | 588 | 6/28/2007 |
| NAME AND TITLE OF REVIEWER (PRINT/ SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
| P. ROQUE | 6/29/2007 | ☑ Yes ☐ No | ☐ Yes ☑ No | 6/29/2007 |
| CORRECTIONAL LIEUTENANT | | | | |

CRIME / INCIDENT REPORT

| PARTC1 - SUPPLEMENT | Page 2 of 2 | INCIDENT LOG NUMBER |
|---|---|---|
| CDCR 837-C1 (REV. 10/06) | | SVSP-CEN-07-06-0428 |

| NAME   LAST | FIRST | MI |
|---|---|---|
| WILLIAMS | D. | NMi |

TYPE OF INFORMATION

CONTINUATION OF REPORT ☐    CLARIFICATION OF REPORT ☐    ADDITIONAL INFORMATION ☐

kneel down on his knees so that he could be placed in leg restraints by Correctional Officer R. Sanchez of CTC. Inmate Martin was then escorted from his cell by Correctional Officer S. Sheffer and C/O R. Sanchez out side for "Decon". A CDC 7219 was performed per direction of the Emergency Room Nurse V. Welzenbach, ID 2864645. Inmate was transported to CTC via ERV for treatment and further evaluation. Upon arrival to CTC Inmate Martin was provided with additional" decon" by escorting staff.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL C1

| SIGNATURE OF REPORTING STAFF | TITLE CORRECTIONAL SERGEANT | BADGE # | Staff ID # 2861588 | DATE 6/30/2007 |
|---|---|---|---|---|
| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED ☐ Yes ☐ No | CLARIFICATION NEEDED ☐ Yes ☐ No | DATE |

H-17

CRIME / INCIDENT REPORT
PART C - STAFF REPORT

CDCR 837-C (REV. 10/06)

Page __1__ of __2__

INCIDENT LOG NUMBER
SUSP-CEN-07-06-0428

| NAME LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| BEATTY | D | S | 6/28/07 | 2236 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| | D2 FLOOR #1 | 6 YR. 4 MO. | 6/29/07 | D2 B-POD |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | | CCR SECTION / RULE |
|---|---|---|---|---|
| S/M | 2200-0600 | ATTEMPTED BATTERY ON P.O. / USE OF O.C. | | 3005 (C) |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESSES) | |
|---|---|---|---|
| ☒ PRIMARY | S- SGT. D. WILLIAMS | S- MARTIN | E-67269 |
| ☒ RESPONDER | S- OFFICER SHAFFER | | |
| ☒ WITNESS | S- OFFICER SANCHEZ | | |
| ☒ VICTIM | | | |
| ☒ CAMERA | | | |
| ☒ SCRIBE | | | |

| FORCE USED BY YOU | FORCE USED BY YOU - TYPE OF WEAPON / SHOTS FIRED / FORCE | | | | |
|---|---|---|---|---|---|
| ☒ WEAPON | ☒ N/A | WEAPON: | WARNING EFFECT: | LAUNCHER: EFFECT#: | CHEMICAL/ TYPE: |
| ☒ PHYSICAL | | ☒ MINI 14 | | ☒ 37MM | ☒ N/A |
| ☒ CHEMICAL | FORCE: | ☒ .38 CAL | | ☒ L8 | ☒ OC SABRE 5.0 |
| ☒ NONE | ☒ EXPANDABLE BATON | ☒ 9MM | | ☒ 40MM | ☒ CN |
| | ☒ PHYSICAL FORCE | ☒ SHOTGUN | | ☒ 40 MM MULTI | ☒ CS |
| FORCE OBSERVED BY YOU | ☒ X10 | | | ☒ HFWRS | ☒ OTHER ___ |
| ☒ WEAPON | | | | | |
| ☒ PHYSICAL | EVIDENCE DESCRIPTION | EVIDENCE DESCRIPTION | | BIO HAZARD | PPE |
| ☒ CHEMICAL | ☒ N/A | ☒ N/A | | ☒ Yes | ☒ Yes |
| ☒ NONE | TORN BEDSHEET (NOOSE) | | | ☒ No | ☒ No |
| EVIDENCE COLLECTED BY | | | | | |
| ☒ Yes | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | | SCIF 3301/3067 COMPLETED |
| ☒ No | ☒ N/A | ☒ N/A | ☒ BODILY | ☒ N/A | ☒ Yes |
| REPORTING STAFF INJURED | | | ☒ UNKNOWN | | ☒ No |
| ☒ Yes | | | ☒ OTHER | | |
| ☒ No | | | | | |

NARRATIVE:

ON THURSDAY JUNE 28, 2007, I WAS WORKING D2 FLOOR #1. AT ABOUT 2236 HOURS I CONDUCTED A SECURITY CHECK. DURING THE SECURITY CHECK I APPROACHED CELL 112, WHICH IS SOLELY OCCUPIED BY I/M MARTIN E-67269. WHEN I LOOKED THROUGH THE CELL WINDOW I OBSERVED I/M MARTIN PLACE A PIECE OF TORN BEDSHEET AROUND HIS NECK. I GAVE ORDERS TO I/M MARTIN TO REMOVE THE NOOSE. THE I/M DID NOT COMPLY AND CLIMBED UP TO THE TOP BUNK AND SAT ON THE TOP BUNK, FACING THE ADJACENT WALL. I CONTINUED TO GIVE ORDERS TO STOP AND REMOVE THE NOOSE, BUT THE I/M DID NOT COMPLY. DUE TO THE THREAT OF THE I/M HANGING HIMSELF, I ACTIVATED MY PERSONAL ALARM, AND OPENED THE FOODPORT IN AN ATTEMPT TO SPRAY THE I/M WITH MY SABRE 5.0. AS SOON AS THE FOODPORT WAS OPENED THE I/M JUMPED TOWARDS THE FOOD PORT AND REACHED BOTH ARMS OUT IN AN ATTEMPT TO GRAB MY BELT. I QUICKLY JUMPED BACK AND SLAMMED THE FOODPORT CLOSED BY KICKING IT WITH MY FOOT. AS THE FOODPORT WAS CLOSING THE DOOR SLAMMED ON THE I/M HAND BEFORE HE COULD RETRIEVE IT BACK INTO THE CELL. THE I/M HAND OBSTRUCTED THE FOODPORT DOOR FROM CLOSING AND THE DOOR REMAINED

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE C/O | BADGE # ___ #861498 | DATE 6/29/07 |
|---|---|---|---|
| NAME AND TITLE OF REVIEWER (PRINT/ SIGNATURE) D. Williams, Sgt | DATE RECEIVED 6/29/07 | APPROVED ☒ Yes ☒ No | CLARIFICATION NEEDED ☒ Yes ☒ No | DATE 6/29/07 |

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

CRIME / INCIDENT REPORT
ARTC1 - SUPPLEMENT
DCR 837-C1 (REV. 10/06)

Page __2__ of __2__

INCIDENT LOG NUMBER

NAME LAST
BEATTY

FIRST
D

MI

TYPE OF INFORMATION
[X] CONTINUATION OF REPORT    [▨] CLARIFICATION OF REPORT    [▨] ADDITIONAL INFORMATION

OPGN, AND THE I/M WAS STILL BLOCKING THE FOODPORT. I SPRAYED MY
SAMPLE S.O AROUND THE FACE AREA AND ORDERED THE I/M TO BACK
AWAY. THE I/M COMPLIED AND I WAS ABLE TO SECURE THE FOODPORT.
WHEN RESPONDING STAFF ARRIVED I ORDERED THE I/M TO BACKUP TO THE
FOODPORT AND SUBMIT TO HAND CUFFS, I/M MARTIN COMPLIED. SGT
WILLIAMS INSTRUCTED THE CONTROL BOOTH OFFICER TO OPEN THE DOOR. WHEN
THE CELL DOOR WAS OPENED THE I/M WAS ESCORTED OUT OF HIS CELL
BY OFFICER SHAFFER AND OFFICER SANCHEZ, THE I/M WAS EVALUATED BY
MEDICAL STAFF WITHOUT FURTHER INCIDENT. THE NOOSE WAS GATTHEREN
AS EVIDENCE AND PLACED IN LOCKER #9.

CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL C1

SIGNATURE OF REPORTING STAFF
D

TITLE
C/O

BADGE #

DATE
6/24/07

NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE)
J. W. C. Lamon.  Sgt.

DATE RECEIVED
6/29/07

APPROVED
[X] Yes  [▨] No

CLARIFICATION NEEDED
[▨] Yes  [▨] No

DATE
6/29/07

H-19

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

CRIME / INCIDENT REPORT
PART C - STAFF REPORT

CDCR 837-C (REV. 10/06)

Page __1__ of __2__

INCIDENT LOG NUMBER: SVSP-CE-07060-0428

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| BEATTY | D | S | 6/29/07 | 2236 |

| POST # | POSITION | YEARS OF SERVICE | | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|---|
| 141427 | D2 FLOOR #1 | 6 YR. | 4 MO. | 6/29/07 | DELTA-2-B-POD-112 |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE |
|---|---|---|---|
| S/M | 2200-0600 | ATTEMPTED BATTERY ON P.O. / USE OF O.C. | 3005(c) |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESSES) |
|---|---|---|
| ☒ PRIMARY | S - SGT. D. WILLIAMS | S - MARTIN   G-67269 |
| ☐ RESPONDER | S - OFFICER SHAFFER | |
| ☐ WITNESS | | |
| ☐ VICTIM | | |
| ☐ CAMERA | | |
| ☐ SCRIBE | | |

FORCE USED BY YOU - TYPE OF WEAPON / SHOTS FIRED / FORCE

| FORCE USED BY YOU | | WEAPON: | WARNING | EFFECT: | LAUNCHER: | EFFECT#: | CHEMICAL TYPE: |
|---|---|---|---|---|---|---|---|
| ☐ WEAPON | ☒ N/A | ☐ MINI 14 | | | ☐ 37MM | | ☐ N/A |
| ☒ PHYSICAL | FORCE: | ☐ .38 CAL | | | ☐ LB | | ☒ OC   SABRE 5.0 |
| ☒ CHEMICAL | ☐ EXPANDABLE BATON | ☐ 9MM | | | ☐ 40MM | | ☐ CN |
| ☐ NONE | ☒ PHYSICAL FORCE | ☐ SHOTGUN | | | ☐ 40 MM MULTI | | ☐ CS |
| | ☐ X10 | | | | ☐ HFWRS | | ☐ OTHER |

| FORCE OBSERVED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DESCRIPTION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ WEAPON | | | | |
| ☐ PHYSICAL | ☐ N/A | ☒ N/A | | |
| ☐ CHEMICAL | TORN BEDSHEET | | ☐ Yes | ☐ Yes |
| ☒ NONE | (NOOSE) | | ☒ No | ☒ No |

| EVIDENCE COLLECTED BY | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301/3067 COMPLETED |
|---|---|---|---|---|
| ☒ Yes | | | | |
| ☐ No | ☒ N/A | ☒ N/A | ☐ BODILY   ☒ N/A | ☐ Yes |
| REPORTING STAFF INJURED | | | ☐ UNKNOWN | ☒ No |
| ☐ Yes | | | ☐ OTHER | |
| ☒ NO | | | | |

NARRATIVE:

ON THURSDAY JUNE 29, 2007, I WAS WORKING D2 FLOOR #1, AT ABOUT 2236 HOURS. I CONDUCTED A SECURITY CHECK. DURING THE SECURITY CHECK I APPROACHED CELL 112, WHICH IS SOLELY OCCUPIED BY I/M MARTIN G-67269, WHEN I LOOKED THROUGH THE CELL WINDOW I OBSERVED I/M MARTIN PLACE A PIECE OF TORN BEDSHEET AROUND HIS NECK. I GAVE ORDERS TO I/M MARTIN TO REMOVE THE NOOSE. THE I/M DID NOT COMPLY AND CLIMBED UP TO THE TOP BUNK AND SAT ON THE TOP BUNK, FACING THE ADJACENT WALL. I CONTINUED TO GIVE ORDERS TO STOP AND REMOVE THE NOOSE, BUT THE I/M DID NOT COMPLY. DUE TO THE THREAT OF THE I/M HANGING HIMSELF, I ACTIVATED MY PERSONAL ALARM, AND OPENED THE FOODPORT IN AN ATTEMPT TO SPRAY THE I/M WITH MY SABRE 5.0. AS SOON AS THE FOOD PORT WAS OPENED THE I/M JUMPED TOWARDS THE FOOD PORT AND REACHED BOTH ARMS OUT IN AN ATTEMPT TO GRAB MY BELT. I QUICKLY JUMPED BACK AND SLAMMED THE FOODPORT CLOSED BY KICKING IT WITH MY FOOT. AS THE FOODPORT WAS CLOSING THE DOOR SLAMMED ON THE I/M HAND BEFORE HE COULD RETRIEVE IT BACK INTO THE CELL. THE I/M HAND OBSTRUCTED THE FOODPORT DOOR FROM CLOSING AND THE DOOR REMAINED

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| | C/O | 61498 | 6/29/07 |

| NAME AND TITLE OF REVIEWER (PRINT/ SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| D. Williams, SGT. | 6/29/07 | ☒ Yes  ☐ No | ☐ Yes  ☒ No | 6/29/07 |

STATE OF CALIFORNIA
CRIME / INCIDENT REPORT
PART C1 - SUPPLEMENT
CDCR 837-C1 (REV. 10/06)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 2 of 2

| INCIDENT LOG NUMBER |
| --- |
| SVSP-CE-07-06-0428 |

| NAME LAST | FIRST | MI |
| --- | --- | --- |
| BEATTY | D | |

TYPE OF INFORMATION
☒ CONTINUATION OF REPORT   ☒ CLARIFICATION OF REPORT   ☒ ADDITIONAL INFORMATION

OPEN, AND THE I/M WAS STILL BLOCKING THE FOODPORT. I SPRAYED MY SINGLE S.O AROUND THE FACE AREA AND ORDERED THE I/M TO BACK AWAY. THE I/M COMPLIED AND I WAS ABLE TO SECURE THE FOODPORT. WHEN RESPONDING STAFF ARRIVED I ORDERED THE I/M TO BACKUP TO THE FOODPORT AND SUBMIT TO HAND CUFFS. I/M MARTIN COMPLIED. SGT WILLIAMS INSTRUCTED THE CONTROL BOOTH OFFICER TO OPEN THE DOOR. WHEN THE CELL DOOR WAS OPENED THE I/M WAS ESCORTED OUT OF HIS CELL BY OFFICER SHAFFER AND OFFICER SANCHEZ. THE I/M WAS EVALUATED BY MEDICAL STAFF WITHOUT FURTHER INCIDENT. THE NOSE WAS GATHERED AS EVIDENCE AND PLACED IN LOCKER #9.

☒ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
| --- | --- | --- | --- |
| | C/O | | 6/29/07 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
| --- | --- | --- | --- | --- |
| D. Williams, Sgt. | 6/29/07 | ☒ Yes  ☒ No | ☒ Yes  ☒ No | 6/29/07 |

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

CRIME / INCIDENT REPORT
PART C - STAFF REPORT
CDCR 837-C (Rev. 07/05)

PAGE _1_ OF _1_

INCIDENT LOG NUMBER
SVSP-CEN-07-06-0478

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| SHEFFER | S | T | 06/28/07 | 2236 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 141454 | FAC D I/P | YR. 6 MO. | 06/29/07 | D2-112 |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE | ☐ N/A |
|---|---|---|---|---|
| S/M | 2200-0600 | ATTEMPTED BATTERY ON A PEACE OFFICER | 3005(C) | |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY | (S) SGT. D. WILLIAMS | (S) MARTIN EG7269 |
| ☒ RESPONDER | (S) C/O D. BEATTY | |
| ☐ WITNESS | (S) C/O R. SANCHEZ | |
| ☐ VICTIM | (S) | |
| ☐ CAMERA | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | | | CHEMICAL AGENTS USE BY YOU |
|---|---|---|---|---|
| ☐ WEAPON | NO: | NO: | TYPE: | TYPE: |
| ☐ PHYSICAL | ☐ MINI-14 ____ | ☐ 37MM ____ | ____ | ☐ OC ____ |
| ☐ CHEMICAL | ☐ 9 MM ____ | ☐ 40 MM ____ | ____ | ☐ CN ____ |
| ☒ NONE | ☐ 38 CAL ____ | ☐ L8 ____ | ____ | ☐ CS ____ |
| FORCE OBSERVED BY YOU | ☐ SHOTGUN ____ | ☐ 40 MULTI ____ | ____ | ☐ OTHER: ____ |
| ☐ WEAPON | | ☐ HFWRS | | |
| ☐ PHYSICAL | ☒ N/A | ☐ BATON | | ☒ N/A |
| ☐ CHEMICAL | | | | |
| ☒ NONE | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY ☒ N/A | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☐ UNKNOWN | ☒ NO |
| | | | ☐ OTHER: ____ | |

NARRATIVE:

ON JUNE 28, 2007 AT ABOUT 2236 HOURS I RESPONDED TO AN AUDIBLE ALARM IN FACILITY D BUILDING 2 CELL 112. UPON MY ARRIVAL I OBSERVED CORRECTIONAL OFFICER (C/O) D. BEATTY IN B POD STANDING IN FRONT OF CELL 112, BELONGING TO INMATE MARTIN EG7269, INSIDE THE CELL 112 I OBSERVED INMATE MARTIN PACING BACK AND FORTH, THE INMATE APPEARED TO BE AGITATED, MEDICAL WAS DISPATCHED BY SGT D. WILLIAMS I LEFT FACILITY D BUILDING 2 TO OPEN THE GATE FOR THE EMERGENCY RESPONSE VEHICLE (ERV), WHEN I RETURNED I NOTICED THAT INMATE MARTIN WAS ALREADY IN HANDCUFFS AND WAS PREPARING FOR LEG RESTRAINTS TO BE APPLIED. THE LEG RESTRAINTS WERE APPLIED ON INMATE MARTIN By OFFICER R. SANCHEZ, ONCE THE LEG RESTRAINT TO BE APPLIED AND SECURED ON MARTIN, I THEN ASSISTED OFFICER SANCHEZ IN ESCORTING INMATE MARTIN TO THE ERV AND THEN CTC. AT CTC INMATE MARTIN WAS TREATED BY THE REGISTERED NURSE ON DUTY AND THEN PLACED ONTO SUICIDE PRECAUTION.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE C/O | BADGE # | DATE 06/29/07 |
|---|---|---|---|
| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) D. Williams Sgt. | DATE RECEIVED 6/29/07 | APPROVED ☒ YES ☐ NO   CLARIFICATION NEEDED ☐ YES ☒ NO | DATE 6/29/07 |

Distribution:    Original  Incident Package    Copy: Reporting Employee    Copy: Reviewing Supervisor

STATE OF CALIFORNIA
CRIME / INCIDENT REPORT
PART C - STAFF REPORT
CDCR 837-C (REV. 10/06)

Page _1_ of _1_

INCIDENT LOG NUMBER
SUSP-05-07-06-0478

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| BRANFORD | D | | 6/28/07 | 2236 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| A1403 | D2 CONTROL | 4 YR. 3 MO. | 6/28/07 | D2 112 |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE |
|---|---|---|---|
| F/S | 2200/0600 | ATTEMPTED BATTERY ON A PEACE OFFICER | 3005(b) |

YOUR ROLE          WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER)          INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESSES)

| | | | |
|---|---|---|---|
| ☒ PRIMARY | S.T. P WILLIAMS | | MARTIN (E67269) |
| ☒ RESPONDER | C/o D. BEATTY | | |
| ☒ WITNESS | | | |
| ☒ VICTIM | | | |
| ☒ CAMERA | | | |
| ☒ SCRIBE | | | |

FORCE USED BY YOU / TYPE OF WEAPON / SHOTS FIRED / FORCE

FORCE USED BY YOU
- ☒ WEAPON
- ☒ PHYSICAL
- ☒ CHEMICAL
- ☒ NONE

WEAPON:
- ☒ N/A
- ☐ MINI 14
- ☐ .38 CAL
- ☐ 9MM
- ☐ SHOTGUN

FORCE:
- ☐ EXPANDABLE BATON
- ☐ PHYSICAL FORCE
- ☐ X10

WARNING EFFECT: _____

LAUNCHER:
- ☐ 37MM
- ☐ LB
- ☐ 40MM
- ☐ 40 MM MULTI
- ☐ HFWRS

EFFECT#: _____

CHEMICAL/ TYPE:
- ☒ N/A
- ☐ OC
- ☐ CN
- ☐ CS
- ☐ OTHER

FORCE OBSERVED BY YOU
- ☐ WEAPON
- ☐ PHYSICAL
- ☐ CHEMICAL
- ☒ NONE

| EVIDENCE DESCRIPTION | EVIDENCE DESCRIPTION | BIO HAZARD | PPE |
|---|---|---|---|
| ☒ N/A | ☒ N/A | ☐ Yes  ☒ No | ☐ Yes  ☒ No |

EVIDENCE COLLECTED BY
- ☐ Yes
- ☒ No

| DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301/3067 COMPLETED |
|---|---|---|---|
| ☒ N/A | ☒ N/A | ☐ BODILY   ☒ N/A ☐ UNKNOWN ☐ OTHER _____ | ☐ Yes  ☒ No |

REPORTING STAFF INJURED
- ☐ Yes
- ☒ No

NARRATIVE:

ON 6/28/07 AT APPROXIMATELY 2236 HOURS WHILE PERFORMING MY DUTIES AS D2 CONTROL BOOTH OFFICER I WAS OBSERVING OFFICER D. BEATTY CONDUCT A SECURITY CHECK. WHEN BEATTY APPROACHED CELL 112, WHICH IS SOLELY OCCUPIED BY INMATE MARTIN (E67269) I HEARD BEATTY GIVE SEVERAL ORDERS TO DROP THE NOOSE. AT THIS TIME BEATTY ACTIVATED HIS PERSONAL ALARM. I THEN WENT TO THE OPEN THE FRONT DOOR FOR RESPONDING STAFF. WHEN I RETURNED TO B POD BEATTY WAS STILL OBSERVING CELL 112. AFTER STAFF ARRIVED MARTIN WAS PLACED IN HANDCUFFS THROUGH THE FOOD/CUFF PORT AND I WAS GIVEN THE ORDER TO OPEN THE CELL DOOR BY SERGEANT D WILLIAMS. MARTIN WAS THEN PLACED IN LEG RESTRAINTS. MARTIN WAS GIVEN A MEDICAL EVALUATION AND WAS THEN ESCORTED TO C.T.C. FOR FURTHER EVALUATION.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE C/o | BADGE # | ID# | DATE 6/28/07 |
|---|---|---|---|---|
| NAME AND TITLE OF REVIEWER (PRINT/ SIGNATURE) D. Williams, Sgt. | DATE RECEIVED 6/29/07 | APPROVED ☒ Yes ☐ No | CLARIFICATION NEEDED ☐ Yes ☒ No | DATE 6/29/07 |

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

H-23

# CRIME / INCIDENT REPORT
## PART C - STAFF REPORT
DCR 837-C (REV. 10/06)

Page _1_ of _1_

| INCIDENT LOG NUMBER |
| --- |
| SVSP CEN 07060428. |

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
| --- | --- | --- | --- | --- |
| SANCHEZ | R | R | 06/28/07 | 2236 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
| --- | --- | --- | --- | --- |
| 151063 | CTC/ASU #1 OFFICER | 2 YR. 4 MO. | 06/28/07 | D2 |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE |
| --- | --- | --- | --- |
| S/S | 2200-0600 | ATTEMPTED BATTERY OF A PEACE OFFICER | 3005 (C1) |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESSES) |
| --- | --- | --- |
| ☒ PRIMARY | (S) SGT. D. WILLIAMS | (S) MARTIN, E. 67269 |
| ☒ RESPONDER | (S) C/O D. BEATTY | |
| ☒ WITNESS | (S) C/O D. CRAWFORD | |
| ☒ VICTIM | (S) C/O S. SHEFFER | |
| ☒ CAMERA | | |
| ☒ SCRIBE | | |

| FORCE USED BY YOU | FORCE USED BY YOU - TYPE OF WEAPON / SHOTS FIRED / FORCE | | | |
| --- | --- | --- | --- | --- |
| ☒ WEAPON | ☒ N/A | WEAPON: ☒ MINI 14 | WARNING EFFECT: | LAUNCHER: ☒ 37MM EFFECT#: |
| ☒ PHYSICAL | FORCE: | ☒ .38 CAL | | ☒ L8 |
| ☒ CHEMICAL | ☒ EXPANDABLE BATON | ☒ 9MM | | ☒ 40MM |
| ☒ NONE | ☒ PHYSICAL FORCE | ☒ SHOTGUN | | ☒ 40 MM MULTI |
| | ☒ X10 | | | ☒ HFWRS |

CHEMICAL TYPE:
☒ N/A
☒ OC
☒ CN
☒ CS
☒ OTHER ____

| FORCE OBSERVED BY YOU |
| --- |
| ☒ WEAPON |
| ☒ PHYSICAL |
| ☒ CHEMICAL |
| ☒ NONE |

| EVIDENCE DESCRIPTION | EVIDENCE DESCRIPTION | BIO HAZARD | PPE |
| --- | --- | --- | --- |
| ☒ N/A | ☒ N/A | ☒ Yes  ☒ No | ☒ Yes  ☒ No |

| EVIDENCE COLLECTED BY |
| --- |
| ☒ Yes |
| ☒ No |

| | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301/3067 COMPLETED |
| --- | --- | --- | --- | --- |
| REPORTING STAFF INJURED | ☒ N/A | ☒ N/A | ☒ BODILY  ☒ N/A | ☒ Yes |
| ☒ Yes | | | ☒ UNKNOWN | ☒ No |
| ☒ No | | | ☒ OTHER | |

NARRATIVE:

WHILE PERFORMING MY DUTIES AS CTC/ASU #1 OFFICER ON 06/28/07, DELTA SERGEANT WILLIAMS CALLED IN NEED OF ASSISTANCE FROM EMERGENCY ROOM NURSE AT APPROXIMATELY 2240 HOURS OF A MEDICAL EMERGENCY - ATTEMPTED SUICIDE. I RESPONDED WITH THE EMERGENCY ROOM NURSE TO DELTA TWO BUILDING WHERE INMATE MARTIN, E. 67269. D2-112 HAD BEEN SPRAYED WITH O.C. SPRAY AND WAS PLACED IN MECHANICAL RESTRAINTS. ONCE AT HIS CELL DOOR (D2-112), I INSTRUCTED INMATE MARTIN TO KNEEL DOWN ON THE GROUND TO BE PLACED IN MECHANICAL LEG RESTRAINTS. I INSTRUCTED D2 CONTROL BOOTH OFFICER CRAWFORD TO OPEN CELL DOOR. INMATE WAS THEN PLACED IN MECHANICAL LEG RESTRAINTS AND ESCORTED BY OFFICER SHEFFER AND MYSELF TO THE INSTITUTIONAL TREATMENT CENTER (CTC) VIA EMERGENCY ROOM VAN (ERV) FOR FURTHER TREATMENT AND DECONTAMINATION. THIS CONCLUDES MY REPORT.

| ☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1 | | | | |
| --- | --- | --- | --- | --- |
| SIGNATURE OF REPORTING STAFF | TITLE CORRECTIONAL OFFICER | BADGE # | ID # | DATE 6/28/07 |
| NAME AND TITLE OF REVIEWER (PRINT/SIGNATURE) | DATE RECEIVED 6/29/07 | APPROVED ☒ Yes  ☒ No | CLARIFICATION NEEDED ☒ Yes  ☒ No | DATE |

STATE OF CALIFORNIA

**MEDICAL REPORT OF INJURY
OR UNUSUAL OCCURRENCE**

DEPARTMENT OF CORRECTIONS

H-24

| NAME OF INSTITUTION | FACILITY/UNIT | REASON FOR REPORT (circle) | | ON THE JOB INJURY | DATE |
|---|---|---|---|---|---|
| SUSP | D2 | INJURY / USE OF FORCE / UNUSUAL OCCURRENCE | | PRE AD/SEG ADMISSION | 6/28/07 |

| THIS SECTION FOR INMATE ONLY | NAME    LAST Martin | FIRST Russell | CDC NUMBER e 67269 | HOUSING LOC. D2 112 | NEW HOUSING LOC. |
|---|---|---|---|---|---|

| THIS SECTION FOR STAFF ONLY | NAME    LAST | FIRST | BADGE # | RANK/CLASS | ASSIGNMENT/RDOs |
|---|---|---|---|---|---|

| THIS SECTION FOR VISITOR ONLY | NAME    LAST | FIRST | MIDDLE | DOB | OCCUPATION |
|---|---|---|---|---|---|
| | HOME ADDRESS | CITY | STATE | ZIP | HOME PHONE |

| PLACE OF OCCURRENCE Cell | DATE/TIME OF OCCURRENCE 6/28/07 / 2335 | NAME OF WITNESS(ES) |
|---|---|---|

| TIME NOTIFIED 2237 | TIME SEEN 2250 | ESCORTED BY Scheffer | MODE OF ARRIVAL (circle)   LITTER   WHEELCHAIR   AMBULATORY   ON SITE | AGE 42 | RACE B | SEX M |
|---|---|---|---|---|---|---|

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

I/M STATES HE WAS NOT TRYING TO HANG HIMSELF, THAT HE WAS SET UP. INJURY TO fingers Occured when His HAND WAS at THE FOOD PORT AND THE FOOD PORT WAS KICKED

| INJURIES FOUND? | YES / NO |
|---|---|
| Abrasion/Scratch | 1 |
| Active Bleeding | 2 |
| Broken Bone | 3 |
| Bruise/Discolored Area | 4 |
| Burn | 5 |
| Dislocation | 6 |
| Dried Blood | 7 |
| Fresh Tattoo | 8 |
| Cut/Laceration/Slash | 9 |
| O.C. Spray Area | 10 |
| Pain | 11 |
| Protrusion | 12 |
| Puncture | 13 |
| Reddened Area | 14 |
| Skin Flap | 15 |
| Swollen Area | 16 |
| Other | 17 |
| | 18 |
| | 19 |

| | |
|---|---|
| O.C. SPRAY EXPOSURE? | YES / NO |
| DECONTAMINATED? | YES / NO |
| Self-decontamination instructions given? | YES / NO |
| Refused decontamination? | YES / NO |
| Q 15 min. checks | |
| Staff issued exposure packet? | YES / NO |



OC to Os

| RN NOTIFIED/TIME Welzenbach 2315 | PHYSICIAN NOTIFIED/TIME Kirby 2315 |
|---|---|
| TIME/DISPOSITION 2330 | CTC 115 |

| REPORT COMPLETED BY/TITLE    (PRINT AND SIGN) Virginia Welzenbach, RN    V Welzenbach RN | BADGE # 286  4645 | RDO Th  Tu |
|---|---|---|

(Medical data is to be included in progress note or emergency care record filed in UHR)

CDCR 7219 (Rev. 11/05)    DISTRIBUTION:    ORIGINAL - Custody    CANARY - Inmate/Employee    PINK - Health and Safety / RTW Coordinator (only work related injury)

EXHIBIT I 1 THRU 7

EXHIBIT: 

I-1

RUSSELL MARTIN E-26287
D-2-124
SALINAS VALLEY STATE PRISON
P.O. Box 1050
SOLEDAD, CALIFORNIA
93960


TO. MR. M. EVANS, WARDEN
COMPLAINT REQUESTING INTER-
VENTION BY YOU PERSONALLY FOR
ADEQUATE MEDICAL TREATMENT.
FROM SVSP MEDICAL DOCTOR'S

DATED AUGUST 21/2007


DEAR MR. M. EVANS.

MY NAME IS RUSSELL MARTIN, I WRITE THIS LETTER TO YOU REQUESTING YOUR
IMMEDIATE ASSISTANCE IN RECEIVING ADEQUATE MEDICAL TREATMENT. AS YOU KNOW
MY HAND WAS SLAMMED IN THE FOOD/CUFF PORT BY C/O D.BEATTY. WHEN HE KICKED
IT. I DID RECEIVE MEDICAL TREATMENT ON 6/28/07 AND ON 6/29/07 I HAD MY
HANDS X-RAYED FOR POSSIBLE BROKEN BONES. WHICH SHOWED NEGATIVE FOR
BROKEN BONES. HOWEVER, MY HANDS IS STILL IN CHRONIC PAIN AND NUMBNESS. I
KNOW SOMETHING IS WRONG WITH MY HANDS BECAUSE OF THE PAIN WHICH I BELIEVE
THE LIGAMENTS IS DAMAGED IN MY RIGHT HAND/FINGERS. I NEED AN MRI
CONDUCTED TO DIAGNOSIS THE CORRECT INJURIES TO MY HAND'S. I ALSO INFORMED
THE MEDICAL STAFF THAT THE IBUPROFEN I WAS GIVEN FOR PAIN MEDICATION WAS
NOT WORKING AND I AM IN CONSTANT PAIN. ON 7/27/07 I PUT IN A MEDICAL REQUEST
TO BE RE-SEEN BY THE DOCTOR. IT WAS REQUESTED FOR ME TO BE PLACED ON
DOCTOR LINE ON 7/31/07 I STILL HAVEN'T BEEN SEEN BY A DOCTOR. CAN YOU
PLEASE PICK UP THE PHONE AND ORDER ME AN IMMEDIATE MRI AND BETTER PAIN
MEDICATION. I RESPECTFULLY REQUEST A RESPONSE FROM YOU IN THIS MATTER
THANK YOU.

DATE AUGUST 21/2007                         RESPECTFULLY SUBMITTED

California Department of Corrections and Rehabilitation                          Salinas Valley State Prison

*M E M O R A N D U M*

Date:      09/07/2007

To:        Martin, Russell CDC# E67269

Subject:   **WARDENS CORRESPONDENCE CONTROL# 8141**

Your received your correspondence of August 21, 2007 has been referred to me for review.

Your Unit Health Record has been reviewed and noted that you had an X-ray of your right and left hand on 06/29/2007 which showed no evidence of fractures. You have subsequently been evaluated by a Primary Care Provider on multiple occasions most recently on Tuesday August 28th 2007 and previously on August 21st, July 19th, July 9th and previously.

On the most recent visit it was noted that there had been decrease in swelling with improvement.

According to the Unit Health Record you have been appropriately evaluated and the correct attention has been provided to you for the conditions of your hands.

CHARLES D. LEE, M.D.
Health Care Manager
Salinas Valley State Prison

Cc:   M.S. Evans, Warden

STATE OF CALIFORNIA
CDC 7362 (Rev. 03/04)

# HEALTH CARE SERVICES REQUEST FORM

DEPARTMENT OF CORRECTIONS

| PART I: TO BE COMPLETED BY THE PATIENT |
|---|
| *A fee of $5.00 may be charged to your trust account for each health care visit.* |
| **If you believe this is an urgent/emergent health care need, contact the correctional officer on duty.** |

REQUEST FOR:     MEDICAL ☐     MENTAL HEALTH ☐     DENTAL ☐     MEDICATION REFILL ☐

| NAME | CDC NUMBER | HOUSING |
|---|---|---|
| Russell Martin | E-67269 | D-2-124 |

| PATIENT SIGNATURE | DATE |
|---|---|
| R. Martin | 7/27/07 |

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe Your Health Problem And How Long You Have Had The Problem) *I was assaulted on 6/28/07 by having my hands deliberately kicked in the food/cuff port. Estelle v. Gamble, 429 U.S. 97 "deliberate indifference to serious medical needs" I am being deprived of adequate medical treatment, because medical staff is trying to help the c/o's cover up the excessive force complaint. I am in constant wanton pain*

*NOTE: IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM*

| PART III: TO BE COMPLETED AFTER PATIENT'S APPOINTMENT |
|---|
| ☐ ~~Visit is not exempt from $5.00 copayment. (Send pink copy to Inmate Trust Office.)~~ |

| PART II: TO BE COMPLETED BY THE TRIAGE REGISTERED NURSE |
|---|

| Date / Time Received: 07/27/07   1800 | Received by: _____ |
|---|---|
| Date / Time Reviewed by RN: 7/28/07   0730 | Reviewed by: _____ RN |

S: CC: Pain on (B) hands     Pain Scale: 1  2  3  4 (5) 6  7  8  9  10

A: NKA

O: T: 98.2  P: 77  R: 16  BP: 130/90   WEIGHT:
A 50 y/o 3, c/o pain on (B) hand level 5/10. ⊖ swelling on (B) hand noted. X-ray taken 6/29/07 showing normal bony alignment. Had full ROM.

A: Alteration in comfort.

P: Seen by MD Bowman on 7/15/07

☐ See Nursing Encounter Form   I am taking Ibuprofen per MD Bowman. Warm compress to affected area advised. - Insists of seeing MD Bowman.

E: DC appt to MD line routine.

APPOINTMENT SCHEDULED AS:     EMERGENCY ☒ (IMMEDIATELY)     URGENT ☐ (WITHIN 24 HOURS)     ROUTINE ☐ (WITHIN 14 CALENDAR DAYS)

REFERRED TO PCP:

COMPLETED BY

| DATE OF APPOINTMENT: | |
|---|---|
| NAME OF INSTITUTION: | CVSP |

| INT / STAMP NAME | SIGNATURE / TITLE | DATE/TIME COMPLETED |
|---|---|---|
| J. Yeay, RN | _____ RN | 7/31/07 |

1457662

STATE OF CALIFORNIA
CDC 7362 (Rev. 03/04)

# HEALTH CARE SERVICES REQUEST FORM

DEPARTMENT OF CORRECTIONS

## PART I: TO BE COMPLETED BY THE PATIENT

*A fee of $5.00 may be charged to your trust account for each health care visit.*

*If you believe this is an urgent/emergent health care need, contact the correctional officer on duty.*

| REQUEST FOR: | MEDICAL ☐ | MENTAL HEALTH ☐ | DENTAL ☐ | MEDICATION REFILL ☐ |
|---|---|---|---|---|

| NAME  *RUSSELL MARTIN* | CDC NUMBER  *E-67269* | HOUSING  *D-2-124* |
|---|---|---|

| PATIENT SIGNATURE  *R. Martin* | DATE  *8-21-07* |
|---|---|

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe Your Health Problem And How Long You Have Had The Problem) *I had my hands slammed in the food/cuff port when it was deliberately kicked by a officer, the ligaments is damaged in my right hand which is causing me chronic pain and numbness of the hands. I had an x-ray on 6/29/07. I need a MRI conducted to diagnosis the correct injuries to my hands. Once again SVSP is denying me adequate medical treatment this is an emergency*

*NOTE: IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM*

## PART III: TO BE COMPLETED AFTER PATIENT'S APPOINTMENT

☐ Visit is not exempt from $5.00 copayment. (Send pink copy to Inmate Trust Office.)

## PART II: TO BE COMPLETED BY THE TRIAGE REGISTERED NURSE

| Date / Time Received: | Received by: |
|---|---|
| Date / Time Reviewed by RN: | Reviewed by: |

S:                    Pain Scale:  1  2  3  4  5  6  7  8  9  10

O:     T:        P:        R:        BP:              WEIGHT:

A:
P:
☐ See Nursing Encounter Form

E:

| APPOINTMENT SCHEDULED AS: | EMERGENCY (IMMEDIATELY) ☐ | URGENT (WITHIN 24 HOURS) ☐ | ROUTINE (WITHIN 14 CALENDAR DAYS) ☐ |
|---|---|---|---|
| REFERRED TO PCP: | | DATE OF APPOINTMENT: | |
| COMPLETED BY | | NAME OF INSTITUTION | |
| PRINT / STAMP NAME | SIGNATURE / TITLE | | DATE/TIME COMPLETED |

**CDC 7362 (Rev. 03/04)**    Original - Unit Health Record    Yellow - Inmate (if copayment applicable)    Pink - Inmate Trust Office (if copayment applicable)    Gold - Inmate

STATE OF CALIFORNIA
CDC 7362 (Rev. 03/04)

# HEALTH CARE SERVICES REQUEST FORM

DEPARTMENT OF CORRECTIONS

## PART I: TO BE COMPLETED BY THE PATIENT

*A fee of $5.00 may be charged to your trust account for each health care visit.*

**If you believe this is an urgent/emergent health care need, contact the correctional officer on duty.**

| REQUEST FOR: | MEDICAL ☐ | MENTAL HEALTH ☐ | DENTAL ☐ | MEDICATION REFILL ☐ |
|---|---|---|---|---|

| NAME | CDC NUMBER | HOUSING |
|---|---|---|
| RUSSELL MARTIN | E-67269 | D-2-124 |

| PATIENT SIGNATURE | DATE |
|---|---|
| R. Martin | 8/28/07 |

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe Your Health Problem And How Long You Have Had The Problem) I WAS SEEN BY DR. BOWMAN, ON 8/21/07. I EXPLAINED TO him THAT I AM IN CHRONIC PAIN NOT ONLY MY hANd's BUT MY BACK ANd I BELIEVE I HAVE POOR CIRCULATION IN MY LEG's A@ WELL. DR. BOWMAN, looked ME IN MY FACE ANd ASKED ME WHAT do You WANT ME TO do? " I CAN'T hELP YOU "! I WANT TO BE SEEN BY A COMP-ETENT DR. immEdiATELY ANd THE PROPER TEST CONDUCTED, MY MEdiCAL FiLE SPEAKS FOR iTSELi

*NOTE: IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM*    PLEASE hELP ME EMERGENCY

## PART III: TO BE COMPLETED AFTER PATIENT'S APPOINTMENT

☐ Visit is not exempt from $5.00 copayment. (Send pink copy to Inmate Trust Office.)

## PART II: TO BE COMPLETED BY THE TRIAGE REGISTERED NURSE

| Date / Time Received: | Received by: |
|---|---|
| Date / Time Reviewed by RN: | Reviewed by: |

S:    Pain Scale:  1  2  3  4  5  6  7  8  9  10

O:  T:    P:    R:    BP:    WEIGHT:

A:

P:

☐ **See Nursing Encounter Form**

E:

| APPOINTMENT SCHEDULED AS: | EMERGENCY (IMMEDIATELY) ☒ | URGENT (WITHIN 24 HOURS) ☐ | ROUTINE (WITHIN 14 CALENDAR DAYS) ☐ |
|---|---|---|---|
| REFERRED TO PCP: | | DATE OF APPOINTMENT: | |
| COMPLETED BY | | NAME OF INSTITUTION | |

| PRINT / STAMP NAME | SIGNATURE / TITLE | DATE/TIME COMPLETED |
|---|---|---|

**CDC 7362 (Rev. 03/04)**   Original - Unit Health Record    Yellow - Inmate (if copayment applicable)    Pink - Inmate Trust Office (if copayment applicable)    Gold - Inmate

I-6

**FILED**

JUN 2 6 2008

CONNIE MAZZEI
CLERK OF THE SUPERIOR COURT
DEPUTY
MARY CASTRO

SUPERIOR COURT OF CALIFORNIA

COUNTY OF MONTEREY

1
2
3   In re                                    )   Case No.: HC 6197
                                             )
4       Russell Martin                       )   ORDER
                                             )
5               On Habeas Corpus.            )
    _____)
6

7          On May 6, 2008, Petitioner Russell Martin filed a petition for writ of habeas corpus.

8          Petitioner is currently housed at Salinas Valley State Prison.

9          Petitioner contends he is receiving inadequate medical attention for injuries he sustained

10   from a correctional officer ("CO"). Petitioner alleges that on June 28, 2007, he was deliberately

11   assaulted by a CO who kicked a food/cuff port door in which Petitioner's hands were located,

12   "bust[ing] [his] finger open on his right hand and severely injuring his left hand."[1] Petitioner

13   further alleges that x-rays revealed he did not suffer from a fracture, but he still experiences

14   chronic pain and the 800mg of Ibruprofen he has been provided is inadequate. Petitioner

15   believes he has suffered permanent injuries that substantially affect his daily activities.

16   Petitioner wants medical staff to do an MRI of his hands, to check his ligaments for damage and

17   to give him a correct diagnosis for his injuries.

18          Petitioner has exhausted administrative remedies. All levels of review denied relief. The

19   Second Level Appeal Response dated Nov. 7, 2007, stated, among other things, that "[Petitioner]

20   is being followed by the primary care provider in the clinic for his facility and his

21   issues/concerns are being addressed as clinically appropriate as deemed by his provider.

22   Additionally, treatment and diagnostics have been ordered and a follow-up visit should be

23   expected in less than 30 days." (Appeal Log No. SVSP-D-07-03531) The Director's Level

24   _____

25   [1] Petitioner filed a previous petition, *In re Martin*, HC5940, in which he alleged that he had been assaulted on June
     28, 2007, by CO Beatty. On Feb 6, 2008, the court found the claim unsubstantiated because it arose from the same
     incident in which Petitioner had been found guilty of attempted battery on a peace officer (RVR S07-06-0033).

$I - 7$

1  2008, concluded that Petitioner's claims that he was not receiving medical care were not

2  supported by his medical records and medical staff familiar with his history.

3       The file also contains two documents that appear to be part of Petitioner's health records.

4  First, a Sept. 7, 2007, memorandum to Petitioner from SVSP's Health Care Manager, Dr.

5  Charles D. Lee, M.D., responding to Petitioner's Aug. 21, 2007, letter, stated Petitioner's X-ray

6  showed no evidence of fracture, and that medical records showed Petitioner had been evaluated

7  by a Primary Care Provider on Aug. 28th, Aug. 21st, July 19th, July 9th and previously. Second, a

8  memorandum from Dr. Y-Lan Ho, M.D. for a June 29, 2007, visit confirm no fractures or

9  dislocation were found in Petitioner's hands, and noted an impression of "mild osteoarthritis seen

10  at the base of the first metacarpocarpal joint." There are no other documents reflecting any

11  medical records for Petitioner beyond August of 2007.

12       Pursuant to Cal. Rules of Court. 4.551(b)(1)(B), the court directs the custodian of records

13  to produce a copy of petitioner's medical records related to his instant claim. The records shall

14  be filed and served on Petitioner within 30 days of the date of service of this order. Petitioner

15  may file a reply to the informal response with 15 days of the date of the response on petitioner.

16  Pursuant to Cal. Code of Civil Procedure §1013(a), the time for service of the response and reply

17  shall be extended by 5 calendar days.

18       IT IS SO ORDERED.

19

20  Dated: 6/26/08



Hon. Lydia Villarreal
Judge of the Superior Court

21

22

23

24

25

2

EXHIBIT J- 1 THRO 8

EXHIBIT: _____ J _____

J-1

RUSSELL MARTIN E-67269
D-8-203
SALINAS VALLEY STATE PRISON
P.O. BOX 1050
SOLEDAD, CALIFORNIA 93960

TO: VINCENT SCHUMACKER
    SENIOR SPECIAL AGENT
    10111 OLD PLACERVILLE ROAD, SUITE #200
    SACRAMENTO, CALIFORNIA 95827

ON 9/20/2007 LIEUTENANT ("LT.") C. WARFIELD, CAME TO HEAR MY RVR LOG NO: S07-06-0033" FOR ATTEMPTED BATTERY ON A PEACE OFFICER "/USE OF FORCE (PEPPER SPRAY). DURING THE HEARING I POINTED OUT ALL THE INCONSTANCIES IN C/O D. BEATTY, WRITTEN REPORT. I SHOWED HIM THAT C/O BEATTY's, HAS CHANGED HIS STATEMENT WHEN INTERVIEWED BY MY INVESTIGATIVE EMPLOYEE. I ASKED LT. C. WARFIELD, TO EXAMINE THE PIECE OF TORN SHEET C/O BEATTY, DROPED ON MY CELL FLOOR " I TOLD HIM IF IT HAD ANY BLOOD OR PEPPER SPRAY ON IT I WILL PLEAD GUILTY TO THE RVR NO QUESTIONS ASKED". LT. WARFIELD, POSTPONED THE HEARING UNTIL 9/27/07. SO HE CAN INVESTIGATE THE FACTS I POINTED OUT TO HIM AND GET THE OFFICERS ON STAND BY FOR QUESTINE FOR 27TH. ON 9/26/07 LT. C. WARFIELD, CALLED ME INTO THE OFFICE IN D-8 AND TOLD ME ⌈VERBATIM⌉ I LOOKED INTO EVERYTHING YOU ASKED ME. FIRST OFF, I EXAMINED THE TORN SHEET. I HAD AN ISU OFFICER OPEN EVIDENCE LOCKER #9. YOU WAS RIGHT THERE WAS NOTHING ON IT. NO BLOOD NO PEPPER SPRAY NO STAINS. (" I ASKED THE ISU OFFICER IF C/O BEATTY, PEPPER SPRAYED YOU ON 6/28/07. WOULD THE SMELL OF O.C. SPRAY STILL BE ON THE SHEET? HE SAID YES SIR). (" I ASKED HIM IF C/O BEATTY, KICKED THE FOODPORT DOOR SMASHING YOUR FINGERS CAUSING THEM TO BLEED WOULDN'T THE SHEET HAVE BLOOD ON IT FROM THE INMATE REMOVING IT FROM HIS NECK? HE SAID YES SIR."). (" I ASKED HIM IF C/O BEATTY USED A CAN OF S.O. PEPPER SPRAY, AND SPRAYED YOU AROUND THE FACIAL AREA WITH THE SHEET AROUND YOUR NECK WOULD IT STILL HAVE ORANGE DISCOLORATION ON IT? HE SAID ABSOLUTELY.") LT. WARFIELD, TOLD ME THE BODY OF THE REPORT DO NOT SUPPORT THE OFFICER ACTIONS. NOW HIS STATEMENT TO THE INVESTIGATIVE EMPLOYEE IS INCONSTANT WITH HIS INITIAL REPORT. (DO I BELIEVE THE OFFICER KICKED THE FOODPORT DOOR PEPPER SPRAYED YOU LEFT AND CAME BACK AND DROPED THE TORN SHEET ON THE FLOOR YES BECAUSE THE EVIDENCE SUPPORTS THAT)(DO I BELIEVE YOU HAD YOUR CELL DOOR WINDOWS BOARDED UP OBSTRUCTING THE OFFICER VIEW INTO THE CELL. EVERYTHING YOU TOLD ME I CHECKED OUT HAS BEEN THE TRUTH.) DO I BELIEVE THE OFFICER LIED IN HIS REPORT YES. I

5-2

discussed my findiNGS wiTH THE "HigHER UP's" They me because of THE iNVESTiGATiON
GoiNG oN by iNTERNAL AFFAiRS over THERE iN ①-18-2. Find You Guilty AND do NoT
TAKE ANY TiME FROM YOU or RECOMMEND A SHU. Because of THE DUE PROCESS viol-
ATioN FoR THEM iSSuiNG THE RVR 16 dAys AFTER THE iNCidENT. I ASked LT. wARfield,
How CAN You JUST FiND ME GUilTY wiTHOUT ME QUESTiNG ANY OF THE OFFiCERS LiSTED
oN MY iNVESTiGATIVE EMPLOYEE'S LiST OF PEOPLE TO BE QUESTiONED. HE TOLD ME, I AM
doing wHAT I wAS TOLD TO DO BY THE HigHER UP'S. THEY wiTE diSMiSS iT wHEN YOU
Go To CommiTTEE.

I AM PRAYiNG THAT SOMEONE FROM THE OFFiCE OF iNTERNAL AFFAiRS, /O∑G/ or
OmBudsmAN Pick up THE PHONE AND ORDER THE wARdEN M.S. EVANS, TO PUT ME ON THE
FiRST BUS To MULE CREEK STATE PRiSON OR PLEASANT VALLEY STATE PRiSON. I HAVE BEEN
ASSAULTED ("TwiCE") ALREADY AND I'VE ONLY BEEN iN THiS iNSTiTUTiON A 1/10 dAYS. THE
wARdEN iS AWARE OF wHATS GOiNG ON wiTH ME BECAUSE I SEND Him A LETTER OF EVER-
YTHiNG THATS HAPPENiNG TO ME AS wELL, HE iS FAiLiNG TO PROTECT MY LiFE wHEN HE
iS LEGALLY RESPONSiBLE FOR MY CARE AND TREATMENT. MY LiFE iS iN DANGER
HERE, PLEASE HELP ME GET OUT OF HERE FORTHWiTH.

DATE 10/8/2007

RESPECTFULLY SUBMiTTED

5-3

QUESTIONS FOR SERGEANT (ENTILES) FIRST WATCH INFIRMARY

1. WHEN YOU RESPONDED TO D-2-112 ON 6/28/2007 DID MR. MARTIN TELL YOU HE WAS ASSAULTED BY CORRECTIONAL OFFICER ("H") J. BEATY?

2. WHEN YOU OBSERVED MR. MARTIN, RIGHT HAND WAS IT BLEEDING?

3. DID MR. MARTIN, APPEAR TO DISPLAY ANY BEHAVIOR THAT WAS BIZARRE, UNUSUAL, OR UNCHAR — ACTERISTIC?

4. WHEN YOU RESPONDED TO D-2-112 DID MR. MARTIN, APPEAR TO BE UNABLE TO SEE OR CHOKING FROM THE EFFECTS OF PEPPER SPRAY?

5. DID MR. MARTIN, GIVE YOU A COMPLETE STATEMENT OF WHAT HAPPENED TO HIM IN THE ER WHILE BEING TREATED FOR HIS INJURIES?

6. IF YOUR ANSWER "5" IS YES; DID YOU CONTACT SGT. D. WILLIAMS, OR WATCH COMMANDER P. ROQUE, ABOUT MR. MARTIN, STATEMENT ABOUT BEING ASSAULTED BY J. BEATY?

7. IF YOUR ANSWER TO QUESTION "6 IS NO? WHY NOT?

8. IF A PEACE OFFICER ALLEGE HE ASSAULTED AN INMATE IN SELF DEFENSE, IS IT THE INSTITU — TIONS POLICIES AND PROCEDURES TO PHOTOGRAPH OR VIDEO TAPE THE CRIME SCENE AS EVID — ENCE AND INMATE FOR POSSIBLE PROSECUTION?

QUESTIONS FOR R.N. V. WELZENBACH / INFIRMARY FIRST WATCH

1. WHEN YOU OBSERVED MR. MARTIN, ON 6/28/2007 WAS HIS RIGHT HAND BLEEDING?

2. DID YOU EXAMINE MR. MARTIN, AROUND THE NECK AREA TO SEE IF HE HAD SCRATCHES OR CUTS AROUND HIS NECK THAT WOULD INDICATE ATTEMPTED SUICIDE?

3. IF YOUR ANSWER TO QUESTION "2 IS YES? WAS THERE ANY SCRATCHES OR CUTS?

4. WHEN YOU RESPONDED TO D-2-112 DID MR. MARTIN, APPEAR TO BE UNABLE TO SEE OR CHOKING FROM THE EFFECTS OF PEPPER SPRAY?

5. DID MR. MARTIN, GIVE A COMPLETE STATEMENT TO SGT BATTLES, ABOUT WHAT HAPPENED TO HIM WHILE BEING TREATED FOR HIS INJURIES BY YOU IN THE ER?

6. DID MR. MARTIN, APPEAR TO DISPLAY ANY BEHAVIOR THAT WAS BIZARRE UNUSUAL OR UNCHARA — CTERISTIC?

DATE | INVESTIGATIVE EMPLOYEE | INMATE

Russell Martin

Log No: 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
INCIDENT REPORT NO:
SVSP-CEN-07-0448

1 of 6

C-4

QUESTIONS AND ADMISSIONS FOR SERGEANT D. WILLIAMS

1. ARE YOU TRAINED ON THE POLICIES AND PROCEDURES [OPERATIONAL MANUAL PROCEDURES #39 Food/Lift Port Doors?]

2. ARE YOU TRAINED ON THE POLICIES AND PROCEDURES [OPERATIONAL MANUAL PROCEDURES #27 Suicide Prevention?]

3. WHEN YOU RESPONDED TO D-2-112 ON 6/28/2007 DID YOU NOTICE MR. MARTIN, AND HIS CELL WINDOWS BOARDED UP AND WAS REMOVING THE WINDOW COVERINGS AS YOU WAS STANDING THERE?

4. DID MR. MARTIN, APPEAR TO DISPLAY BEHAVIOR THAT WAS BIZARRE, UNUSUAL, OR UNCHARACTERISTIC?

5. WHEN YOU RESPONDED TO D-2-112 DID MR.MARTIN, APPEAR TO BE UNABLE TO SEE, OR CHOKING FROM THE EFFECTS OF THE PEPPER SPRAY?

6. DID MR. MARTIN, TELL YOU HE WAS DELIBERATELY ASSAULTED BY C/O BEATTY, FOR NO REASON?

7. DID MR.MARTIN, TELL YOU C/O BEATTY DROPPED A PIECE OF TORN SHEET ON HIS CELL FLOOR?

8. DID MR.MARTIN, ASK YOU TO INVESTIGATE BECAUSE HIS TWO STATE ISSUED SHEETS WAS NOT TORN?

9. EXACTLY WHAT PART OF THE CELL DID C/O BEATTY TELL YOU MR. MARTIN, WAS ATTEMPTING TO UTILIZE TO HANG HIMSELF THE "VENTILATION, OR CEILING LIGHT, OR BED?

10. DID YOU OBSERVE ANY SHEETS OR STRINGS HANGING FROM IT?

11. IF YOUR ANSWER TO QUESTION #10 IS YES, WHY DIDN'T YOU STATE THAT IN YOUR REPORT?

12. ARE OFFICERS ALLOWED TO KICK THE FOOD/LIFT PORT DOORS CLOSED WITH THEIR FEET?

13. ARE YOU AWARE C/O BEATTY KICKING THE FOOD/LIFT PORT DOOR WITH HIS FEET IT'S A VIOLATION OF POLICIES AND PROCEDURES [OPERATIONAL MANUAL PROCEDURE #39, 29.5.8...1?]

14. C/O BEATTY STATED IN HIS REPORT THE INMATE HANDS OBSTRUCTED THE FOOD/PORT DOOR FROM CLOSING THE DOOR REMAINED OPEN, AND THE INMATE WAS STILL BLOCKING THE FOOD/PORT, I SPRAYED PEPPER SPRAY AROUND THE FACE AREA AND ORDERED THE INMATE TO BACK AWAY, THE INMATE COMPLIED AND I WAS ABLE TO SECURE THE FOOD/PORT, ARE YOU AWARE THAT WAS A CLEAR VIOLATION OF [OPERATIONAL MANUAL PROCEDURE 29.5.8.1 AS WELL?]

15. IF A PEACE OFFICER ALLEGE HE ASSAULTED AN INMATE IN SELF DEFENSE, IS IT THE INSTITUTIONS POLICIES AND PROCEDURES TO PHOTOGRAPH OR VIDEO THAT THE CRIME SCENE AND INMATE AS EVIDENCE FOR POSSIBLE PROSECUTION?

QUESTIONS AND ADMISSIONS CONTINUED FOR SGT. D. WILLIAMS, SEE PAGE 3 OF 6

5-5

QUESTIONS AND ADMISSIONS CONTINUE FOR SGT J.WILLIAMS

16. IF YOUR ANSWER TO QUESTION ※ 15 IS YOU WHY WASN'T THESE POLICIES AND PROCEDURES FOLL-OWED BY YOU SINCE YOU ARE THE RESPONDING SUPERVISOR?

17. DID YOU TAKE PHOTOGRAPHS OF THE ALLEGED NOOSE AND IF SO WHAT DATE?

18. WAS THE WATCH COMMANDER LIEUTENANT P.ROQUE, SUPPOSE TO RESPOND TO THE INCID-ENT AS WELL?

19. ARE YOU INMATE CONTROL BOOTH OFFICER J. CRAWFORD, ALLEGED IN HIS REPORT HE DIDN'T WITNESS ANY OF THE STATEMENTS WRITTEN IN C/O BERRY/J.LUCK OFFICER REPORT?

20. ARE YOUR ANSWERS TO THESE QUESTIONS TRUE AND CORRECT UNDER PENALTY OF PERJURY?

---

QUESTIONS AND ADMISSIONS FOR LIEUTENANT P.ROQUE, FIRST WATCH COMMANDER

1. DID YOU RESPOND TO THE ALARM ON 6/28/2007 AT D-2-112?

2. WAS YOU INFORMED BY ANYONE THAT MR. MARTIN, MADE ALLEGATIONS OF BEING DELIBERATELY ASSAULTED FOR NO REASON BY C/O BERRY?

3 IF A PEACE OFFICER ALLEGE HE ASSAULTED AN INMATE IN SELF DEFENSE IS IT THE INSTITUTION POLICIES AND PROCEDURE TO PHOTOGRAPH OR VIDEO THAT THE CRIME SCENE AND INMATE AS EVIDENCE FOR POSSIBLE PROSECUTION?

4. WAS IT YOUR DUTY TO RESPOND TO THE INCIDENT ON 6/28/2007 SINCE IT WAS AFTER 10:30PM?

5. ARE YOU FAMILIAR WITH THE POLICY'S AND PROCEDURES OF OPERATIONAL MANUAL PROCEDU-

6. IS IT A VIOLATION OF POLICIES AND PROCEDURES FOR A OFFICER TO KICK A FOOD/CUFF PORT DOOR WITH HIS FEET?
RES ※ 29.1)?

7. IS IT A VIOLATION OF OPERATIONAL MANUAL PROCEDURE ※ 29", 5.8.1) FOR AN OFFICER TO TERDER SPRAY A INMATE BECAUSE HE HAS HIS HANDS ON THE FOOD/CUFF PORT DOOR?

---

QUESTIONS FOR CORRECTIONAL OFFICER S. SHEFFER.

1. WHEN YOU RESPONDED TO D-1-112 ON 6/28/2007 DID YOU NOTICE MR. MARTIN, CELL WINDOWS BOARDED UP AND HE WAS REMOVING THE COVERING AS YOU WAS STANDING THERE?

2. DID MR. MARTIN, STATE HE WAS ASSAULTED BY C/O BERRY?

3. DID MR. MARTIN, APPEAR TO DISPLAY BEHAVIOR THAT WAS BIZARRE, UNUSUAL, OR UNCH-ARACTERISTIC?

QUESTIONS CONTINUE FOR C/O S.SHEFFER SEE PAGE 4 of 6

LOG NO: 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
INCIDENT REPORT NO:
SVSF-CEN-07-06-0948

3 of 6

2-6

QUESTIONS CONTINUE FOR 1/2 S. SHEFFER

4. WHEN YOU RESPONDED TO 3-2-112 DID MR. MARTIN, APPEAR TO BE UNABLE TO SEE, OR CHOKING FROM THE EFFECTS OF THE PEPPER SPRAY?

5. DID YOU OBSERVE ANY SHEETS OR STRINGS HANGING FROM THE CEILING LIGHT OR VENTILATION, OR BED IN CELL 112?

6. IF YOUR ANSWER TO QUESTION #5 IS YES, WHY DIDN'T STATE IT IN YOUR REPORT?

7. DID YOU OBSERVE THAT MR. MARTIN, HAD AN MATTRESS ROLLED UPON THE TOP FOR BUNK AT THE END AS YOU ENTER THE CELL?

8. IF A PEACE OFFICER ALLEGE HE ASSAULTED AN INMATE IN SELF DEFENSE IS IT THE INSTITUTIONS POLICIES AND PROCEDURES TO PHOTOGRAPH OR VIDEO TAPE THE CRIME SCENE AND INMATE AS EVIDENCE FOR POSSIBLE PROSECUTION?

---

QUESTIONS AND ADMISSIONS FOR CORRECTIONAL OFFICER R. SANCHEZ

1. WAS YOU PRESENT IN THE E.R. WHEN MR. MARTIN, WAS TREATED FOR HIS INJURIES?

2. IF YOUR ANSWER TO QUESTION #1 IS YES, DID MR. MARTIN, GIVE A COMPLETE STATEMENT ABOUT WHAT HAPPENED TO HIM ON 6/18/2007?

3. DID MR. MARTIN, SAY HE WAS DELIBERATELY ASSAULTED BY 1/2 BERRY FOR NO REASON?

4. IF YOUR ANSWER TO QUESTION #3 IS YES, DID YOU CONTACT SGT WILLIAMS, OR WATCH COMMANDER R. ROQUE, ABOUT MR. MARTIN, STATEMENT ABOUT BEING ASSAULTED BY 1/2 BERRY?

5. IF YOUR ANSWER TO QUESTION #4 IS NO, WHY NOT?

6. DID MR. MARTIN, APPEAR TO DISPLAY BEHAVIOR THAT WAS BIZARRE, UNUSUAL, OR UNCHARACTERISTIC?

7. WHEN YOU RESPONDED TO 3-2-112 DID MR. MARTIN, APPEAR TO BE UNABLE TO SEE, OR CHOKING FROM THE EFFECTS OF THE PEPPER SPRAY?

8. DID YOU OBSERVE ANY SHEETS OR STRINGS HANGING FROM THE CEILING LIGHT OR VENTILATION, OR BED TO CORROBORATE 1/2 BERRY'S REPORT OF ATTEMPTED SUICIDE?

9. IF YOUR ANSWER TO QUESTION #8 IS YES WHY DIDN'T YOU STATE THAT IN YOUR REPORT?

10. DID YOU OBSERVE THAT MR. MARTIN HAD A MATTRESS ROLLED UP ON THE TOP BUNK AT THE END AS YOU ENTER THE CELL?

11. IF A PEACE OFFICER ALLEGE HE ASSAULTED AN INMATE IN SELF DEFENSE IS IT THE INSTITUTIONS POLICIES AND PROCEDURES TO PHOTOGRAPH OR VIDEO TAPE THE CRIME SCENE AND INMATE AS EVIDENCE FOR POSSIBLE PROSECUTION?

12. DID YOU TAKE PHOTOGRAPHS OF THE ALLEGED NOOSE?

---

S-7

QUESTIONS AND OMISSIONS FOR CORRECTIONAL OFFICER D. CRAWFORD.

1. ARE YOU TRAINED ON THE POLICIES AND PROCEDURES (OPERATIONAL MANUAL PROCEDURE 2.7 * suicide PREVENTION?)

2. ON 6/28/2007 did MR.MARTIN, have his CELL BORDED UP BLOCKING VIEW INTO THE CELL?

3. DID Yo BEATTY, PEREZ SPRAY MR. MARTIN LEAVE AND RETURN TO his CELL AND THEN PUSH his ALARM?

4. is IT POLICY AND PROCEDURE FOR YOU TO BE NOTIFIED IMMEDIATELY BY FLOOR STAFF FOR A CUT DOWN KIT WHEN A ATTEMPTED suicide is IN PROGRESS?

5. if YOUR ANSWER OR QUESTION * 4 is YES, WAS YOU NOTIFIED BY FLOOR STAFF?

6. if YOUR ANSWER TO QUESTION * 5 is YES, WHY DIDN'T YOU PROVIDE A CUT DOWN KIT?

7. (OPERATIONAL MANUAL PROCEDURE * 2.7) STATES "THE CUT DOWN KIT SHALL BE TRANSPORT-ED TO THE LOCATION IMMEDIATELY?

8. do YOU ADMIT YOU did NOT FOLLOW THIS PROCEDURE CORRECTLY?

9. do YOU SEE THIS AS "ODD" FOR FLOOR STAFF TO OPEN A FOOD/CUFF PORT DOOR, AND THEN KICK IT CLOSED BUST AN INMATE HAND OPEN, PEPPER SPRAY him. ALLEGE THE INMATE SUMPED FROM THE TOP BUNK RUN AND REACH BOTH ARMS THROUGH THE FOOD/CUFF PORT DOOR IN AN ATTE- MPT TO GRAB his BELT AND YOU AS THE CONTROL BOOTH OFFICER DIDN'T SEE ANY OF THIS TRANSPIRE?

10. IF YOU WOULD HAVE OPENED THE DOOR FOR RESPONDING STAFF WITH THE BOX RIGHT BY THE ENCLOSED CONCRETE YARD. COULD YOU HAVE STILL OBSERVED %0 BEATTY'S, IN b-Pod AS YOU LET RESPONDING STAFF INTO THE BUILDING?

11. HAVE MR.MARTIN EVER BORDED UP his CELL WINDOWS THAT YOU HAVE PERSONAL KNOWLE- dge of?

12. IF A PEACE OFFICER ALLEGE HE ASSAULTED AN INMATE IN SELF DEFENSE is it THE INSTITUTIONS POLICIES AND PROCEDURES TO PHOTO GRAPH OR VIDEO TAPE THE CRIME SCENE AND INMATE AS EVIDENCE FOR POSSIBLE PROSECUTION?

13. IS YOUR STATEMENT TO THESE QUESTIONS TRUE AND CORRECT UNDER PENALTY OF PERJURY?

---

QUESTIONS AND OMISSIONS FOR CORRECTIONAL OFFICER D. BEATTY.

1. ARE YOU TRAINED ON THE POLICIES AND PROCEDURES (OPERATIONAL MANUAL PROCEDURE * 2.9)

1. ARE YOU TRAINED ON THE POLICIES AND PROCEDURES (OPERATIONAL MANUAL PROCEDURE * 2.7 suici- de PREVENTION?)

3. did YOU ADMIT YOUR ENTIRE REPORT is TRUE, CORRECT, AND ACCURATE UNDER PENALTY OF PERJURY?

LOG NO: SO7-06-0033
INCIDENT REPORT NO:
SVSP-CEN-07-06-0478

5 of 6

5-8

QUESTIONS AND OMISSIONS CONTINUE FOR C/o J. BENTLY. FROM 5 of 6   6

4. ON 6/18/2007 WHEN APPROACHED CELL D-2-112 DID MR. MARTIN, HAVE HIS CELL WINDOWS BONDED OF BLOCKING VIEW INTO THE CELL?

5. DID YOU NOTIFY CONTROL BOOTH OFFICER, IMMEDIATELY REQUESTING A CUT DOWN KIT SINCE YOU ALLEGE IN YOUR REPORT MR. MARTIN, WAS ATTEMPTING TO HANG HIMSELF?

6. IF YOUR ANSWER TO QUESTION #5 IS YES, DID HE PROVIDE YOU WITH A CUT DOWN KIT?

7. YOU STATED IN YOUR REPORT INMATE MARTIN, ATTEMPTED TO GRAB YOU THROUGH THE FOOD/CUFF PORT DOOR AND YOU QUICKLY JUMPED/JUMPED BACK, IS IT FAIR TO SAY YOU WAS AT A PLACE OF SAFETY OUT OF THE INMATES REACH?

8. IF YOUR ANSWER TO QUESTION #7 IS YES, WHY DID YOU KICK THE FOOD/CUFF PORT DOOR?

9. ARE YOU AWARE THAT WAS A VIOLATION OF THE POLICIES AND PROCEDURES MANUAL #29?

10. ARE STAFF ALLOWED TO KICK THE FOOD/CUFF PORT DOORS WITH THEIR FEET?

11. YOU STATED IN YOUR C.D.C. 115 INMATE MARTIN CLIMBED UP TO THE TOP BUNK AND SET ON THE TOP BUNK FACING THE BACK WALL WITH A NOOSE AROUND HIS NECK. WAS THE ALLEGED NOOSE TIED TO THE CEILING LIGHT OR VENTILATION?

12. IF YOUR ANSWER TO QUESTION #11 IS NO, DID MR. MARTIN, MAKE AN ATTEMPT TO TIE THE NOOSE AROUND HIS NECK TO THE (CEILING LIGHT) OR VENTILATION OR BED?

13. IF YOUR ANSWER TO QUESTION #12 IS YES, WHY DIDN'T YOU STATE THAT IN YOUR REPORT

14. IF MR. MARTIN "NEVER" MADE AN ATTEMPT TO TIE THE ALLEGED NOOSE TO THE (CEILING LIGHT OR VENTILATION, OR BED) WHY DID YOU OPEN THE FOOD/CUFF PORT DOOR?

15. YOU STATED IN YOUR REPORT MR. MARTIN, HAD OBSTRUCTED THE FOOD/CUFF PORT DOOR FROM CLOSING AND IT REMAINED OPEN AND MARTIN, WAS BLOCKING THE FOOD/CUFF PORT DOOR AND YOU PEPPER SPRAYED MARTIN IN THE FACE AREA IS THAT CORRECT?

16. IF YOUR ANSWER TO QUESTION #15 IS YES, ARE YOU AWARE THAT WAS A VIOLATION OF THE POLICIES AND PROCEDURES OF (OPERATIONAL MANUAL PROCEDURES #29, 5.8, 1)

17. WAS MR. MARTIN, BEHAVIOR BIZARRE, UNUSUAL, OR UNCHARACTERISTIC?

18. DID YOU PHOTOGRAPH THE ALLEGED NOOSE? IF SO HOW MANY PICTURES DID YOU TAKE?

19. WHEN DID MR. MARTIN, REMOVE THE ALLEGED NOOSE FROM AROUND HIS NECK BEFORE YOU PEPPER SPRAYED HIM OR AFTER?

20. IF A PEACE OFFICER ALLEGE HE ASSAULTED AN INMATE IN SELF DEFENSE IS IT THE INSTITUTION POLICIES AND PROCEDURES TO PHOTOGRAPH OR VIDEO TAPE THE CRIME SCENE AND INMATE AS EVIDENCE FOR POSSIBLE PROSECUTION?

21. DID MR. MARTIN, TELL RESPONDING STAFF YOU DELIBERATELY ASSAULTED him for no reason?

DATE _____    INVESTIGATIVE EMPLOYEE _____    INMATE

Russell W. Martin

LOG NO: 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
INCIDENT REPORT NO:
VSP-CEN-07-06-0428

EXHIBIT K 1 THRO 3

EXHIBIT: _____**K**_____

California Department of Corrections and Rehabilitation Salinas Valley State Prison

# MEMORANDUM



K-1

Date:    November 28, 2007

To:    N. Walker
      Watch Commander

Subject: **REISSUE/REHEAR RULES VIOLATION REPORT (RVR) LOG # S07-06-0033**
**ATTEMPTED BATTERY ON A PEACE OFFICER W/USE OF O.C.**

Per CCR 3312(b)(1) the Chief Disciplinary Officer (CDO) may order a different disciplinary action, order a different method of discipline, dismiss a charge, order a rehearing of the charge, or combine any of these disciplinary actions. As the Chief Disciplinary Officer I am ordering the following:

Reissue and Rehear the above RVR based on the fact:
    Mental Health Assessment was incomplete by clinician.

Please ensure a different hearing Lieutenant is assigned to ensure that due process requirements are adhered to during the rehearing process.

If you have any questions you may contact me at extension 5535.

L. TREXLER
Correctional Administrator - Central Services
Salinas Valley State Prison

Original to be filed w/115
cc:        C-file
          Inmate
          Register of Institution Violations

*i/m: i/M is GP*   ## REVIEWING CUSTODY SUPERVISOR   *K-2*

A Rules Violation Report (RVR) CDC-115 has been written on the following inmate, who requires a Mental Health Assessment.

Inmate Name: **MARTIN**                          CDC Number: ___E-67269___

RVR Log Number: S07-06-0083   Date of Violation: 06/28/07   Housing: D2-214

Specific Act Charged: ATTEMPTED BATTERY ON PEACE OFFICER WITH USE OF O.C.   *D2-124 L*

The inmate's current Mental Health Level of Care is: *(check one)*

[X] NOT IN MHSDS PROGRAM*   [ ] CCCMS*   [ ] EOP   [ ] MHCB   [ ] DMH

*CCCMS and Non-MHSDS Program participants will be referred for a Mental Health Assessment for "Bizarre, unusual or uncharacteristic" behavior.

Sent to Mental Health: 7/19/07   By: C/O C Rayes / C Rayes
                       Date                 Print Name        Signature

Return this form to: WATCH OFFICE   By: 7/24/07   (CCCMS and Non-MHSDS, 5 working days; EOP/MHCB/DMH, 15 calendar days)

## MENTAL HEALTH CLINICIAN
*Use "lay terms" for responses*

Conducted **non-confidential** interview: 7/24/07   (Inmate informed of non-confidentiality).
                                         Date

1. CCCMS/NON-MHSDS only. Are there any mental health factors that would cause the inmate to experience difficulty in understanding the disciplinary process and representing his/her interests in the hearing that would indicate the need for the assignment of a Staff Assistant?
   [ ] Yes   [X] No   Explain "yes" response: *I/m recalled event + denied being suicidal or having a psychiatric issue. Rh reported that the incident report was fabricated to cover of misconduct.*

2. In your opinion, did the inmate's mental disorder appear to contribute to the behavior that led to the RVR?
   [ ] Yes   [ ] No   Explain "yes" response: _____

3. If the inmate is found guilty of the offense, are there any mental health factors that the hearing officer should consider in assessing the penalty?   [ ] Yes ·   No [ ]   Explain "yes" response: _____

---

| Institution: SVSP   Clinician: Hamlin   Signature: D Hamlin   Date: 7/24/07 |
| Received by (custody staff) Name:   Signature:   Date: |

Distribution: Original: Central File with adjudicated CDC-115; First copy: Unit Health Record; Second copy: Inmate

RULES VIOLATION REPORT:
MENTAL HEALTH ASSESSMENT
CDC-115X (11/02)

ENTERED JUL 2 0 2007

Inmate Name:
(Last, First, MI)

CDC Number:

DOB:

STATE OF CALIFORNIA        DEPARTMENT OF CORRECTIONS

O/m *Inmate GP*    *To Burkhardt*

# REVIEWING CUSTODY SUPERVISOR

A Rules Violation Report (RVR) CDC-115 has been written on the following inmate, who requires a Mental Health Assessment.

Inmate Name: **MARTIN**                               CDC Number: E-67269    DS-115

RVR Log Number: S07-11-0022P    Date of Violation: 11/28/07    Housing: A2D-112D

Specific Act Charged: ATTEMPTED BATTERY ON A PEACE OFFICER W/USE OF O.C.

The inmate's current Mental Health Level of Care is: *(check one)*

[X] NOT IN MHSDS PROGRAM*    [ ] CCCMS*    [ ] EOP    [ ] MHCB    [ ] DMH

*CCCMS and Non-MHSDS Program participants will be referred for a Mental Health Assessment for "Bizarre, unusual or uncharacteristic" behavior.

Sent to Mental Health: 12-12-07    By: O Reyes       /  O Reyes
                       Date              Print Name            Signature

Return this form to: WATCH OFFICE    By: 12/17/07    (CCCMS and Non-MHSDS, 5 working days; EOP/MHCB/DMH, 15 calendar days)

## MENTAL HEALTH CLINICIAN
*Use "lay terms" for responses*

Conducted **non-confidential** interview: 12/17/07    (Inmate informed of non-confidentiality).
                                          Date

1. CCCMS/NON-MHSDS only. Are there any mental health factors that would cause the inmate to experience difficulty in understanding the disciplinary process and representing his/her interests in the hearing that would indicate the need for the assignment of a Staff Assistant?
   [ ] Yes  [✓] No    Explain "yes" response: I/m reported that this paperwork was a duplication of previous trial in which D/m/m/ln stated "D/m reported that incident itself was fabricated. I/m appears capable of understanding process.

2. In your opinion, did the inmate's mental disorder appear to contribute to the behavior that led to the RVR?
   [ ] Yes  [✓] No    Explain "yes" response: I/m is not diagnosed with a mental disorder nor does he present c symptoms of MI. He denied suicidality.

3. If the inmate is found guilty of the offense, are there any mental health factors that the hearing officer should consider in assessing the penalty?  [ ] Yes  No [✓]  Explain "yes" response: NO abuse, I/m not in MHSDS.

Institution: SQSP    Clinician: Burkhardt PhD Signature:     Date: 12/17/07
Received by (custody staff) Name:                Signature:        Date:
Distribution: Original: Central File with adjudicated CDC-115;  First copy: Unit Health Record;  Second copy: Inmate

| RULES VIOLATION REPORT: MENTAL HEALTH ASSESSMENT CDC-115X (11/02) **RECEIVED DEC 1 2 2007** | Inmate Name: MARTIN (Last, First, MI) |
|---|---|
| | CDC Number: E67269 |
| STATE OF CALIFORNIA    DEPARTMENT OF CORRECTIONS | DOB:    ENTERED DEC 1 7 2007 |

EXHIBIT L 1 THRU 2

EXHIBIT: _____L_____

L-1

<u>DECLARATION</u>

I _Lightfoot Rodney_ WAS HOUSED IN FACILITY D-2-CELL 114. ON 6/28/2007 I WITNESSED INMATE RUSSELL MARTIN E-67269 D-2-CELL 112 BEING ASSAULTED BY CORRECTIONAL OFFICER D. BEATTY. AT APPROXIMATELY 10:40 PM. OFFICER D. BEATTY OPENED MARTIN'S FOODPORT DOOR THEN KICKED IT SMASHING MARTIN'S HANDS IN THE FOODPORT DOOR, THEN PEPPER SPRAYED MARTIN, AND SLAMMED THE FOODPORT DOOR SHUT LEAVE AND COME BACK APPROXIMA-TELY ONE OR TWO MINUTES LATER OPEN UP MARTIN'S FOODPORT DOOR AGAIN, AND START YELLING STOP TRYING TO KILL YOURSELF, AND PUSH HIS ALARM. ON 7/11/2007 I WAS INTERVIEWED BY MR. VINCENT SCHUMACKER, AND ANOTHER AGENT OF THE OFFICE OF INTERNAL AFFAIRS THAT INTERVIEW WAS TAPE RECORDED WITH MY CONSENT, AND I PERSONALLY INFORMED THEM ABOUT MR. MARTIN BEING ASSAULTED BY OFFICER D. BEATTY. I CAN COMPETENTLY TESTIFY UNDER OATH IN A COURT OF LAW IF CALLED AS A WITNESS.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

DATED 9/6/2007

RESPECTFULLY SUBMITTED

_Lightfoot Rodney_ H-59277
<u>DECLARATION OF WITNESS</u>

L-2

## DECLARATION

I K-74753    BAHENA    WAS HOUSED IN FACILITY D-2-CELL 115 ON 6/28/2007 I WITNESSED INMATE MARTIN E-67269 D-2-112 BEING ASSAULTED BY CORRECTIONAL OFFICER D. BEATTY. AT APPROXIMATELY 10: 40 PM. OFFICER D. BEATTY, OPENED MARTIN'S FOODPORT DOOR THEN KICKED IT SMASHING MARTIN'S HANDS IN THE FOODPORT DOOR. THEN PEPPER SPRAY- ED MARTIN, AND SLAMMED THE FOODPORT DOOR SHUT LEAVE, AND COME BACK APPROXIMATELY ONE OR TWO MINUTES LATER OPEN UP MARTIN'S FOODPORT DOOR AGAIN, AND START YELLING STOP TRYING TO KILL YOURSELF, AND PUSH HIS ALARM. ON 7/11/2007 I WAS INTERVIEWED BY MR. VINCENT SCHUMACKER, AND ANOTHER AGENT OF THE OFFICE OF INTERNAL AFFAIRS THAT INTERVIEW WAS TAPE RECORDED WITH MY CONSENT, AND I PERSONALLY INFORMED THEM ABOUT MR. MARTIN BEING ASSAULTED BY OFFICER D. BEATTY. I CAN COMPETENTLY TESTIFY UNDER OATH IN A COURT OF LAW IF CALLED AS A WITNESS.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

DATED 9/6/2007

RESPECTFULLY SUBMITTED

K-74753

DECLARATION OF WITNESS

EXhiBiT "m" 1 THRO 11

EXHIBIT: 

STATE OF CALIFORNIA                                                                                         DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|---|
| F-67049 | WATTIE | | | | | | |
| VIOLATED RULE NO(S) | | SPECIFIC ACTS | | | LOCATION | DATE | TIME |
| | | | | | | 11/29/07 | |

**CIRCUMSTANCES**

This RVR Log #S07-06-0023, is being ordered Re-issued / Re-heard per Memorandum authored by L. Trexler, Chief Disciplinary Officer, dated 11/28/07.

On Thursday, June 28, 2007, I was working C2 Floor #1, at about 0135 hours, I conducted a security check. During the security check I approached cell 117, which is solely occupied by Inmate WATTIE, F-67049, when I looked through the cell window, I observed Inmate WATTIE place a piece of torn bed sheet around his neck. I gave orders to Inmate WATTIE to remove the rope. The inmate did not comply and climbed up to the top bunk and sat on the top bunk, facing the adjacent wall. I continued to give orders to stop and remove the rope, but the inmate did not comply. Due to the threat of the inmate hanging himself, I activated my personal alarm, and opened the foodport in an attempt to spray the inmate with my State O.C. As soon as the foodport was opened the inmate lunged towards the foodport and

*(Continued On Part C)*

Inmate WATTIE **is not** a participant in the Mental Health Services Delivery System.

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| ▶ N. Beatty, Correctional Officer | | 12/11/07 | C2 Flr. Ofcr.#1 | S/S |
| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | | |
| ▶ | 12/15/07 | DATE _____ LOC _____ | | |

| CLASSIFIED | OFFENSE/DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | | HEARING REFERRED TO | | | |
|---|---|---|---|---|---|---|---|---|
| ☐ ADMINISTRATIVE | A1 | 12/14/07 | ▶ Lt. N. Whatley | | ☐ HO | ☐ SHO | ☐ SC | ☐ FC |
| ☑ SERIOUS | | | | | | | | |

**COPIES GIVEN INMATE BEFORE HEARING**

| ☑ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | | | |
|---|---|---|---|---|---|---|---|
| S07-11-0022F | ▶ | | | | | | |
| ☑ INCIDENT REPORT LOG NUMBER: VSP-C2-07-06-0423 | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | | DATE | TIME |
| | ▶ | | | ▶ | | | |

**HEARING**

| REFERRED TO   ☐ CLASSIFICATION   ☐ BPT/NAEA | | | | | |
|---|---|---|---|---|---|
| ACTION BY: (TYPED NAME) | | | SIGNATURE | DATE | TIME |
| | | | ▶ | | |
| REVIEWED BY: (SIGNATURE) | | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE | |
| ▶ | | | ▶ | | |
| | | BY: (STAFF'S SIGNATURE) | | DATE | TIME |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | ▶ | | | |

CDC 115 (7/88)

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

## RULES VIOLATION REPORT - PART C

PAGE __ OF __

| CDC NUMBER | INMATE'S NAME | | LOG NUMBER | INSTITUTION | | TODAY'S DATE |
|---|---|---|---|---|---|---|
| | | | | | | |

| SUPPLEMENTAL | CONTINUATION OF: | ☒ 115 CIRCUMSTANCES | HEARING | IE REPORT | OTHER_____ |
|---|---|---|---|---|---|

control unit were out in an attempt to pass my tote. I quickly pepper spray the footlow closed by kicking it with my foot. As the footlow was closing, the door slammed on the inmate's arm before he could retrieve it back into the cell. The inmate's hand instrument the footlow door from closing and the door remained open, and the I/M was still blocking the footlow. I approached I/M around the door and I placed the inmate on both sides. The inmate complied and I was able to secure the footlow. When medical staff arrived I ordered the inmate to back-up to the footlow and submit to handcuffs. Inmate again complied. Sergeant Williams instructed the control booth officer to open the door. When the cell door was opened the inmate was escorted out of his cell by Officer Chaffee and Officer Coombs. The inmate was evaluated by medical staff without further incident. The noose was retrieved as evidence and placed in locker #5.

B. Beatty, Correctional Officer

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| | | |

| | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| COPY OF CDC 115-C GIVEN TO INMATE | | | |

CDC 115-C (5/95)

OSP 99 25082

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| E-07269 | MARTIN | CCR 73005(c) | 11/23/07 | CVSP | S07-11-0022 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT    ☒ YES    ☐ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☒ **I DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ► *Mart* | 12/27/07 |
| ☐ **I REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ► | DATE |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|
| | |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I REVOKE my request for postponement. | ► | |

## STAFF ASSISTANT

| STAFF ASSISTANT | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ REQUESTED    ☐ WAIVED BY INMATE | | ► *R. Mart* | 12/27/07 |
| ☒ ASSIGNED | DATE: 12/?/07    NAME OF STAFF: C/o G. Cohen | | |
| ☐ NOT ASSIGNED | REASON | | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☒ REQUESTED    ☐ WAIVED BY INMATE | | ► X *R. Mart* | X 12/27/07 |
| ☒ ASSIGNED | DATE: 12/12/07    NAME OF STAFF: C/o C Reyes | | |
| ☐ NOT ASSIGNED | REASON | | |

EVIDENCE / INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☒ REPORTING EMPLOYEE    ☐ STAFF ASSISTANT    ☐ INVESTIGATIVE EMPLOYEE    ☒ OTHER Staff Witnesses (see page 2)    ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

On 12/12/07, I was assigned as Investigative Employee for CDC-115 Log #S07-11-0022. I informed Inmate MARTIN of my assignment and that as Investigative Employee my duties were as a fact finder for the Senior Hearing Officer. Inmate MARTIN stated that he had no objection to my serving in this capacity.

**DEFENDANT'S STATEMENT:** On 12/12/07, I interviewed Inmate MARTIN and he made the following statement: "I am respectfully requesting this institution "VSP" protect my constitutional rights under Eighth and Fourteenth Amendment. I am absolutely innocent of the charge I am accused of. Officer D. Beatty's acts and conduct was maliciously, wantonly, and oppressively done, and accompanied by ill will and spite for the sole purpose to injure another person. He then violated penal code(s) 118.1, 132, and 134 in an attempt to cover up the deliberate unnecessary excessive force by "Falsifying an entire record in the course of his duty as a correctional officer." An act or omission is oppressive, however, if done in a manner which injures or damages or otherwise violates the rights of another person with unnecessary harshness or severity as by misuse or abuse of authority or power or by taking advantage of some weakness or disability or the misfortunes of another person. [Officer Beatty acted] with such malice as implies a spirit of mischief or criminal indifference to civil obligations] This administration shall deem Officer Beatty's conduct to be worse than unreasonable and he indeed abused his power and authority as a correctional officer under the color of state and federal law. Officer Beatty's conduct was harmful with a chilling effect and does not advance legitimate penological goals, such as preserving institutional order and discipline. For the reasons stated above, I am respectfully requesting

(Continued On Part C)

C. Reyes, Correctional Officer

| | INVESTIGATOR'S SIGNATURE | DATE |
|---|---|---|
| ☒ COPY OF CDC 115-A GIVEN INMATE | ► C Reyes    BY: (STAFF'S SIGNATURE) ► C Reyes | 12/27/07    TIME: 0917    DATE: 12/12/07 |

STATE OF CALIFORNIA
**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTIONS
PAGE___ OF _2_

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|

| ☐ SUPPLEMENTAL | ☒ CONTINUATION OF: | 115 CIRCUMSTANCES | ☐ HEARING | ☒ IE REPORT | ☐ OTHER_____ |

(Defendant's Statement Continued)

that no CD 115 hearing or tape recorded so my questions and answers will be on record. I truly believe that's the only way I'll receive a fair and impartial hearing at CVSP. If my request is denied", I am requesting the appointment of counsel since I am charged with a crime. Please take notice: This also places all SVSP top officials on notice the charge against me is false and you will be the conditions below if you proceed with CDCR. Reatty and cover up this misconduct." I declare under penalty of perjury the foregoing is true and correct.

I Russell Martin, C-57239, housed at Salinas Valley State Prison on 12/13/2007 I was deliberately assaulted by Officer D. Beatty who used unnecessary excessive force. Officer Beatty then falsified an entire CDC 115 in the course of his duty accusing me of "battery on a peace officer with the use of force D.A. spray." The entire incident was covered up by regarding staff who did not collect or photograph relevant pertinent evidence. The following evidence was suppressed. (1.) The crime scene was never photographed or processed. (2.) Officer D. Beatty broke the food/cuff port door and twisted my right hand open. The food/cuff port was not swatted for blood or photographed. (3.) No photograph was taken of the alleged crime scene. Had photographs been taken they would have corroborated my statement of the incident which took place. The photographs would have showed I had a mattress rolled up on the top bunk at the end as you enter the cell. They would have shown I had paper on the floor with tape on it, I used to board up all my cell window. (4.) Staff knew I was injured and never photographed my injuries nor took a statement from me. (5.) I ran blood all over me and the blood none of my clothing was taken as evidence "had" had shorts. (6.) I didn't receive a 114D lock-up order until 12 days after the alleged incident occurred. (7.) I received the CDC 115 until 17 days after the alleged incident violating CCR Title 15 sec. 3320.(C) f (C)(1) & (d)(1). I declare under penalty of perjury the foregoing is true and correct. My inmate witnesses have been transferred out and cannot get statements from them. I want due process right to question my witnesses.

REPORTING EMPLOYEE'S STATEMENT: On 12/13/07, I interviewed Correctional Officer D. Beatty and he made the following statement: "I approached Inmate Martin's cell, he was sitting on the top bunk. I saw Inmate Martin placing a noose around his neck. I gave him orders to stop and he did not. I pressed my alarm and opened the foodport, inmate then jumped off his bunk and reached with both arms out through the food port and tried to grab my belt. I backed up and kicked the food port closed and caught Inmate Martin's fingers, I then sprayed him and he complied to orders, I was able to secure the foodport."

STAFF WITNESS' STATEMENT: On 12/13/07, I interviewed Correctional Sergeant Williams and he made the following statement: "I responded to an alarm in D2 and was informed by C/O Beatty that Inmate Martin attempted to commit suicide by an inmate hanging device. C/O Beatty stated Inmate Martin would not comply to orders and he opened the foodport to draw Inmate Martin. C/O Beatty stated that when the foodport was opened, Inmate Martin tried to grab his duty belt, then he closed the foodport. While this took place Inmate Martin's right hand was caught on the foodport. I saw what appeared to be blood on his hand. OTC was called and Inmate Martin was evaluated by the MT."

Reporting Employee requested at the hearing: **Yes.**
Investigative Employee requested at the hearing: No.
Staff / Inmate witnesses requested at the hearing: **Yes,** Lieutenant Roque
                     Sergeant Battles
                     Sergeant Williams
                     Officer Sheffer
                     Officer Crawford
                     Officer Sanchez
                     RN V. Walzerbach

Additional information in Confidential Reports: No.

D. Beyes, Correctional Officer

| | SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|---|
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |

CDC 115-C (5/95)

OSP 99 25082

RVR Sent To Records On 12-12-07 by ClOCRuñes

STATE OF CALIFORNIA                                                      DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| F-67269 | MARTIN | 8/27/2009 | SVSP | D2-1150 | S07-11-00 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS ATTEMPTED BATTERY ON A | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR §3005(c) | PEACE OFFICER W/USE OF O.C. | D2-112 | 11/28/07 | 2236 HRS. |

CIRCUMSTANCES

This RVR Log #S07-06-0023, is being ordered Re-issued / Re-heard per Memorandum authored by L. Trexler, Chief Disciplinary Officer, dated 11/26/07.

On Thursday, June 28, 2007, I was working D2 Floor #1, at about 2236 hours, I conducted a security check. During the security check I approached cell 112, which is solely occupied by Inmate MARTIN, F-67269, when I looked through the cell window, I observed Inmate MARTIN place a piece of torn bed sheet around his neck. I gave orders to Inmate MARTIN to remove the noose. The inmate did not comply and climbed up to the top bunk and sat on the top bunk, facing the adjacent wall. I continued to give orders to stop and remove the noose, but the inmate did not comply. Due to the threat of the inmate hanging himself, I activated my personal alarm, and opened the foodport in an attempt to spray the inmate with my Sabre 5.0. As soon as the foodport was opened the inmate jumped towards the foodport and

(Continued On Part C)

Inmate MARTIN is not a participant in the Mental Health Services Delivery System.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| D. Beatty, Correctional Officer | 12/11/07 | D2 Flr. Ofcr.#1 | S/M |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| M. TELLEZ Sgt | 12-12-07 | DATE _____ LOC. _____ | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☒ SERIOUS | A1 | 12/12/07 | Lt. N. Walter | ☐ HO ☐ SHO ☐ SC ☐ FC |

| COPIES GIVEN INMATE BEFORE HEARING | | | | |
|---|---|---|---|---|
| ☒ CDC 115 S07-11-0022R | BY: (STAFF'S SIGNATURE) ClOCRuñes | DATE 12/12/07 | TIME 0907 | TITLE OF SUPPLEMENT ① 115, ② 115-A, ③ photo |
| ☒ INCIDENT REPORT LOG NUMBER: MSP-DEN-07-06-0425 | BY: (STAFF'S SIGNATURE) ClOCRuñes | DATE 9/11/07 | TIME 0907 | BY (STAFF'S SIGNATURE) ④ photo/photos |

HEARING

Plea: NOT GUILTY.

Findings: Inmate MARTIN was found GUILTY of CCR 3005(c), specifically "Attempted Battery On A Peace Officer w/Use Of O.C." a Division "A1" offense. This finding is based on the preponderance of evidence presented at the hearing which does substantiate the charge. The evidence presented at the hearing includes: SEE CDC-115-C.

Disposition: Inmate MARTIN assessed 00 days forfeiture of credits in accordance with a Division "A1" offense due to the loss of time constraints during the original adjudication of this RVR (S07-06-0023).

Additional Disposition: Inmate MARTIN was counseled, warned and reprimanded.

Additional Disposition Mitigation: Recommended by Clinician, Dr. Burchard, Ph.D., Yes [ ] No [X]
CDI Agrees: Yes [X] No [ ]

Classification Referral: N/A.

| REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA | | | |
|---|---|---|---|
| ACTION BY: (TYPED NAME) T. Galby, Correctional Lieutenant | SIGNATURE | DATE 1/1/08 | TIME 045 |
| REVIEWED BY: (SIGNATURE) K. Jones, Captain | DATE 1-23-08 | CHIEF DISCIPLINARY OFFICER'S SIGNATURE B. Hedrick | DATE 2/16/08 |
| ☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | DATE 2/26/08 | TIME 1930 |

CDC 115 (7/88)

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**RULES VIOLATION REPORT - PART C**

PAGE _2_ OF _2_

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| E-67269 | MARTIN | S07-11-0022R | S.V.S.P. | 11/28/07 |

| ☐ SUPPLEMENTAL | ☐ CONTINUATION OF: | ☒ 115 CIRCUMSTANCES | ☐ HEARING | ☐ IE REPORT | ☐ OTHER |
|---|---|---|---|---|---|

reached both arms out in an attempt to grab my belt. I quickly jumped back and slammed the foodport closed by kicking it with my foot. As the foodport was closing, the door slammed on the inmate's hand before he could retrieve it back into the cell. The inmate's hand obstructed the foodport door from closing and the door remained open, and the I/M was still blocking the foodport. I sprayed my 5.0 around the face area and ordered the inmate to back away. The inmate complied and I was able to secure the foodport. When responding staff arrived I ordered the inmate to back-up to the foodport and submit to handcuffs. Inmate MARTIN complied. Sergeant Williams instructed the control booth officer to open the door. When the cell door was opened the inmate was escorted out of his cell by Officer Shaffer and Officer Sanchez. The inmate was evaluated by medical staff without further incident. The noose was gathered as evidence and placed in locker #9.

FINAL COPY C/c J. RIVERAS

2/12/08 1930

D. Peatty, Correctional Officer

SIGNATURE OF WRITER

| | DATE SIGNED |
|---|---|
| | 12/11/07 |

GIVEN BY: (Staff's Signature)

| | DATE SIGNED | TIME SIGNED |
|---|---|---|
| ☒ COPY OF CDC 115-C GIVEN TO INMATE | 12/12/07 | 0917 |

CDC 115-C (5/95)

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
**RULES VIOLATION REPORT - PART C**
PAGE___OF___

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|

| ☐ SUPPLEMENTAL | ☐ CONTINUATION OF: | ☐ 115 CIRCUMSTANCES | ☐ HEARING | ☐ IE REPORT | ☐ OTHER_____ |

Hearing: ........    Time: ....    Any Postponement Explained: .....

**Inmate's Health:** ........................................ **MHSD:** Inmate ..... **is not** a participant in the mental health services delivery system. However, a mental health assessment was requested by the hearing on .........., and revealed the following:

1) ...........................................................................
A: ....... "Inmate reported that this command was a culmination of previous conditions in which the inability of "inmate reported that incident report was fabricated." Inmate appears overall understanding surprised.

2) In your opinion, did the inmate's mental disorder power to contribute to the behavior that is in the issue with
A: ... Inmate is not diagnosed with a mental disorder nor does it present with symptoms of .......

3) If the inmate is found guilty of the offense, are there any mental health factors that the Hearing Officer should consider in assessing the penalty?
A: No. However, inmate not in MHSDS.

The results of the assessment indicate that it does not appear the conduct resulting in the ....... have been influenced by mental illness.

**Re-Issue/Re-Hear Order Date:** ....    **Re-Issue/Re-Hear RVR copy issued on:** .....
Hearing started on: ......    Last document issued to inmate on: ........
I.E. postponed order: ...    CDC results issued under hearing.

**Time Constraints:** Inmate ..... was provided a copy of the Re-Issue/Re-Hear RVR within .. days of the order by the Chief Disciplinary Officer. The hearing was held within .. days of his ..... The inmate was provided a copy of the Re-Issue/Re-Hear RVR. However, no credit loss is being assessed due to the loss of time constraints order per additional application of the .....

**Staff Assistant:** On ......, Correctional Officer ., ., was assigned as Staff Assistant and was present at the hearing and confirmed interviewing Inmate ..... 24 hours prior to the hearing. The Staff Assistant also confirmed explaining the hearing procedure, Disciplinary charge and disposition evidence to Inmate .....

**Investigative Employee:** On ......, Correctional Officer ., ., ..... was assigned as the Investigative Employee.

**D.A. Referral:** This matter was referred to the District Attorney for possible criminal prosecution. Inmate .... did not request his hearing be continued, and given the outcome of the D.A. referral, as documented in original memo to the ..........., dated .........., Inmate ..... was advised by this officer at the time of the hearing that no credit loss would be assessed for the Disciplinary charges due to a.... criminal charge no matter in reference to the same criminal matter the .........  Inmate ..... elected to proceed with the hearing despite the pending referral. The matter of the referral is **still pending.**

(Continued On Part C)

| | SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|---|

| ☐ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |

CDC 115-C (5/95)                                                                 OSP 99 25082

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

**RULES VIOLATION REPORT - PART C**
PAGE ___ OF ___

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
|  |  |  |  |  |

| ☐ SUPPLEMENTAL | ☐ CONTINUATION OF: | ☐ 115 CIRCUMSTANCES | ☐ HEARING | ☐ IE REPORT | ☐ OTHER_____ |

Evidence Requested: _____ Rebuttal/Outside Evidence _____ Video Tape Evidence: _____

Inmate Plea and Statement: _____

Witnesses Requested: _____

_____

Witness Testimony at Hearing: _____

**Q:** _____
**A:** Yes.

**Q:** _____
**A:** Yes.

**Q:** _____
**A:** Yes, I do.

**Q:** _____
**A:** _____

**Q:** _____
**A:** _____

**Q:** _____
**A:** _____

**Q:** _____
**A:** _____

**Q:** _____
**A:** _____

(Continued on Part C)

| | SIGNATURE OF WRITER | DATE SIGNED |
|---|---|---|
| | | |
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |

CDC 115-C (5/95)

OSP 99 25082

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS
**RULES VIOLATION REPORT - PART C**                                                   PAGE ___ OF _5_

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| | | | | |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☒ HEARING  ☐ IE REPORT  ☐ OTHER_____

(Officer Beatty's Witness Testimony Continued)

Q: _____
_____
A: __.

Q: _____
_____
A: _____ it from my swing.

Q: _____
_____
A: Yes.

Q: _____
_____
A: I didn't violate _____

Q: _____
A: Yes.

Q: _____
A: Before.

Q: _____
A: I don't know.

No further questions were asked of Officer Beatty.

Confidential Information: ___.

Findings: Inmate _____ is found **GUILTY** of _____
_____

A: _____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

| (Continued On Part C) | SIGNATURE OF WRITER | DATE SIGNED |
|---|---|---|
| | | |
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |

CDC 115-C (5/95)                                                          OSP 99 2508

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS
**RULES VIOLATION REPORT - PART C**                                    PAGE ___ OF ___

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
|  |  |  |  |  |

| ☐ SUPPLEMENTAL | ☐ CONTINUATION OF: | ☐ 115 CIRCUMSTANCES | ☐ HEARING | ☐ IE REPORT | ☐ OTHER____ |

(Findings Continued)

Re: ...

**Conclusion:** ...

**Appeal Rights:** ...

| | | SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|---|---|
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |

CDC 115-C (5/95)                                                        OSP 99 25082





JUDGE COPY

Dr.
Needs to be posted     ORIGINAL

1
2
3
4
5
6
7

# E-filing

8      IN THE UNITED STATES DISTRICT COURT



9      FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11      RUSSELL MARTIN,

CV 08   4067

12           Plaintiff,

NOTICE TO PRO SE PLAINTIFF RE:
EARLY SETTLEMENT PROGRAM

13
        vs.

14      M.S.EVANS, WARDEN. et al,



15

16           Defendants.

17   1.   Is the "Pro Se Prisoner Early Settlement Program" affiliated with Department of

18        Corrections and thus biased against me?

19        No. The program is named the "Pro Se Prisoner Early Settlement Program" because it

20        deals with civil lawsuits that arise from events that occurred at California State Prisons

21        located in the jurisdiction of the Federal Court for the Northern District of California.

22        United States Magistrate Judge Nandor Vadas was appointed by Judge Henderson

23        (not by the California Department of Corrections and Rehabilitation or any prison

24        official) to hear cases referred to the Pro Se Prisoner Early Settlement Program, and he is

25        neutral and independent.

26   2.   What is a "stay"?

27        A stay essentially puts your case on hold while the Court determines an issue; a

28



**United States District Court**
For the Northern District of California

1    stay does not end or dispose of your case.

2    3.    What rights am I waiving if I participate in the Pro Se Prisoner Early Settlemen

3    Program?

4    None. If the Court grants a motion to refer the case to the Pro Se Prisoner Early Settlement

5    Program, the parties still retain their rights as to the federal civil lawsuit. If settlement

6    negotiations do not resolve the lawsuit, then the parties go back to litigating the case through

7    dispositive motions (such as a motion for summary judgment or motion to dismiss) or trial.

8    4.    Will I get a quicker decision if I agree to participate in the Pro Se Prisoner Early

9    Settlement Program rather than strictly maintain my federal lawsuit?

10   Yes. The Pro Se Prisoner Early Settlement Program is designed to resolve cases more

11   quickly and easily. In fact, the settlement conference generally must occur within 45 days o

12   the Defendants requesting representation from the Attorney General's Office or the Attorney

13   General's first appearance on their behalf.

14   5.    How does the Pro Se Prisoner Early Settlement Program work?

15   Settlement is a flexible, non-binding, confidential process in which a neutral

16   person (Judge Vadas) facilitates settlement discussions. The settlement judge improves

17   communication between the parties, helps parties articulate their interests and

18   understand those of their opponent, probes strengths and weaknesses of each

19   party's legal positions, identifies areas of agreement, and helps generate options for a

20   mutually agreeable resolution of the case. During the settlement conference, you, as a pro se

21   plaintiff, will get an opportunity to speak directly to the Court (Magistrate Judge Vadas) and

22   Defendants' counsel. Since there is a stay of the briefing schedule, all you have to do in the

23   meantime is prepare for the settlement conference, instead of replying to Defendants'

24   dispositive motions.

25   Dated:  1/31/07

26                                          NANDOR J. VADAS
                                            United States Magistrate Judge
27                                          Northern District of California

28                                          2

*(left margin, vertical)* United States District Court
For the Northern District of California



UNITED STATES POSTAGE
PITNEY BOWES
02 1M          $ 05.20⁰
0004214248      AUG 21  2008
MAILED FROM ZIP CODE 95843

OFFICE OF THE CLERK, U.S. DISTRICT COURT
   NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVENUE
SAN FRANCISCO, CALIFORNIA
                    94102

RUSSELL MARTIN E-67269
A1-135
MULE CREEK STATE PRISON
P.O. BOX 409099
IONE, CALIFORNIA    95640

NORTHERN DISTRICT OF CALIFORNIA
CLERK, U.S. DIST. CT. COURT
RICHARD W. WIEKING

AUG 2 9 2008

RECEIVED

LEGAL MAIL ONLY

8/19/08