UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| RUSSELL MARTIN, | No. C 08-4067 JW (MEJ) |
| Plaintiff, | **ORDER RE: DISCOVERY DISPUTE (DKT. #84)** |
| v. | |
| M.S. EVANS, et al., | |
| Defendants. | |

## I. INTRODUCTION

Before the Court is a joint discovery dispute letter filed on March 9, 2012 by Plaintiff Russell Martin and non-party Salinas Valley State Prison ("SVSP"). Joint Letter, Dkt. No. 84. In the letter, Martin seeks disclosure of documents that he requested pursuant to a subpoena sent to SVSP. Specifically, Martin seeks disclosure of an Office of Internal Affairs report regarding a June 28, 2007 incident that took place while Martin was incarcerated at SVSP. Martin also seeks disclosure of five complaints previously filed against Defendant D. Beatty by other inmates involving allegations of excessive force. Upon review of the parties' letter and relevant legal authority, the Court ORDERS as follows.

## II. BACKGROUND

Martin commenced this prisoner civil rights action on August 26, 2008. Compl., Dkt. No. 1. Martin seeks damages and injunctive relief under 42 U.S.C. § 1983 against prison officials for violation of his First and Eighth Amendment rights. *Id.*, ¶¶ 28, 33, 42. While incarcerated by the California Department of Corrections and Rehabilitation ("CDCR") at SVSP, Martin avers Beatty, a correctional officer at SVSP, used excessive force on June 28, 2007 when he allegedly pepper

sprayed and slammed a food port on Martin's fingers. *Id.*, ¶ 15. Martin also claims that Beatty and Defendant R. Roccella, Beatty's supervisor, retaliated against him by falsely charging Martin with attempted battery on a peace officer after Martin filed a grievance regarding his mistreatment on June 28, 2007. *Id.*, ¶ 29. According to Martin, he was punished with at least nine months of solitary confinement as a result of Defendants' false charges. Mot. to Compel at 3, Dkt. No. 62. Pursuant to the Court's December 18, 2008 Order, all named Defendants, except Beatty and Roccella, were dismissed from this lawsuit. Dkt. No. 36.

On or about May 9, 2011, Martin served SVSP with a subpoena pursuant to Federal Rule of Civil Procedure ("Rule") 45(c)(2)(B)(I) seeking, inter alia, production of internal affairs documents related to allegations, investigations, and inmate/parolee appeal forms filed against Beatty involving excessive use of force. Mot. to Compel, Ex. 1 at 24-25. Martin's subpoena also sought a protective order governing confidentiality of documents pursuant to Rule 26(c)(1). Mot. to Compel at 1. Although SVSP produced some documents, it withheld an Office of Internal Affairs report regarding the June 28, 2007 incident and five prior complaints filed by other inmates against Beatty alleging excessive force. *Id.* at 3. SVSP raised several objections in support of its Motion to Quash Martin's subpoena and has offered to produce the documents in question under its own proposed protective order should this Court overrule SVSP's objections. Martin, however, argues that SVSP is withholding discoverable documents based on meritless objections and that good cause exists to issue a protective order under the terms set forth by Martin, which he believes will address all confidentiality concerns that SVSP asserts.

### III. DISCUSSION

In their Joint Letter, Defendants seek to prevent the disclosure of Martin's report and the five prior inmate complaints in response to Martin's subpoena. The parties have agreed to all but three provisions of a proposed protective order should the Court order disclosure of the subpoenaed documents.

**A.    Legal Standard**

In general, the "[p]arties may obtain discovery regarding any nonprivileged matter that is

2

1 relevant to any party's claim or defense – including the existence, description, nature, custody,
2 condition, and location of any documents or other tangible things and the identity and location of
3 persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). A party is permitted to
4 conduct discovery "encompassing any matter that bears on, or that reasonably could lead to other
5 matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v.*
6 *Sanders*, 437 U.S. 340, 351 (1978) (internal quotation marks and citations omitted). Under Rule 45,
7 any party may serve a subpoena commanding a non-party to give testimony or produce documents.
8 Fed. R. Civ. P. 45(a)(1)(c).

**B.      Application to the Case at Bar**

Here, there appears to be no dispute at to the relevancy of Martin's requests. Accordingly, the Court's analysis shall focus on SVSP's privilege and privacy objections.

1.      Official Information Privilege

SVSP contends that Martin's motion to compel disclosure of the June 28, 2007 investigation report and the five inmate complaints should be denied based on the official information privilege and the privacy rights belonging to SVSP and other third parties. Martin, however, contends that the official information privilege is inapplicable and that SVSP fails to explain why a protective order would not protect any alleged privacy concerns.

Ordinarily, a "party asserting an evidentiary privilege has the burden to demonstrate that the privilege applies to the information in question." *Tornay v. United States*, 840 F.2d 1424, 1426 (9th Cir. 1988) (citing *United States v. Hirsch*, 803 F.2d 493, 496 (9th Cir. 1986); *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) (explaining that "the party opposing disclosure has the burden of establishing that there is good cause to continue the protection of the discovery material"). "Federal common law recognizes a qualified privilege for official information." *Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995) (citing *Kerr v. U.S. Dist. Ct. for the N. Dist. of California*, 511 F.2d 192, 198 (9th Cir. 1975)). Under this privilege, internal affairs investigative materials and government personnel records may be protected from disclosure. *Id.* at 623. "In determining what level of protection should be afforded by this privilege,

courts conduct a case by case balancing analysis, in which the interests of the party seeking discovery are weighed against the interests of the governmental entity asserting the privilege." *Id.* (citing *Kelly*, 114 F.R.D. at 660); *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1990) (*cert denied*), 502 U.S. 957 (1991)). "In the context of civil rights suits against police departments, this balancing approach should be moderately pre-weighted in favor of disclosure." *Soto*, 162 F.R.D. at 613 (internal quotation marks omitted). "A general claim of harm to the public interest would not be sufficient to overcome the burden placed on the party seeking to shield material from disclosure." *Id.*

Furthermore, a party asserting the privilege must properly invoke the privilege by making a "substantial threshold showing":

> In order to fulfill the threshold requirement, the party asserting the privilege must submit a declaration or affidavit from a responsible official with personal knowledge of the matters to be attested to in the affidavit. The affidavit must include: "(1) an affirmation that the agency generated or collected the material in issue and has maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and (5) a projection of how much harm would be done to the threatened interests if disclosure were made."

*Id.* (quoting *Kelly*, 114 F.R.D. at 669-70).

In *Soto*, the plaintiff brought a civil rights action under 42 U.S.C. § 1983 for the alleged use of excessive force by police officers while arresting him at his home. *Id* at 608-09. The plaintiff sought the production of police department internal affairs records, including the officer-defendants' personnel files and citizen complaints. *Id.* at 609. The responding parties asserted that disclosure of internal affairs documents, including statements by police officers and witnesses, would discourage "frank discussions" for use in developing new or modified policies and procedures related to the defendants' internal affairs investigative system. *Id.* at 614. The Court found that defendants failed to meet the third element of the threshold test because "a general assertion that a police department's internal investigatory system would be harmed by disclosure of the documents is insufficient to meet the threshold test for invoking the official information privilege." *Id.* at 613-14 (internal quotation

marks omitted). This Court also found that defendants had "not met the fourth requirement of the threshold test because they have failed to address how disclosure, under a carefully crafted protective order, would create a substantial risk of harm to significant government interests." *Id.* at 614. The Court explained that "[t]he use of a carefully drafted protective order, under which only Plaintiff and his lawyer have access to the material, substantially reduces the confidentiality interests asserted by Defendants." *Id.* (citations omitted). *Id.* Lastly, this Court explained that defendants had not meet the fifth element of the threshold test because they "failed to give a projection of how much harm would be done to those interests if disclosure occurred." *Id.* Since the defendants had "not met their burden for invoking the official information privilege," this Court ordered that the defendants produce the requested documents subject to a protective order. *Id.*

In the case at bar, SVSP submitted declarations by Correctional Lieutenant J. Celaya and Appeals Coordinator E. Medina in support of its claim that the requested documents are privileged. Joint Letter, Ex. 2, Ex. 3. In their declarations, Celaya and Medina attest that the June 28, 2007 incident report and the five inmate complaints were collected and confidentially maintained by SVSP. *Id.*, Ex. 2 at 2-3, Ex. 3 at 2-3. Both Celaya and Medina attest that they personally reviewed the report and the five inmate complaints. *Id.* The Court finds that these declarations satisfy the first two elements of SVSP's threshold requirement. Moreover, unlike *Soto*, the Court finds that SVSP has satisfied the third element by providing a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material. Celaya and Medina state that disclosure of the report and the complaints "would jeopardize the safety of individuals whose names appear on the documents;" "chill the flow of information provided by witnesses, victims, and informants;" and "hinder Salinas Valley's ability to control the private and privileged nature of this type of inquiry." *Id.*

Similar to *Soto,* however, SVSP has not met its burden as to the fourth and fifth elements. SVSP claims that a protective order "is inadequate to ensure that inmates will not learn of the information inadvertently through their lawyer, their lawyer's staff, or their lawyer's representatives." *Id.*, Ex. 2 at 3. According to SVSP, "there is simply no way for a protective order

to guarantee that the information will not make its way into the inmate population, and the potential harm is too severe to risk." *Id.* However, as discussed above, courts have customarily held that a carefully crafted protective order, under which only the plaintiff and his lawyer have access to the material, substantially reduces the confidentiality interests asserted by the party resisting discovery. *See, e.g., Soto,* 162 F.R.D. at 614; *Kelly*, 114 F.R.D. at 662, 666, 671; *Chism v. Cnty. of San Bernadino*, 159 F.R.D. 531, 535 (C.D. Cal. 1994) (endorsing use of protective order to keep internal use-of-force tactics secret); *Hampton v. City of San Diego*, 147 F.R.D. 227, 231 (S.D. Cal. 1993) (endorsing use of protective order to protect privacy interests of police officers); *Miller v. Pancucci*, 141 F.R.D. 292, 301 (C.D. Cal. 1992) (encouraging the use of well tailored protective orders in discovery of police files). Moreover, this District's model protective order for standard litigation, available on the Court's website, addresses the concerns raised by SVSP, protecting not only protected material, "but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material." Such protective orders are binding on all the parties once ordered by the district court and failure to abide by the terms of the protective order may result in the imposition of sanctions. Thus, this Court is satisfied that a carefully crafted protective order will address SVSP's concerns. Moreover, SVSP is silent as to any projection of how much harm would be done to the threatened interests if disclosure were made, and therefore fails to meet its burden regarding the fifth element. Thus, the Court finds that SVSP has not met its burden for invoking the official information privilege.

Even if SVSP had made a substantial threshold showing, SVSP does not overcome the pre-weighted balancing test in favor of disclosure. To be clear, the potential for harm, even within the anti-snitch culture present in the prison context,[1] does not the outweigh the strong public policy in

---

[1] SVSP argues that *Kelly* and its progeny of cases do not address the prison "snitch" culture or its effect on the official information privilege, and is therefore inapplicable to the case at bar. Joint Letter at 6. The "anti-snitch" culture present in the prison context, however, raises similar enough governmental concerns to subject Martin's request for the report and the five inmate complaints to a *Kelly* test analysis. Furthermore, the burden is on SVSP, and not Martin, to demonstrate that the privilege applies to the information in question, which SVSP has not met here. *Tornay*, 840 F.2d at 1426.

favor of uncovering civil rights violations. Notably, Martin is unable to acquire a copy of the investigation report by any other means because SVSP is the only agency that has a copy of the report. Joint Letter at 4. Nevertheless, "[f]ederal courts are not insensitive to privacy [rights] that arise in discovery matters . . . but these rights must be balanced against the great weight afforded to federal law in civil rights cases against corrections officials." *Ibanez v. Miller*, 2009 WL 1706665, at *3 (E.D. Cal. June 17, 2009) (citing *Soto*, 162 F.R.D. at 613). Thus, recognizing the privacy rights of the witnesses in the reports, as well as the potential for harm to these witnesses, the Court finds it appropriate to permit SVSP to redact the names, prisoner identification numbers, and any other identifying information for witnesses who are not a party to this action.

### 3. Attorney-Client Privilege

SVSP also objects to the production of the documents based on the attorney-client privilege. Ordinarily, "[t]o properly claim attorney-client privilege, the claimant must specifically designate and describe the documents claimed to be within the scope of the privilege and to be reasonably precise in stating the reasons for preserving their confidentiality." *United States v. Osborn,* 561 F.2d 1334, 1339 (9th Cir. 1977). Boilerplate objections are improper and amount to "no claim of privilege at all." *Miller*, 141 F.R.D. at 302 (internal citations omitted); *Clarke v. Am. Commerce Nat. Bank*, 974 F.2d 127, 129 (9th Cir. 1992). "It is not uncommon for courts to require parties asserting privilege claims to create indexes identifying the privileged documents and specifying the basis for the privilege." *Id.* Here, SVSP failed to properly invoke the attorney-client privilege because it neither designated the reports within the scope of the privilege nor described the reasons for preserving the report under the privilege. To be sure, SVSP makes no mention of it in its privilege log or the Joint Letter. This Court, therefore, finds no basis to sustain SVSP's objection based on attorney-client privilege.

### 4. Work-Product Doctrine

SVSP also objects to disclosure of the report on the grounds that the report is subject to the work-product doctrine. Typically, the work-product doctrine "does not apply to information collected or communications made in the normal course of business." *Kelly*, 114 F.R.D. at 659

7

(citing *Hickman v. Taylor*, 329 U.S. 495 (1947)). "It applies only to material generated primarily for use in litigation, material that would not have been generated but for the pendency or imminence of litigation." *Id.* Here, aside from raising the objection in its response to Martin's subpoena, SVSP fails to demonstrate how the reports were generated primarily for use in litigation or collected outside the regular course of business. SVSP does not claim that the report contained legal opinions or reflected mental impressions as set forth in Rule 26(b)(3)(B). SVSP's work-product objection is, therefore, overruled.

      5.      Protective Order

Finally, as stated above, the parties have agreed to all but three provisions of a proposed protective order. Upon review of the parties' arguments, the Court finds that SVSP has failed to establish that the terms of the Court's model protective order do not provide the needed protection in this case. Accordingly, SVSP's objections to the three provisions addressed in the parties' letter are DENIED.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby ORDERS the following:

1. Martin's request for production of the investigation reports is GRANTED. SVSP is ordered to produce to Martin's counsel redacted copies of the reports under a protective order in accordance with this order.
2. SVSP's objections to the three provisions in the model protective order are DENIED.

**IT IS SO ORDERED.**

Dated: May 23, 2012

Maria-Elena James
Chief United States Magistrate Judge