SETH L. NEULIGHT, State Bar No. 184440
sneulight@nixonpeabody.com
MATHEW J. FRANKEL, State Bar No. 256633
mfrankel@nixonpeabody.com
ALEXANDRA DEVENDRA, State Bar No. 278048
adevendra@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center, 18th Floor
San Francisco, California 94111-3600
Telephone:     (415) 984-8200
Facsimile:     (415) 984-8300

Attorneys for Plaintiff
RUSSELL MARTIN


ROBERT A. BARTON, Inspector General
JAMES C. SPURLING, State Bar No. 109432
Chief Counsel
3927 Lennane Drive, Suite 220
P.O. Box 348780
Sacramento, CA 95834
Telephone: (916) 830-3600
Fax: (916) 928-5996
spurlingj@oig.ca.gov

Attorney for Non-Party
CALIFORNIA OFFICE OF THE INSPECTOR GENERAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RUSSELL MARTIN, <br><br> Plaintiff, <br><br> v. <br><br> M. S. EVANS, *et al.*, <br><br> Defendants. | Case No. C 08-4067 JW-MEJ <br><br> **STIPULATION AND [~~PROPOSED~~] ORDER REGARDING PRODUCTION OF DOCUMENTS BY NON-PARTY CALIFORNIA OFFICE OF THE INSPECTOR GENERAL** <br><br> **[Local Rule 7-11; Fed. R. Civ. P. 26, 45.]** |

1 | Pursuant to Local Rule 7-11 and Rules 26 and 45 of the Federal Rules of Civil Procedure, Plaintiff Russell Martin ("Martin") and non-party California Office of the Inspector General ("OIG"), by and through their respective counsel, hereby stipulate and request that the Court enter an order as follows:

WHEREAS, on or about March 21, 2012, Martin, through counsel, issued a subpoena to OIG seeking certain categories of documents in connection with discovery in this litigation (the "Subpoena");

WHEREAS, on or about April 4, 2012, OIG served responses to that subpoena and objected to the production of documents based, *inter alia*, on grounds of confidentiality, official information, and California statutory protections for documents in OIG's possession, and OIG produced a privilege log listing all responsive documents that were being withheld on these bases;

WHEREAS, on May 23, 2012, the Court (Magistrate Judge James) entered a discovery order resolving disputes arising from Martin's subpoena requests to non-party Salinas Valley State Prison ("SVSP") that were substantially similar to the subpoena requests issued to OIG, which order held that the documents requested by Martin from SVSP were discoverable pursuant to a protective order containing terms agreed to by the counsel for the parties and as instructed by the Court;

WHEREAS, on May 31, 2012, the parties, through counsel, submitted a compliant proposed stipulated protective order, and on June 5, 2012, the Court entered that protective order ("Protective Order");

WHEREAS, in light of these orders, on or about June 7, 2012, Martin's counsel sent a letter to OIG's counsel seeking to meet and confer about OIG's production of documents responsive to Martin's subpoena that had been withheld by OIG;

WHEREAS, Martin's counsel and OIG's counsel discussed the issue by telephone on June 15, 2012, and OIG's counsel agreed that, in light of the May 23 discovery order, the OIG would be willing to produce them subject to the Protective Order and to entry of a separate stipulation by which:

   (A) OIG would reserve and not waive any and all rights to object to the disclosure or production of these or any other documents in its possession, custody, or control in connection with any other matter or proceeding;

   (B) The documents responsive to the Subpoena would be produced only subject to the terms of the Protective Order, would not be disclosed or used outside of this litigation or for any purpose other than this litigation; and

   (C) Production of the documents responsive to the Subpoena would occur only pursuant to entry of this stipulation as an order and that such production would not in the future be construed as a waiver of the OIG's legal right and authority to conduct confidential reviews of the California Department of Corrections and Rehabilitation ("CDCR") or its processes, policies, practices or procedures.

THEREFORE, it is hereby stipulated and, subject to the Court's approval, ORDERED that:

1. OIG shall produce all documents in its possession, custody, or control that are responsive to the Subpoena within fourteen (14) days of the date this order is entered.

2. OIG's production pursuant to paragraph 1, above, shall be subject to all terms and conditions of the Protective Order, including without limitation any confidentiality designation(s) OIG may make consistent with the Protective Order;

3. OIG's production pursuant to paragraph 1, above, shall be without prejudice to its ability to object to the disclosure or production of the documents to be produced pursuant to paragraph 1, and/or any other documents, in connection with any other matter or proceeding.  OIG expressly reserves any and all rights that it may have to refuse or object to production of documents except as expressly required by this order.  OIG's production of documents pursuant to this order shall not waive any objection or privilege it may assert in response to a request to produce or disclose of such documents, and/or any other documents, in connection with in any other matter or proceeding.

4. Documents produced by OIG pursuant to paragraph 1, above, shall not be disclosed or used outside of this litigation or for any purpose other than this litigation.

5.   OIG's production pursuant to paragraph 1, above, shall not be deemed or construed as a waiver of its legal right and authority to conduct confidential reviews of the CDCR or its processes, policies, practices or procedures.

IT IS SO STIPULATED.

Dated: August 29, 2012                    NIXON PEABODY LLP

                                          By: */s/ Matthew J. Frankel*

                                               Attorneys for Plaintiff
                                               RUSSELL MARTIN

Dated: August 29, 2012                    ROBERT A. BARTON
                                          INSPECTOR GENERAL

                                          By: */s/ James C. Spurling*
                                               Chief Counsel

                                               Attorneys for Non-Party
                                               CALIFORNIA OFFICE OF THE
                                               INSPECTOR GENERAL

### GENERAL ORDER 45 SUBSECTION (X)(B) ATTESTATION

I hereby attest that concurrence in the filing of the document has been obtained from James C. Spurling.

                                          */s/ Matthew J. Frankel*

PURSUANT TO STIPULATION, AND GOOD CAUSE APPEARING, IT IS SO ORDERED.

DATED: September 5, 2012                  _____
                                          Hon. Maria-Elena James
                                          Chief United States Magistrate Judge

14043416.4

---

**STIPULATION AND [PROPOSED] ORDER REGARDING PRODUCTION OF DOCUMENTS BY NON-PARTY CALIFORNIA OFFICE OF THE INSPECTOR GENERAL**